IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H. D. Massengale, et al, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Case No. 1:05-CV-00189-CAM |
| | * |
| Victor Hill, et al, | * |
| | * |
| Defendants. | * |

## CONSENT ORDER

COMES NOW the Plaintiffs and Defendant Victor Hill, by and through their respective counsel of record, Harlan S. Miller, III and John C. Stivarius, Jr, respectively, and herein submits this Consent Order for the Court replacing the Court's February 18, 2005 Order upon the following terms and shows as follows:

The subject parties have agreed upon a compromise in regards to Defendant Hill's notice of appeal of the February 18, 2005 Order and the Motion for Contempt filed by the parties. As such the parties seek this Court's approval to have this Court replace the February 18, 2005 Order entered by this Court and replace it with the following language:

1.   The Court's Order of February 18, 2005 is vacated;

2. The Court's Show Cause Order on for Defendant Victor Hill on Plaintiff's Motion for Contempt is Vacated as moot, as Plaintiffs agree to, and hereby do, dismiss said Motion for Contempt without prejudice;

3.(a) Defendant Hill agrees to and shall maintain the current positions, pay and duties of the Plaintiffs still employed within the Sheriff's Office for a period of thirty (30) days, or until this Court completes a preliminary injunction hearing, whichever occurs first (i.e. what shall be referred hereafter as "the duration of this Order"). For the duration of this Order, the Plaintiffs holding the rank of Major agree to and shall wear their uniforms while on duty. Defendant Hill agrees that Holly Watkins shall be returned to her position as secretary under Plaintiff Bartlett for the duration of this Order.

(b) Defendant Hill shall be free and unencumbered to hire and fire any employee(s) at the level of correctional officer or below, including civilians.

(c) Defendant Hill shall petition the Court for an Order authorizing him to hire, fire, demote, promote, transfer or assign the employment status of the affected or prospective employee(s) above the rank of correctional officer (any sworn ranks not including correctional officers) for the duration of this Order; Plaintiffs shall be afforded the opportunity to respond to and/or oppose any such petition within three (3) business days of service of any such petition.

(d) The Parties agree to abide by the Rules and Regulations, policies and procedures (SOP) of the Clayton County Sheriff's Office while this Order is in effect. However, the Plaintiffs expressly challenge the constitutionality of Rules 7.47 and 7.48 in this litigation, and the parties agree that no perceived violation of any Sheriff's Office rule, regulation, policy, procedure or SOP shall be punishable as for contempt of court.

This Court having considered the Consent Order and the language therein, and for good cause shown, IT IS HEREBY ORDERED

1. The Court's Order of February 18, 2005 is vacated;

2. The Court's Show Cause Order on for Defendant Victor Hill on Plaintiff's Motion for Contempt is vacated as moot, as Plaintiffs have agreed to and hereby do dismiss their motion for contempt without prejudice.

3. (a) Defendant Hill shall maintain the current positions, pay and duties of the twenty-seven plaintiffs for a period of thirty (30) days, or this Court completes a preliminary injunction hearing, whichever occurs first (i.e. what shall be referred hereafter as "the duration of this Order"). The Plaintiffs holding the rank of Major shall wear their uniforms while on duty. Holly Watkins shall be returned to her position as secretary under Plaintiff Bartlett for the duration of this Order.

(b)  Defendant Hill shall be free and unencumbered to hire and fire any employee(s) at the level of correctional officer or below, including civilians.

(c)  Defendant Hill shall petition the Court for an Order authorizing him to hire, fire, demote, promote, transfer or assign the employment status of the affected or prospective employee(s) above the rank of correctional officer (any sworn ranks not including correctional officers) for the duration of this Order; and Plaintiffs shall be afforded the opportunity to respond to and/or oppose any such petition within three (3) business days of service of any such petition.

(d)  The Parties agree to abide by the Rules and Regulations, policies and procedures (SOP) of the Clayton County Sheriff's Office while this Order is in effect. However, the Plaintiffs expressly challenge the constitutionality of Rules 7.47 and 7.48 in this litigation, and the parties agree that no perceived violation(s) or infractions of any Sheriff's Office rule, regulation, policy, procedure or SOP shall be punishable as for contempt of court.

This 21st day of March, 2005.

_____<br>
UNITED STATES DISTRICT JUDGE<br>
CHARLES A. MOYE, JR.

- 5 -

CONSENTED TO:

*[signature]*

HARLAN S. MILLER, III
GA. Bar No.: 506709
Attorney for Plaintiffs
MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street
Suite 750
Atlanta. Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)

*[signature]*

JOHN C. STIVARIUS, JR.
GA. Bar No.: 682599
Attorney for Victor Hill
EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30327
(404)923-9000
(404) 923-9099 (fax)