LAW OFFICES

## MILLER, BILLIPS & ATES, P.C.

730 PEACHTREE STREET
SUITE 750
ATLANTA, GEORGIA 30308

(404) 969-4101 • (404) 969-4141 FAX
FIRM@MBALAWFIRM.COM

HARLAN S. MILLER
MATTHEW C. BILLIPS
DAVID C. ATES
ALYSA B. FREEMAN
MARNI K. BROWN

OF COUNSEL:
JOHNSON & BENJAMIN, LLP
TELEPHONE: (404) 969-4110

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

**MAR 29 2005**

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

March 28, 2005

**VIA FACSIMILE AND**
**UNITED STATES MAIL**
The Honorable Charles A. Moye, Jr.
Senior Judge
United States District Court
2342 Richard B. Russell Federal Building
75 Spring Street, S.W.
Atlanta, GA 30303-3309

> Re:    **Massengale et al v. Hill**
>       Civil Action File No. 1:05-CV-0189-CAM

Dear Judge Moye:

Consistent with this Court's instructions given during the conference held on March 17, 2005, I write to formally advise the Court of the outcome of the Superior Court of Clayton County's deliberations concerning the civil service status of employees in the Clayton County Sheriff's Office ("CCSO"). On Thursday, March 24, 2005, Judge Ben Miller ruled from the bench that CCSO employees are indeed covered by the Clayton County Civil Service Act, and that they have been so covered for 40 years. Once a written Order is entered, it will be immediately provided.

In light of this result (and Defendant Hill's inevitable retaliatory response thereto), the Plaintiffs would request that the Court set down a hearing on Plaintiffs' Motion for Preliminary Injunction at the earliest possible moment. The relief that Plaintiffs will seek at that time include:

> (1)    a broad prohibition barring any adverse action taken against any Plaintiff based on race, age or political association/belief, and barring the taking of any

MILLER, BILLIPS & ATES, P.C.

March 28, 2005
page 2

adverse action taken in retaliation against any of the Plaintiffs (for protesting against Hill's unlawful employment practices by way of filing EEOC charges or pursuit of this lawsuit), said prohibitions to include any and all adverse actions, including but not limited to firing, demotion, suspension, reprimand, transfer, shift and other schedule changes, diminished authority, responsibility or prestige, and/or harassing/intimidating/insulting/abusive conduct by or with the knowledge of Defendant Hill, said prohibition to require advance notice and approval of the court prior to the taking of any adverse action against any Plaintiff;

(2) continued prohibition of Defendant Hill's hiring or promoting any person in to "sworn" ranks above the rank of "Correctional Officer".

During the Preliminary Injunction hearing, Plaintiffs intend to present evidence demonstrating their likelihood of success on the merits of their legal claims against Defendant Hill, to-wit:

(1) Defendant Hill's racial, political and age based motivations in firing the Plaintiffs and replacing them with younger political supporters of different races;

(2) Defendant Hill's racial, retaliatory and political animus in demoting the sworn Peace Officer Plaintiffs to the rank of Correctional Officer and related misconduct prior to being held in Contempt of Court;

(3) Defendant Hill's retaliatory and punitive mistreatment of the Plaintiffs after Plaintiffs complained of Hill's unlawful employment practices and after Defendant Hill's being held in Contempt of Court and being forced to formally return Plaintiffs to their former positions; and

(4) Defendant Hill's retaliatory efforts to circumvent the rulings of this Court and the rulings of the Superior Court of Clayton County by way of installing, under the guise of lower ranked positions, a group of individuals, in whom Hill has in fact invested the authority, responsibility and prestige of the positions formally held by the Plaintiffs.

Unfortunately, due to the complexity and rapid-moving nature of the events at issue in this case, the hearing will likely require several days of the Court's time. As a result,

MILLER, BILLIPS & ATES, P.C.

March 28, 2005
page 3

Plaintiffs respectfully request, if the Court's schedule will allow, for the conference currently scheduled for April 12, 2005, be expedited. The objective of this request is to ensure that any Preliminary Injunction hearing begin prior to the expiration of the March 18, 2005 Order enjoining Defendant Hill from certain actions for a period of 30 days.

      Thank you for your time and consideration.

                         Sincerely,

                         Harlan S. Miller

HSM:jkm

cc:    Jack Hancock (via facsimile)
       John Stivarius (via facsimile)
       Ben Mathis (via facsimile)