

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 1 1 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H.D. MASSENGALE; WILLIAM T.       :
GLAZE; LARRY A. BARTLETT;         :
ROBERT L. MANN;                   :
MICHAEL R. COLLINS; THOMAS        :
D. WARD; GREG HARALSON;           :
STEPHANIE L. GLENN; BELINDA       :
A. LUMPKIN; MICHAEL G.            :
MADDOX; BRIAN C. CRISP; KIM       :
T. SMITH; LEIGH D. CASH;          :
GARLAND L.WATKINS; SAMUEL         :
W. SMITH; CHARLOTTE I. NELSON;    :
ANGELO DANIEL; MARC A.            :
JORDAN; JIMMY A. FALLINS;         :          CIVIL ACTION FILE
PERRY JOINER; LEONTYNE DANIEL;    :          NO.  1:05-CV-0189-CAM
PAUL E. BARNES; WILLIAM J.        :
WATSON; CONCHETA S.               :
RICHARDS; CARLOS GLENN;           :
VICTORIA ECKLER; JONATHAN         :
MANNING, JEFFREY MITCHELL;        :          **JURY TRIAL DEMANDED**
KELLY CLAIR; MARGARET HILL;       :
KIMBERLY MITCHELL;                :
MARGARET HILL; SHERRIE            :
MARTIN; HOLLY WATKINS,            :
and STAN OWEN,                    :
                                  :
          Plaintiffs,             :
                                  :
v.                                :
                                  :
VICTOR HILL,  Individ-            :
ually and in his official capacity as   :
Sheriff of Clayton County, Georgia;     :

-1-

WILLIAM T. CASSELLS,                             :
Individually and in his official capacity  :
as Chief Deputy of the Clayton County   :
Sheriff's Office; REGINALD                      :
LAMONT  LINDSEY                                  :
Individually and in his official capacity  :
as employee/agent of the Clayton           :
County Sheriff's Office; MARK J.            :
HARRIS,  Individually and in his official:
capacity  as employee/agent of the         :
Clayton County Sheriff's Office;            :
TIMOTHY HANNER, Individually and :
in his official: capacity as employee/agent:
of the Clayton County Sheriff's Office;   :
SHON HILL,  Individually and in his       :
official capacity as employee/agent of     :
the Clayton County Sheriff's Office;       :
JON ANTOINE, Individually and in his  :
official capacity as employee/agent of     :
the Clayton County Sheriff's Office; the :
CLAYTON COUNTY SHERIFF'S            :
OFFICE; JOHN DOES 1-5; JOHN           :
DOES 6-10; CLAYTON COUNTY,           :
GA.; and SONNY PURDUE, in his          :
Official Capacity As Governor Of The    :
State of Georgia,                                       :
                                                                 :
                  Defendants.                            :

## AMENDED AND SUBSTITUTED COMPLAINT

NOW COME the above-named Plaintiffs  and by agreement of the existing

parties, hereby submit their Amended and Substituted Complaint, adding additional

parties and legal claims  pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. §2000e; the Age Discrimination in Employment Act, 29 U.S.C. §621, 42 U.

S.C. §§1981, 1983 1985, and 1988, and 28 U.S.C. §2201, on the following grounds.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the matter pursuant to 28 U.S.C. §1331 and 1343.

2.

Venue in this district and division is proper under 28 U.S.C. §1391 as some or all of the Defendants are located in the Northern District of Georgia, Atlanta Division, and the unlawful conduct complained of herein occurred in this district and division.

## PARTIES: THE PLAINTIFFS

3.

Plaintiffs Massengale, Glaze, Bartlett, Mann, Collins, Ward, Haralson, S. Glenn, Lumpkin; Maddox, Crisp; K.Smith; Cash; G. Watkins; S. Smith; Nelson; A. Daniel; Jordan; Fallins; Joiner, L. Daniel; Barnes; Watson; Richards; C. Glenn; Eckler and Manning, were employed by Defendant Clayton County and/or by Defendant Hill in his Official Capacity as Sheriff Of Clayton County and/or by Defendant Clayton County Sheriff's Office ("CCSO") and/or by Defendant State of

Georgia, until they were summarily and involuntarily terminated without cause by

Defendant Hill acting in concert with Defendants Cassells, Lindsay; Harris, Hanner,

S. Hill, and Antoine, on January 3, 2005, acting in their roles as Officers, agents, and

employees of Defendant Hill in his Official Capacity as Sheriff of Clayton County,

and/or Clayton County, Georgia and/or the CCSO, and/or the State of Georgia.

4.

Plaintiff Jeffrey Mitchell held the rank of Lieutenant within the Clayton County

Sheriff's Office on January 3, 2005. He, like the Plaintiffs listed in Par. 3, was also

summarily fired on that day, but was for reasons unknown "unfired" the same day.

5.

Plaintiff H.D. Massengale is a white male, born on August 27, 1956. At the

time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO,

and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or

the State of Georgia, holding the position of Major within the CCSO. Massengale

was initially hired on August 23, 1975. Upon information and belief, Massengale

was initially replaced by a younger black individual (Defendant Shon Hill).

6.

Plaintiff William T. Glaze is a white male, born on September 13, 1953. At the

time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO,

and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Captain within the CCSO. Glaze was initially hired on May 28, 1976.

7.

Plaintiff Larry A. Bartlett is a white male, born on May 5, 1956. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County and/or the State of Georgia, holding the position of Major within the CCSO. Bartlett was initially hired on January 24, 1977. Upon information and belief, Bartlett was initially replaced by a younger, black person (Benita Wallace).

8.

The Plaintiff Robert L. Mann is a white male, born on March 18,1933. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Deputy Sheriff within the CCSO. Mann was initially hired in February of 1977.

9.

Plaintiff Michael R. Collins is a white male, born on September 2, 1950. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO,

and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia holding the position of Captain within the CCSO. Collins was initially hired on January 16, 1978.

10.

Plaintiff Thomas D. Ward  is a white male, born on October 25, 1958. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia holding the position of Lieutenant within the CCSO. Ward was initially hired on March 15, 1978.

11.

Plaintiff Greg Haralson is a white male, born on December 26, 1958. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Captain within the CCSO. Haralson was initially hired on October 1, 1979.

12.

Plaintiff Stephanie L. Glenn  is a black female, born on August 9, 1960. At the time she was fired, she was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or

the State of Georgia, holding a civilian administrative position within the CCSO. Glenn was initially hired on October 26, 1979.

13.

Plaintiff Belinda A. Lumpkin is a white female, born on October 19, 1949. At the time she was fired, she was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Deputy Sheriff within the CCSO. Lumpkin was initially hired on March 31, 1980.

14.

Plaintiff Michael G. Maddox is a white male, born on August 2, 1957. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia holding the position of Major within the CCSO. Maddox was initially hired on October 15, 1982.

15.

Plaintiff Brian Crisp is a white male, born on May 3, 1964. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Sergeant within the CCSO. Crisp was initially

hired in July of 1983.

16.

Plaintiff Kim T. Smith  is a black  male, born on May 18, 1963. At the time he

was fired, he was an employee of  Clayton County, Ga., and/or the CCSO, and/or

Defendant Hill in his official capacity as Sheriff of Clayton County,  and/or the State

of Georgia,  holding  the position of Lieutenant  within the CCSO.  Smith  was

initially hired on  September 1, 1985.

17.

Plaintiff Leigh D. Cash   is a white female, born on June 4, 1965. At the time

she was fired, she was an employee of Clayton County, Ga., and/or the CCSO, and/or

Defendant Hill in his official capacity as Sheriff of Clayton County,  and/or the State

of Georgia,  holding  the position of Lieutenant  within the CCSO.  Cash   was

initially hired on June 23, 1986.

18.

Plaintiff Garland Watkins  is a black  male, born on June 15, 1962. At the time

he was fired, he was an employee of  Clayton County, Ga., and/or the CCSO, and/or

Defendant Hill in his official capacity as Sheriff of Clayton County,  and/or the State

of Georgia,  holding  the position of  Lieutenant  within the CCSO.  Watkins was

initially hired in October of 1986.

-8-

19.

Plaintiff Samuel W. Smith   is a white male, born on September 3, 1959. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Captain within the CCSO. Smith was initially hired on February 12, 1987.

20.

Plaintiff Charlotte I. Nelson   is a black female, born on September 27, 1959. At the time she was fired, she was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Lieutenant within the CCSO. Nelson   was initially hired on March 31, 1987.

21.

Plaintiff Angelo Daniel   is a black male, born on September 5, 1963. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Captain within the CCSO. Daniel was initially hired on September 14, 1987. Plaintiff A. Daniel is married to Co-

Plaintiff Leontyne Daniel.

22.

Plaintiff Marc Jordan is a white male, born on June 13, 1966. At the time he was fired, he was an employee of Clayton County, Ga.,and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Deputy Sheriff within the CCSO. Jordan was initially hired in January of 1988.

23.

Plaintiff Jimmy Fallins is a white male, born on February 19, 1943. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Deputy Sheriff within the CCSO. Fallins was initially hired on October 28, 1988.

24.

Plaintiff Perry Joiner is a white male, born on August 18, 1962. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Lieutenant within the CCSO. Joiner was

initially hired in April of 1989.

### 25.

Plaintiff Leontyne Daniel is a black female, born on November 20, 1966. At the time she was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Lieutenant within the CCSO. Daniel was initially hired on January 15, 1996. Plaintiff Daniel is married to co-plaintiff Angelo Daniel.

### 26.

Plaintiff Paul Barnes is a white male, born on January 16, 1968. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia holding the position of Correctional Officer-Sergeant within the CCSO. Barnes was initially hired in June of 1999.

### 27.

Plaintiff William Watson is a white male, born on January 28, 1968. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or

-11-

the State of Georgia, holding the position of Deputy Sheriff within the CCSO.
Watson was initially hired on November 29, 1999.

28.

Plaintiff Concheta Richards is a black female, born on November 5, 1977. At
the time she was fired, she was an employee of Clayton County, Ga., and/or the
CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County,
and/or the State of Georgia, holding the position of Correctional Officer within the
CCSO. Richards was initially hired on April 2, 2001.

29.

Plaintiff Carlos Glenn is a black male, born on August 31, 1971. At the time
he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or
Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State
of Georgia, holding the position of Deputy Sheriff within the CCSO. Glenn was
initially hired on July 17, 2001.

30.

Plaintiff Victoria Eckler is a white female, born on November 23, 1977. At the
time she was fired, she was an employee of Clayton County, Ga., and/or the CCSO,
and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or

-12-

the State of Georgia, holding the position of Correctional Officer within the CCSO. Eckler was initially hired on October 10, 2001.

31.

Plaintiff Jonathan Manning is a white male, born on August 5, 1983. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Deputy Sheriff within the CCSO. Manning was initially hired on 10/10/02.

32.

Plaintiff Jeffrey Mitchell is a white male. At the time he was fired, he was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia holding the rank of Lieutenant within the CCSO.

33.

Plaintiff Kelly Clair is a white male. At all time relevant to this case, Plaintiff was an employee of Clayton County, and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the rank of Sergeant within the CCSO.

34.

Plaintiff Margaret Hill is a white female. At all times relevant to this action, Plaintiff Hill was an employee of Clayton County, and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the rank of Deputy Sheriff within the CCSO.

35.

Plaintiff Kimberly Mitchell is an Asian/African-American female. At all times relevant to this action, Plaintiff K. Mitchell was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia holding the rank of Deputy Sheriff within the CCSO.

36.

Plaintiff Sherrie Martin is a white female. At all time relevant to this action Plaintiff Martin was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the civilian position of Administrative Secretary within the CCSO.

37.

Plaintiff Holly Watkins is a white female. At all times relevant to this action, Plaintiff H. Watkins was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the civilian position of Administrative Secretary within the CCSO.

38.

Plaintiff Stan Owen is a white male. At all times relevant to this action, Owen was an employee of Clayton County, Ga., and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia, holding the position of Senior Chaplain within the CCSO.

## PARTIES: DEFENDANT HILL

39.

The Defendant Victor Hill assumed office as the elected Sheriff of Clayton County, Georgia, on January 1, 2005. Hill is a black male, age 40. Defendant Hill is sued both individually and in his Official Capacity as Sheriff of Clayton County. Defendant Hill has acknowledged service of the summons and complaint both as to the "individual capacity" and "official capacity" claims against him.

-15-

40.

Defendant Hill, named in his  Official Capacity as Sheriff Clayton County, is a "person" within the meaning of 42 U.S.C. §1981, 1983, and is a "person" and  an "employer" of the Plaintiffs within the meaning of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

41.

Legal actions against Defendant Hill in his "official capacity"  as Sheriff of Clayton County are the legal equivalent of suits against Clayton County, Georgia. See, Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476 (1994)(suits against Sheriff in official capacity are "in essence, claims against [the] County"); Ward v. Allstate Insurance, 265 Ga.App. 603, 595 S.E.2d 97 (2004)(suit against Deputy Sheriff "in his official capacity...would have acted as a suit against Houston County."); Smith v. Bulloch County, 261 Ga.App. 667, 583 S.E.2d 475 (2003)(suit against County employee in "official capacity is against the County..."); Soley v. Dodson, 256 Ga.App. 770, 569 S.E.2d 870 (2002)(suit against Deputy Sheriff "in his capacity as Deputy Sheriff seeks a recovery from the employing county"); Alexander v. Fulton County, 207 F.3d 1303, 1322 n.14 (11th Cir. 2000); ("plaintiffs' suit against Sheriff Barrett in her official capacity is the functional equivalent of suing the County");

-16-

Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999)("...because Wayne's official capacity claim against Jarvis is a claim against the County, his claim against the Sheriff's Office is redundant"); Seay v. Cleveland, 270 Ga. 64, 508 S.E.2d 159 (1998)(Sheriff's entitlement to defense of sovereign immunity dependent on whether *County* waived sovereign immunity defense); Anderson v. Cobb, 258 Ga.App. 159, 573 S.E.2d 417 (2002)(same); Standard v. Hobbs, 263 Ga.App. 873, 589 S.E.2d 634(same).

## PARTIES: OTHER INDIVIDUALLY IDENTIFIED NATURAL PERSON DEFENDANTS

42.

The Defendant William T. Cassells is a black male who has been appointed by Defendant Hill to the position of Chief Deputy of the Clayton County Sheriff's Office. Cassells is employed by Clayton County, Ga. and/or the CCSO, and/or Defendant Hill in his Official Capacity as Sheriff of Clayton County, and/or the State of Georgia.

43.

The Defendant Reginald Lamont Lindsay is a black male, who, upon information and belief has been appointed by Defendant Hill to an unspecified, high-ranking position within the Clayton County Sheriff's Office. Lindsay is a employed

by Clayton County, Ga. and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County and/or the State of Georgia.

44.

The Defendant Mark J. Harris is a black male, who, upon information and belief has been appointed by Defendant Hill to an unspecified, high-ranking position within the Clayton County Sheriff's Office. Harris employed by Clayton County, Georgia and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County and/or the State of Georgia.

45.

The Defendant Timothy Hanner is a white male, who, upon information and belief has been appointed by Defendant Hill to an unspecified, high-ranking position within the Clayton County Sheriff's Office. Hanner is employed by Defendant Clayton County, Ga. and/or the CCSO and/or Defendant Hill in his official capacity as Sheriff of Clayton County and/or the State of Georgia.

46.

The Defendant Shon Hill is a black male, who, upon information and belief was appointed by Defendant Hill to an unspecified, high-ranking position within the Clayton County Sheriff's Office. At all times relevant to this action Defendant S. Hill

-18-

was an employee of Clayton County, Georgia and/or the CCSO, and/or Defendant Hill in his official capacity as Sheriff of Clayton County, and/or the State of Georgia.

47.

The Defendant Jon Antoine is a black male, who, upon information and belief has been appointed by Defendant Hill to an unspecified, high-ranking position within the Clayton County Sheriff's Office. Antoine is employed  by Defendant  Clayton County, Ga. and/or the CCSO and/or Defendant Hill in his official capacity as Sheriff of Clayton and/or the State of Georgia. and/or of the State of Georgia.

48.

Defendants  Cassells, Lindsey, Harris, Hanner, S. Hill, and Antoine are sued both in their "individual" and "official" capacities, and have acknowledged service of the summons and complaint both as to the "individual" and "official" capacity claims against them.

49.

Defendants John Doe 1-5 are other individuals employed by, or acting on behalf of the CCSO and Clayton County, Ga., whose identities are  currently unknown, who also participated in the conspiracy detailed herein and/or personally participated in the other unlawful conduct detailed herein.

50.

Defendants John Doe  6-10 are other individuals not employed by CCSO whose identities are presently unknown, who also participated in the conspiracy detailed herein and/or who personally participated in the tortious and unlawful conduct described herein.   Upon information and belief, at least two other law enforcement officers from other jurisdictions (Dekalb County and Fulton County) were present and personally  participated for the mass firing and other misconduct which occurred on January 3, 2005, as described in detail herein.

## **PARTIES: PUBLIC ENTITY DEFENDANTS**

51.

The Defendant Sonny Purdue is the Governor of the State of Georgia. Defendant Purdue is sued solely in his official capacity as Governor of the State of Georgia. The State of Georgia, through Governor Purdue is named as a Defendant only because Defendant Hill has repeatedly and publicly asserted  that as a County Sheriff,  he is a "State Officer" (rather than a "County Officer")  and that County employees assigned to  the Clayton County Sheriff's Office ("CCSO") are "State" employees, a proposition with which Plaintiffs adamantly disagree and one  on which Plaintiffs seek clarification from this Court.   Defendant Purdue, in his official

-20-

capacity as Governor of the State of Georgia, is a "person" and an "employer" within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Purdue may be served with process at his business address of Office of the Governor Georgia State Capitol Atlanta, Ga. 30334.

## 52.

The Defendant Clayton County Sheriff's Office ("CCSO") is a public body or organization subject to an action within the meaning of O.C.G.A. §9-11-4, and is an "unincorporated association" within the meaning of Fed. R. Civ. P. 17(b)(1), and is a "person" and an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, and is therefore properly subject to suit. Based on his role as final policymaker and final decision maker with regards to all matters occurring within the CCSO, the CCSO is directly liable for the unlawful actions of Defendant Hill alleged herein. Defendant CCSO has acknowledged service of the Summons and Complaint.

## 53.

The Defendant Clayton County is a political subdivision of the State of Georgia and is subject to suits of this kind and nature. Defendant Clayton County is a "person" and "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and

-21-

the Age Discrimination in Employment Act. Defendant Clayton County has acknowledged service of the Summons and Complaint.

## PARTIES: LEGAL IDENTITY OF AND RELATIONSHIP
## BETWEEN THE DEFENDANTS

### 54.

The State of Georgia, named in this action through Governor Sonny Purdue, is a "State", and is not subject to suit for damages under 42 U.S.C. §§1981, 1983 or the ADEA based on the Eleventh Amendment to the United States Constitution. The State of Georgia, however, is subject to suit under §1983 for injunctive relief, is subject to an award of attorney's fees and costs of litigation under 42 U.S.C. §1988, and is subject to suit for damages, injunctive relief, and attorney's fees under Title VII of the Civil Rights Act of 1964.

### 55.

The Defendant Clayton County is one of 159 Counties in the State of Georgia. Pursuant to Georgia law, Clayton County, like all Georgia counties, is a body politic capable of suing and sued, and is not entitled to immunity from suit under the Eleventh Amendment.

### 56.

Pursuant to the Georgia Constitution and Georgia statutes, governmental

-22-

authority and functions within Georgia counties are typically vested in and spread across a number of County bodies, officers, agencies, and entities, including a legislative body commonly known as the "Board of Commissioners", also referred to as the governing authority. County Commissioners are, as a matter of law, "County Officers." Lucas v. Woodward, 240 Ga. 770, 243 S.E.2d 28 (1978).

57.

In addition to the Board of Commissioners, county government in Georgia is comprised of a number of other elected County Officers, including a Sheriff, a Clerk of Court, a Tax Commissioner, and a Probate Court Judge, through whom county business is conducted. Although such county officers function with reference to state matters, as well as county matters, they are not regarded as State officers. Truesdel v. Feeney, 186 Ga. 288, 197 S.E. 783 (1938).

58.

As Sheriff of Clayton County, Ga., Hill is a "County Officer" pursuant to the Georgia Constitution. Ga. Const. Art. IX, Sec. 1, Par. III. Employees Retirement System v. Lewis, 109 Ga.App.476, 136 S.E.2d 518 (1964); Deputy Sheriffs, too, are considered "officers" of the county. Black v. Catoosa County Sch. Dist, 213 Ga.App. 534, 445 S.E.2d 340 (1994).

59.

The unlawful actions of Defendant Hill described herein, including but not limited to personnel decisions (firings, demotions, discriminatory and retaliatory work assignments, transfers, and shift changes, and the deliberate creation of an openly hostile and dangerous work environment), were undertaken in his role as an elected Officer of Clayton County, Ga., and were not accomplished in connection with any "state" function.

60.

Elected County officers, including County Sheriffs, are not executive officers of the State. Houlihan v. Saussy, 206 Ga. 1, 55 S.E.2d 557 (1949); Truesdel v. Feeney, 186 Ga. 288, 197 S.E. 783 (1938);

61.

Sheriffs and their deputies are not considered "state" officials. Best v. State, 109 Ga.App. 553, 136 S.E.2d 496 (1964); Tostensen v. The State, 190 Ga.App. 423, 379 S.E.2d 9 (1989); White v. The State, 132 Ga.App. 62, 207 S.E.2d 577 (1974).

62.

Deputy sheriffs are deemed to be employed by the county in which such sheriff serves. O.C.G.A. §47-17-1.

-24-

63.

A deputy sheriff is not an employee of the sheriff, but is an employee of the county wherein he serves, and is merely appointed by the sheriff. Gay v. Healan, 88 Ga.App. 533, 77 S.E.2d 47 (1953).

64.

A deputy sheriff...is...not an employee of the sheriff in the sense in which the word is usually used and according to the customary signification given it. Johnson v. U.S. Fidelity & Guaranty Co, 93 Ga.App. 336, 91 S.E.2d 779 (1956).

65.

Under Georgia law, governmental entities are forbidden from bestowing gratuitous payments from taxpayer funds.

66.

The salaries of the Sheriff and his employees, including the Plaintiffs are paid by and from the funds of Clayton County, Ga. O.C.GA. §15-16-20; 48-5-220(5); §42-5-2(a).

67.

As County employees assigned to the Clayton County Sheriff's Office, Plaintiffs are, upon meeting certain eligibility requirements, entitled to receive a pension from funds

paid by Clayton County as their statutory employer, and are not eligible to receive the pension benefits received by State employees under the Employee Retirement System.

68.

Clayton County (not the State of Georgia nor the Sheriff of Clayton County), is Plaintiffs' statutory employer responsible for the payment of, and does pay, Worker's Compensation premiums on behalf of the Plaintiffs.

69.

Clayton County (not the State of Georgia nor the Sheriff of Clayton County), is responsible for the payment of, and does pay, Unemployment Insurance premiums on behalf of the Plaintiffs.

70.

Georgia counties are permitted to purchase liability insurance indemnifying county officers "against personal liability for damages arising out of the performance of their duties or in any way connected therewith, whether based upon negligence, violation of contract rights, or violation of civil, constitutional, common law, or other statutory, whether state, federal or local." O.C.G.A. §45-9-20.

71.

Georgia counties pay the attorney's fees of County officers where such officer

-26-

cannot be represented by the County attorney due to a conflict of interest. <u>Gwinnett</u> <u>County v. Yates</u>, 265 Ga. 504, 508, 458 S.E.2d 791 (1995); O.C.G.A. §45-9-21.

72.

Executive officers of the State of Georgia are provided legal representation by the Attorney General of Georgia. The Attorney General of Georgia does NOT provide legal representation to elected County Sheriffs.

73.

The sovereign immunity to which Georgia Sheriffs are entitled derives from and is defined by the sovereign immunity possessed by County which they serve.

74.

The existence and extent of any waiver of sovereign immunity to which Georgia Sheriffs would otherwise be entitled depends on and derives from the waiver of such immunity effected by the County which they serve.

75.

The State of Georgia has enacted legislation prohibiting discrimination against State employees (the Fair Employment Practices Act). Said Act has no application to County employees, including County employees assigned to County Sheriffs Offices.

76.

The State of Georgia has enacted legislation prohibiting retaliation against "whistleblowers" employed by the State of Georgia. Said legislation has no application to County employees, including County employees assigned to County Sheriff's Offices.

77.

The State of Georgia maintains a Merit System for the benefit and protection of State employees. Said Merit System establishes and controls the terms and conditions of employment for employees of the State of Georgia. County employees, like the Plaintiffs are not covered by or included in such Merit System. O.C.G.A. §45-20-2.

78.

County employees assigned to the Clayton County Sheriff's Office ("CCSO") are covered by the Clayton County Civil Service Act. See, Ga. L. 1994, p.4399, and have been so covered since January 1, 1966.

79.

Pursuant to the Civil Service Act, the County governing authority is authorized to implement Rules and Regulations "to effectuate the civil service system." Such Rules and Regulations include but are not limited to:

- policies and procedures regarding the maintenance of job classifications;

- • prescribed qualifications for personnel; compensation and benefits plans;

- • the conduct of recruitment, examination, and registration of eligible personnel for appointment;

- • the promotion, transfer, demotion, suspension, layoff and separation of personnel, and

- • such other regulations as may be deemed to be in the best interests of Clayton County and its personnel."

Ga. L. 1994, p.4405.

80.

In conformance with the powers noted above, the Clayton County Board of Commissioners has adopted a comprehensive set Rules and Regulations of the Clayton County Civil Service which have the force of law, all of which apply to employees of the Clayton County Civil Sheriff's Office. Said Rules and Regulations provide an exhaustive and comprehensive listing of the terms and conditions of all employees of Clayton County, including employees assigned to the Sheriff's Office. The Sheriff of Clayton County plays no role in the adoption or modification of such policies.

81.

By virtue of the inclusion of County employees assigned to the Sheriff's Office in the County Civil Service System, as well as the other facts set forth above, Clayton County is either Plaintiffs' "employer" or is a "joint employer" of the Plaintiffs, along with the CCSO and Defendant Hill in his official capacity as Sheriff of Clayton County.

82.

Georgia Counties may be held liable for §1983 civil rights violations committed by their respective Sheriffs. Wayne County v. Herrin, 210 Ga.App. 747, 437 S.E.2d 793, 801 n.8 (1993); Johnson v. Ballard, 644 F.Supp. 333 (N.D. Ga. 1986).

83.

To the extent that Plaintiffs, as employees assigned to the Sheriff's Office are not, in fact, covered by the Clayton County Civil Service Act, the employment decisions of the Sheriff are final and unreviewable, and therefore properly attributable to Clayton County. Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); Lucas v. O'Loughlin, 831 F.2d 232 (11th Cir. 1987)(County liable for Sheriff's illegal employment actions); Johnson v. Ballard, supra; Van Ooteghem v. Gray, 628 F.2d

-30-

488, 495 (5th Cir. 1980)(County liable for Treasurer's illegal employment actions); Brady et al v. Fort Bend County, 145 F.3d 691 (5th Cir. 1998)(County liable for Sheriff's illegal employments actions).

### 84.

All sheriffs and deputy sheriffs are liable to all actions which they incur in respect of any matter or thing relating to or concerning their respective offices. O.C.G.A. §15-13-1.

### 85.

In his Official capacity as Sheriff of Clayton County, Hill possesses final decision-making and policy-making authority for Clayton County with regards to some or all of the following matters within the CCSO: the hiring, firing, promotion, demotion, suspension, assignment, transfers, work environment and other day to day terms and conditions of employment of all employees assigned to the Sheriff's Office. Some or all of the forgoing actions on the part of Defendant Hill as Sheriff are not subject to review by other State or County officials. In taking such personnel actions, Hill acts as an independent elected Official of Clayton County, Ga. without reference to or control by any "state" authority.

86.

The actions of Defendant Hill described herein, and the actions of the other individual defendants, were committed in their role as County officials and employees. and were committed under color of State and Local law.

## **FACTUAL ALLEGATIONS**

87.

Defendant V. Hill, then employed as a Police Officer in the Clayton County Police Department, was a candidate for the elected position of Sheriff of Clayton County during 2004.

88.

Defendant V. Hill faced at least  two opponents during the Democratic primary—incumbent Sheriff Stanley Tuggle, and Joe Mack Eckler.

89.

During the primary campaign, Plaintiffs Massengale, Bartlett, Maddox, Glaze, Collins, Ward, A. Daniel, L.Daniel, K. Smith, Jordan, Fallins, Barnes, Joiner, Crisp, Cash, Watkins, Haralson, Mann, S. Smith; S. Glenn, J. Mitchell, K. Mitchell, M.Hill, S. Martin, H. Watkins and S. Owen  were active and publicly known supporters of incumbent Sheriff Tuggle. Some or all of these Plaintiffs openly and publicly spoke

-32-

on behalf of Sheriff Tuggle, and/or lent support by way of financial contributions or devoting time to Tuggles's Campaign.

90.

During the primary campaign, Plaintiffs Manning, Lumpkin, C. Glenn, Nelson, Richards, Watson and Clair refused to publicly support Defendant Hill's candidacy for Sheriff.

91.

During the primary campaign, Plaintiff Eckler was married to, and openly supported the candidacy of her Husband, Joe Mack Eckler, for the position of Sheriff.

92.

Prior to January 3, 2005, the individual defendants were aware of the Plaintiffs' political speech and support, and political affiliation and/or refusal to endorse Hill's campaign, as set forth in Pars. 89-91.

9 3.

Plaintiff Lumpkin is the niece of Clayton County Commissioner J. Charley Griswell, a known political rival and opponent of Defendant V. Hill----a fact of which Defendants Hill and Cassells were aware prior to January 1, 2005.

-33-

94.

Both prior and subsequent to January 3, 2005, Defendants Hill, Cassells, Lindsay, Harris, Hanner, S. Hill, Antoine, and John Does 1-5 and 6-10, reached an agreement and formed a plan that upon Hill's assumption of the office of Sheriff, they would, acting in concert, terminate, transfer, demote, and/or reassign and otherwise mistreat and abuse certain employees of the Sheriff's Office, including the Plaintiffs, without cause, and without due process of law, based on the race and/or age and/or political association and/or political speech and/or intimate and/or familial associations and/or gender of the affected employees, and would thereafter attempt to cover up their unlawful motives by making false allegations of misconduct against the illegally fired employees, including the making of baseless allegations of corruption, dishonesty, misfeasance, and malfeasance against said unlawfully fired employees.

95.

The actions contemplated in this conspiracy were in fact carried by the individually-named Defendants (or by others acting on their behalf, either at their direction, or with their knowledge and approval) beginning on and before January 1, 2005. Such actions in furtherance of this conspiracy have continued each day as of the filing of this action.

96.

As a part of their plot, Defendants Hill, Cassells, Lindsey, Harris, Hanner, Hill, Antoine, and John Does 1-10 consciously decided and agreed to, and subsequently did, carry out the termination of the Plaintiffs' identified in Par. 3 (and the aborted termination of Plaintiff J. Mitchell) in the most publicly humiliating, insulting, oppressive, harassing and intimidating means possible. This would be and was done, the Defendants agreed, not only to abuse, harass, and intimidate the Plaintiffs themselves for unlawful discriminatory (race, gender and age) and retaliatory reasons, including political revenge, but also for the purpose of chilling the exercise of the free speech and association rights of remaining employees, by putting them in fear of losing their jobs via the creation of a hostile, abusive and oppressive work environment.

97.

As pertains to Plaintiffs' unlawful firings, in carrying out their race, age, and politically-inspired plot, Defendants Hill, Cassells, Lindsay, Harris, Hanner, Hill, Antoine, and John Does 1-10, acting in concert, committed the following acts (and/or authorized, directed, ratified, condoned or acquiesced in them): (a) lying to the Plaintiffs by telling them to gather for the purpose of being "sworn-in" by Defendant Hill; (b) publicly stripping the Plaintiffs of their badges, ID cards; keys

-35-

and other personal belongings and County property; ( c) surrounding the Plaintiffs with armed guards while still in the Jail facility; (d) abruptly announcing to the Plaintiffs that rather than being sworn in, they were being fired; (e) ordering and directing the Plaintiffs to keep silent and to behave in a specified manner; (f) forcibly restricting Plaintiffs' freedom of movement in a menacing, hostile and intimidating manner; (g) confiscating Plaintiffs' personal property; (h) putting the Plaintiffs in reasonable fear of their well-being and safety by posting armed gunmen in the jail and  snipers  on the roof of the jail facility; (I)  authorizing the use of deadly force against the Plaintiffs;  (j) directing the plaintiffs that for those without transportation, they would be transported him in a Prisoner Van; (k) deliberately and callously ignoring Plaintiffs' rights to advance notice of their termination and the  supposed reasons therefor,  and an opportunity to be heard.

98.

Defendant V. Hill and his co-conspirators when to the extraordinary lengths of issuing, for the first time in the history of the Clayton County Cert team, electronic "stun" weapons commonly known as "Tasers"—for possible use against the Plaintiffs.

99.

At the time of their summary terminations, as employees of Clayton County, Ga., pursuant to State and Local Law, all of the Plaintiffs were protected by the Clayton County Civil Service Act. Pursuant to the Act, Plaintiffs could not be discharged, demoted, or suspended except for just cause. See, Ga. L. 1963, p.681; Ga. L. 1963, p.2747; Clayton County Resolution No. 65-9; Clayton County Resolution No. 65-10; Ga. L. 1968, p.2759; Ga. 1986, p.5573; Ga. L. 1994, p.4339. Plaintiffs therefore possessed a property interest in their continued public employment, a fact of which the Defendants were either actually aware, or of which they were deliberately indifferent.

100.

As public employees possessed of a property interest in their continued employment, Plaintiffs were entitled to (1) ADVANCE notice of the charges against them; (2) an explanation of the employer's evidence; and (3) an opportunity to present their sides of the story. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 532, requirements of which the Defendants were actually aware or of which they were deliberately indifferent.

-37-

101.

Defendants V. Hill, Cassells, Lindsay, Hanner, Antoine, and S. Hill, in their individual and official capacities, acting in concert pursuant to the plan race, age and politically inspired conspiratorial deliberations deliberately and wilfully: (1) failed and refused to provide advance notice of any reasons for termination; (2) failed and refused to provide any explanation of any evidence to support such reasons; and (3) failed and refused to provide Plaintiffs an opportunity to present their sides of the story.

102.

Defendants Hill, Cassells, Lindsey, Harris, Hanner, Hill, and Antoine, knew at the time they committed and/or authorized the above actions that Plaintiffs were protected by the County Civil Service System and entitled to its protections, yet consciously and deliberately chose to fire the Plaintiffs without notice, hearing or cause in direct contravention of Ga. L. 1994 p. 4339, and in direct contravention of the Rules and Regulations of the Clayton County Civil Service System.

103.

For the purpose of exposing and protesting against Defendants' official misconduct---including both civil and criminal civil rights violations on the part of

the Defendants, and for the purpose of acting collectively and in concert to secure

mutual aid, comfort and assistance, and for the purpose of petitioning their

government, subsequent to the unlawful terminations of the Plaintiffs identified in

Par. 3, they formed an advocacy group, and collectively and in concert filed

grievances/appeals with the Clayton County Personnel Department to challenge their

unlawful firings.

### 104.

Subsequent to Plaintiffs' unlawful terminations, acting as a group they secured

Counsel, who, acting on their group behalf, protested directly to Defendant V. Hill

regarding his unlawful employment practices, including race, gender, and age

discrimination, and filed charges of discrimination and retaliation with the U.S. Equal

Employment Opportunity Commission.

### 105.

In direct response to to Plaintiffs' having formed a group to bring to light the

illegal conduct of the Defendants, and in direct response to their having protested

Defendants' unlawful race, gender and age discrimination and political retaliation,

Defendants and/or their agents have made or caused to have been made numerous

false allegations of misconduct against the Plaintiffs—both in writing and

-39-

verbally—to the effect that Plaintiffs were guilty of corruption, graft, dishonesty, and/or other acts of misconduct, misfeasance, or malfeasance.

106.

Defendants' false allegations referenced in Par. 105 were made for the purpose of attempting to conjure up a pretextual, after-the-fact, post-hoc justification for Plaintiffs' firing, where no legitimate explanation in fact existed, and were in retaliation for Plaintiffs' protests against Defendants' unlawful discriminatory practices, and were made for the purpose of obstructing justice and intimidating and harassing parties to and possible witnesses in a federal suit.

107.

Defendants took the actions set forth above in Pars. 3, 97 and 101 in order to punish Plaintiffs Massengale; Glaze; Bartlett; Collins, Ward; Haralson; Lumpkin; Maddox; Crisp; Cash; Samuel Smith; Fallins; and Joiner based on: (1) their political affiliation and/or speech, including support of Defendant Hill's political opponents and rival candidates, including but not limited to supporting former Sheriff Stanley Tuggle; (2) their failure or refusal to support Hill's candidacy for Sheriff' (3) their protected associations, including familial and political associations; (4) their race, white, and (5) their age.

-40-

108.

Defendants took the actions set forth above in Pars. 3, 97, and 101   in order to punish Plaintiffs Cash, Jordan, Barnes, Watson, Eckler, and Manning, based on: (1)  their political affiliation and or speech, including  support of  Defendant Hill's political opponents and rival candidates, including but not limited to former Sheriff Stanley Tuggle; (2) their failure or refusal to support Hill's candidacy for Sheriff' (3) their protected associations,    including familial and political associations; and (4) their race, white.

109.

Defendants took the actions set forth above in Pars. 3, 97 and 101  in order to punish Plaintiffs S. Glenn; K. Smith; Watkins; Nelson; and  A. Daniel based on: (1) their political support of  Defendant Hill's political opponents and rival candidates, including but not limited to former Sheriff Stanley Tuggle; (2) their failure or refusal to support Hill's candidacy for Sheriff' (3) their protected associations,    including familial and political associations; (4) their race, black, and (5) their age.

110.

Defendants took the actions set forth above in Pars. 3, 97 and 101 in order to punish Plaintiffs L. Daniel; Richards,  and  C. Glenn based on:  (1)  their political

support of Defendant Hill's political opponents and rival candidates, including but not limited to former Sheriff Stanley Tuggle; (2) their failure or refusal to support Hill's candidacy for Sheriff' (3) their protected associations, including familial and political associations; and (4) their race, black.

### 111.

Defendants' a ctions i n t erminating a nd o therwise m istreating Plaintiffs S . Glenn; Lumpkin, Cash; Nelson; L. Daniel; Richards; and Eckler as detailed herein were based on, among other things, their gender, female. Indeed, in one fell swoop, Defendants discharged all three of the CCSO's only female lieutenants (Plaintiffs Cash; Daniel, and Nelson).

### 112.

Defendants' actions in terminating Plaintiffs A. Daniel, L.Daniel, Lumpkin, and Eckler, and otherwise mistreating them as set forth herein, was based, in part, on their protected intimate or familial associations, to wit: the relationship of Husband and Wife between Plaintiffs A. Daniel and L. Daniel; the relationship of Husband and Wife between Plaintiff Eckler and a rival candidate for Sheriff; and the relationship of Uncle and Niece between Plaintiff Lumpkin and County Commissioner Charlie Griswell—a perceived political opponent of Hill.

113.

At the time of Plaintiffs' summary firings, Defendants, without cause or justification, confiscated various items of personal property belonging to the Plaintiffs. Despite repeated demands, Defendants failed and refused to return Plaintiffs' personal property----property of which Plaintiffs were forcibly deprived when they were forcibly escorted under armed-guard to the inmate exit of the jail---thereby c ommitting t he t ort o f c onversion—in r etaliation f or P laintiffs' p rotests against Defendants' discriminatory employment practices, and for the other unlawful purposes set forth in Pars. 107-112.

114.

On the same day as Plaintiffs' unlawful terminations (January 3, 2005), the Clayton County Board of Commissioners initiated a "Petition For Mandamus" against Defendant Hill in the Superior Court of Clayton County, Civil Action File No. 2005-CV-16-8.

115.

Defendant V. Hill was immediately ordered by Superior Court Judge Stephen Boswell to "reinstate" the Plaintiffs, to "maintain the status quo", and not to fire other CCSO employees "without a showing of cause, pursuant to the Clayton County

Civil Service Act and accompanying Rules and Regulations." The Plaintiffs are not parties to that action.  By agreement of the parties to that case, said Order was extended, with approval of the Court, on January 14, 2005.

116.

Rather than complying with said Order, on January 4, 2005, Hill immediately disobeyed  it when, rather  than "reinstating" the Plaintiffs, he purported to place them on "administrative leave",   and publicly declared that Plaintiffs would not return to work until some unspecified future time.  Said refusal to comply with said Order was motivated by unlawful racial, age, gender, retaliatory  and political considerations.

117.

While publicly proclaiming  that he had complied with Judge Boswell's Order by placing Plaintiffs on "administrative leave",  Hill in fact took no action whatever to effectuate the "reinstatement" of the Plaintiffs, or  the placement of the Plaintiffs on " administrative leave." In this regard, Hill  never notified the pertinent County agencies/departments (Personnel/Payroll) of Plaintiffs' placement on administrative leave, most likely due to the fact that there is no provision in the County's governing Civil Service Rules and Regulations for placement of employees on "administrative

-44-

leave" under the circumstances presented.

118.

On about January 7, 2005, Plaintiffs visited the Sheriff's Office for the purpose of the retrieving their personal property, of which Defendants had deprived them since January 3, 2005, despite numerous formal demands for th return of such property. Plaintiffs' requests that they be permitted to return to their work stations to gather their personal property was summarily and unjustifiably denied for legally impermissible racial, gender, age, retaliatory and political considerations.

119.

On the orders of Defendants V. Hill and Cassells (or with their knowledge and approval), Defendants Antoine, Lindsay and Hanner supervised the spectacle of some (but not all) of Plaintiffs' property----including furniture, plants, refrigerators, books, shelving units and the like----being carted out onto the sidewalk of the Courtyard of the Sheriff's Office for the plaintiffs to retrieve and place in their vehicles. Other items of Plaintiffs' personal property was carted out by armed and uniformed Sheriff's Deputies, in brown card board boxes, in a humiliating scene indistinguishable from a public eviction on the sidewalk of a public street. Plaintiffs were, during the entire spectacle, under the watchful eyes of armed Deputy Sheriffs,

-45-