IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H.D. MASSENGALE, et al,          )
                                 )
      Plaintiffs,               )
                                 )
v.                               )          Civil Action
                                 )          File No.: 1:05-CV-0189-CAM
VICTOR HILL, et al,              )
                                 )
      Defendants.               )
_____)

## DEFENDANT SHERIFF VICTOR HILL'S ANSWER TO PLAINTIFFS' AMENDED AND SUBSTITUTED COMPLAINT

Defendant Sheriff Victor Hill ("Sheriff Hill") by his undersigned counsel hereby submits his Answer and Affirmative Defenses to Plaintiffs' Amended and Substituted Complaint ("Plaintiffs' Complaint") and specifically states as follows:

## ANSWER

## Jurisdiction and Venue

### 1.

Sheriff Hill admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

AT:174504v2

2.

Sheriff Hill denies committing any unlawful conduct.  Sheriff Hill admits that venue is proper.  Sheriff Hill denies the remaining allegations contained in Paragraph 2, if any, of Plaintiffs' Complaint.

### Parties: The Plaintiffs

3.

Sheriff Hill admits that the Plaintiffs were employed by the Clayton County Sheriff's Office ("CCSO").  Sheriff Hill denies that the Plaintiffs were employed by Clayton County, except to the extent it may be determined by this Court that the County may be considered a joint employer by virtue of its actions under the law, but such calls for a legal conclusion and is not a factual allegation.  Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiffs' average lengths of service or average ages and therefore denies the same on that basis.  Upon information and belief Sheriff Hill admits the Plaintiffs are citizens of the United States.  Sheriff Hill denies the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

AT:174504v2

4.

Sheriff Hill admits that H. D. Massengale is a white male and that he was a Major within the CCSO. Upon information and belief Sheriff Hill admits that Plaintiff H. D. Massengale was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Sheriff Hill admits that William T. Glaze is a white male and that he was a Captain within the CCSO. Upon information and belief Sheriff Hill admits that Plaintiff William T. Glaze was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Sheriff Hill admits that Larry A. Bartlett is a white male and that he was a Major within the CCSO. Upon information and belief Sheriff Hill admits that Plaintiff Larry A. Bartlett was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Sheriff Hill admits that Robert L. Mann is a white male and that he was a part-time deputy within the CCSO. Upon information and belief Sheriff Hill

AT:174504v2

admits that Plaintiff Robert L. Mann was born on the date pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Sheriff Hill admits that Michael R. Collins is a white male and that he was a Captain within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Michael R. Collins was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Sheriff Hill admits that Thomas D. Ward is a white male and that he was a Lieutenant within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Thomas D. Ward was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Sheriff Hill admits that Greg Haralson is a white male and that he was a Captain within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Greg Haralson was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

AT:174504v2

11.

Sheriff Hill admits that Stephanie L. Glenn is a black female and that she was a civilian financial administrator within the CCSO. Upon information and belief Sheriff Hill admits that Plaintiff Stephanie L. Glenn was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Sheriff Hill admits that Belinda A. Lumpkin is a white female. Upon information and belief Sheriff Hill admits that Plaintiff Belinda A. Lumpkin was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Sheriff Hill admits that Michael G. Maddox is a white male and that he was a Major within the CCSO. Upon information and belief Sheriff Hill admits that Plaintiff Michael G. Maddox was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

AT:174504v2

14.

Sheriff Hill admits that Brian Crisp is a white male and that he was a Sergeant within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Brian Crisp was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Sheriff Hill admits that Kim T. Smith is a black male and that he was a Lieutenant within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Kim T. Smith was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Sheriff Hill admits that Leigh D. Cash is a white female and that she was a Lieutenant within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Leigh D. Cash was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Sheriff Hill admits that Garland Watkins is a black male and that he was a Lieutenant within the CCSO.  Upon information and belief Sheriff Hill admits that

AT:174504v2

Plaintiff Garland Watkins was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Sheriff Hill admits that Samuel W. Smith is a white male and that he was a Captain within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Samuel W. Smith was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Sheriff Hill admits that Charlotte I. Nelson is a black female and that she was a Lieutenant within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Charlotte I. Nelson was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Sheriff Hill admits that Angelo Daniel is a black male and that he was a Captain within the CCSO.  Sheriff Hill admits that Plaintiff Angelo Daniel is married to Plaintiff Leontyne Daniel.  Upon information and belief Sheriff Hill

AT:174504v2

admits that Plaintiff Angelo Daniel was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Sheriff Hill admits that Marc Jordan is a white male and that he was a Deputy Sheriff within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Marc Jordan was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Sheriff Hill admits that Jimmy Fallins is a white male and that he was a Deputy Sheriff within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Jimmy Fallins was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Sheriff Hill admits that Perry Joiner is a white male.  Upon information and belief Sheriff Hill admits that Plaintiff Perry joiner was born and hired on the dates

pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Sheriff Hill admits that Leontyne Daniel is a black female and that she was a Lieutenant within the CCSO.  Sheriff Hill admits that Plaintiff Leontyne Daniel is married to Plaintiff Angelo Daniel.  Upon information and belief Sheriff Hill admits that Plaintiff Leontyne Daniel was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Sheriff Hill admits that Paul Barnes is a white male and that he was a Correctional Office-Sergeant within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Paul Barnes was born and hired on the dates pled. Sheriff Hill denies the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Sheriff Hill admits that William Watson is a white male and that he was a Deputy Sheriff within the CCSO.  Upon information and belief Sheriff Hill admits

AT:174504v2

that Plaintiff William Watson was born and hired on the dates pled.  Sheriff Hill

denies the remaining allegations contained in Paragraph 26 of Plaintiffs'

Complaint.

27.

Sheriff Hill admits that Concheta Richards is a black female and that she

was a Correctional Officer within the CCSO.  Upon information and belief Sheriff

Hill admits that Plaintiff Concheta Richards was born and hired on the dates pled.

Sheriff Hill denies the remaining allegations contained in Paragraph 27 of

Plaintiffs' Complaint.

28.

Sheriff Hill admits that Carlos Glenn is a black male and that he was a

Deputy Sheriff within the CCSO.  Upon information and belief Sheriff Hill admits

that Plaintiff Carlos Glenn was born and hired on the dates pled.  Sheriff Hill

denies the remaining allegations contained in Paragraph 28 of Plaintiffs'

Complaint.

29.

Sheriff Hill admits that Victoria Eckler is a white female.  Upon information

and belief Sheriff Hill admits that Plaintiff Victoria Eckler was born and hired on

AT:174504v2

the dates pled.   Sheriff Hill denies the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Sheriff Hill admits that Jonathan Manning is a white male and that he was a Deputy Sheriff within the CCSO.  Upon information and belief Sheriff Hill admits that Plaintiff Jonathan Manning was born and hired on the dates pled.  Sheriff Hill denies the remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

**Parties:  Defendant Hill**

39.

Sheriff Hill admits that he is the duly elected Sheriff of Clayton County, Georgia, that he assumed office on January 1, 2005, that he is a black male, and that he is now 40 years old.  Sheriff Hill denies the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

41.

Sheriff Hill denies as pled that any "County Personnel" are "assigned to the Sheriff's Office."  Sheriff Hill denies as pled the remaining allegations contained

AT:174504v2

- 11 -

in Paragraph 32 of Plaintiffs' Complaint. The cases cited therein speak for themselves.

### Parties:  Other Individually Identified Natural Person Defendants

42.

Sheriff Hill admits that Defendant Cassells is a black male and was appointed by Sheriff Hill as Chief Deputy and employed within the CCSO. Sheriff Hill denies the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Sheriff Hill admits that Defendant Lindsay is a black male and was appointed by Sheriff Hill and employed within the CCSO. Sheriff Hill denies the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

Sheriff Hill admits that Defendant Mark J. Harris is a black male and was appointed by Sheriff Hill and employed within the CCSO. Sheriff Hill denies the remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint.

AT:174504v2

45.

Sheriff Hill admits that Defendant Timothy Hanner is a white male and was appointed by Sheriff Hill and employed within the CCSO. Sheriff Hill denies the remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.

Sheriff Hill admits that Defendant Shon Hill is a black male. Sheriff Hill denies the remaining allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Sheriff Hill admits that Defendant Jon Antoine is a black male and was appointed by Sheriff Hill and employed within the CCSO. Sheriff Hill denies the remaining allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.

No allegations are made against Sheriff Hill in Paragraph 48 of Plaintiffs' Complaint. To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

49.

No allegations are made against Sheriff Hill in Paragraph 49 of Plaintiffs' Complaint.   To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

50.

No allegations are made against Sheriff Hill in Paragraph 50 of Plaintiffs' Complaint.   To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

**Parties:  Public Entity Defendants**

51.

Sheriff Hill admits that Sonny Perdue is the Governor of the State of Georgia.  Sheriff Hill denies that he has stated that he is a "State Officer" or that employees of the CCSO are "State" employees.  No further allegations are made against Sheriff in Paragraph 48 of Plaintiffs' Complaint.  Sheriff Hill affirmatively states that he and the employees of the CCSO act under color of state law (i.e. "the State") and are not employees of Clayton County.   Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore denies the same on that basis.

52.

Sheriff Hill admits that the CCSO has acknowledged service of the Complaint. Sheriff Hill denies he has committed any unlawful actions. Sheriff Hill denies as pled the remaining allegations contained in Paragraph 52 of Plaintiffs' Complaint. The statutes cited in Paragraph 52 of Plaintiffs' Complaint speak for themselves.

53.

No allegations are made against Sheriff Hill in Paragraph 53 of Plaintiffs' Complaint. To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

## Parties: Legal Identity of and Relationship Between the Defendants

54.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 54 of Plaintiffs' Complaint. The statutes cited in Paragraph 54 of Plaintiffs' Complaint speak for themselves.

AT:174504v2

- 15 -

55.

Sheriff Hill admits that Clayton County is one of 159 counties in the State of Georgia.    Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 55 of Plaintiffs' Complaint.    The laws referenced in Paragraph 55 of Plaintiffs' Complaint speak for themselves.

56.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 56 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 56 of Plaintiffs' Complaint speak for themselves.

57.

Sheriff Hill admits that he is an elected officer.  Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 57 of Plaintiffs' Complaint.    The cases and laws cited in Paragraph 57 of Plaintiffs' Complaint speak for themselves.

58.

Sheriff Hill admits he is Sheriff of Clayton County.  Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 58 of

Plaintiffs' Complaint.   The cases and laws cited in Paragraph 58 of Plaintiffs' Complaint speak for themselves.

59.

Sheriff Hill denies he has committed any unlawful actions and denies that he is an Officer of Clayton County, Georgia.   Sheriff Hill affirmatively states that he is a Constitutional officer and one who is an elected County official.   Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 59 of Plaintiffs' Complaint.   The laws referenced in Paragraph 59 of Plaintiffs' Complaint speak for themselves.

60.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 60 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 60 of Plaintiffs' Complaint speak for themselves.

61.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 61 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 61 of Plaintiffs' Complaint speak for themselves.

AT:174504v2

- 17 -

62.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 62 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 62 of Plaintiffs' Complaint speak for themselves.

63.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 63 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 63 of Plaintiffs' Complaint speak for themselves.

64.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 64 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 64 of Plaintiffs' Complaint speak for themselves.

65.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 65 of Plaintiffs' Complaint.  The laws referenced in Paragraph 65 of Plaintiffs' Complaint speak for themselves.

AT:174504v2

66.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 66 of Plaintiffs' Complaint.   The laws cited in Paragraph 66 of Plaintiffs' Complaint speak for themselves.

67.

Sheriff Hill denies that employees of the CCSO are County employees. Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 67 of Plaintiffs' Complaint.   The laws referenced in Paragraph 67 of Plaintiffs' Complaint speak for themselves.

68.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 68 of Plaintiffs' Complaint.   The laws referenced in Paragraph 68 of Plaintiffs' Complaint speak for themselves.

69.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 69 of Plaintiffs' Complaint.   The laws referenced in Paragraph 69 of Plaintiffs' Complaint speak for themselves.

70.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 70 of Plaintiffs' Complaint.   The laws cited in Paragraph 70 of Plaintiffs' Complaint speak for themselves.

71.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 71 of Plaintiffs' Complaint.  The cases and laws cited in Paragraph 71 of Plaintiffs' Complaint speak for themselves.

72.

Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 72 of Plaintiffs' Complaint.   The laws referenced in Paragraph 72 of Plaintiffs' Complaint speak for themselves.

73.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 73 of Plaintiffs' Complaint.   The laws referenced in Paragraph 73 of Plaintiffs' Complaint speak for themselves.

74.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 74 of Plaintiffs' Complaint.   The laws referenced in Paragraph 74 of Plaintiffs' Complaint speak for themselves.

75.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 75 of Plaintiffs' Complaint.   The laws cited in Paragraph 75 of Plaintiffs' Complaint speak for themselves.

76.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 76 of Plaintiffs' Complaint.   The laws referenced in Paragraph 76 of Plaintiffs' Complaint speak for themselves.

77.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 77 of Plaintiffs' Complaint.   The laws cited in Paragraph 77 of Plaintiffs' Complaint speak for themselves.

78.

Sheriff Hill affirmatively states that employees of the CCSO are not covered by the Clayton County Civil Service Act. Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 78 of Plaintiffs' Complaint. The laws cited in Paragraph 78 of Plaintiffs' Complaint speak for themselves.

79.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 79 of Plaintiffs' Complaint. The laws cited in Paragraph 79 of Plaintiffs' Complaint speak for themselves.

80.

Sheriff Hill denies that the Clayton County Civil Service Act applies to employees of the CCSO. Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 80 of Plaintiffs' Complaint. The laws referenced in Paragraph 80 of Plaintiffs' Complaint speak for themselves.

81.

Sheriff Hill denies that the Clayton County Civil Service Act applies to employees of the CCSO. Sheriff Hill denies as pled the remaining allegations, as

legal conclusions, contained in Paragraph 81 of Plaintiffs' Complaint.  The laws referenced in Paragraph 81 of Plaintiffs' Complaint speak for themselves.

82.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 82 of Plaintiffs' Complaint.  The laws and cases cited in Paragraph 82 of Plaintiffs' Complaint speak for themselves.

83.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 83 of Plaintiffs' Complaint.  The laws and cases cited in Paragraph 83 of Plaintiffs' Complaint speak for themselves.

84.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 84 of Plaintiffs' Complaint.   The laws cited in Paragraph 84 of Plaintiffs' Complaint speak for themselves.

85.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 85 of Plaintiffs' Complaint.  The laws referenced in Paragraph 85 of Plaintiffs' Complaint speak for themselves.

AT:174504v2

86.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 86 of Plaintiffs' Complaint.  The laws referenced in Paragraph 86 of Plaintiffs' Complaint speak for themselves.

## **Factual Allegations**

87.

Sheriff Hill admits the allegations against him contained in Paragraph 87 of Plaintiffs' Complaint.

88.

Sheriff Hill admits the allegations against him contained in Paragraph 88 of Plaintiffs' Complaint.

89.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of Plaintiffs' Complaint and therefore denies the same on that basis.

AT:174504v2

90.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of Plaintiffs' Complaint and therefore denies the same on that basis.

91.

Upon information and belief, Sheriff Hill admits that Plaintiff Eckler was married to Joe Mack Eckler. Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint and therefore denies the same on that basis

92.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of Plaintiffs' Complaint and therefore denies the same on that basis.

93.

Upon information and belief, Sheriff Hill admits that Plaintiff Lumpkin is the niece of Charley Griswell. Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

AT:174504v2

contained in Paragraph 93 of Plaintiffs' Complaint and therefore denies the same on that basis.

94.

Sheriff Hill denies the allegations against him contained in Paragraph 94 of Plaintiffs' Complaint.

95.

Sheriff Hill denies the allegations against him contained in Paragraph 95 of Plaintiffs' Complaint.

96.

Sheriff Hill denies the allegations against him contained in Paragraph 96 of Plaintiffs' Complaint.

97.

Sheriff Hill denies the allegations against him contained in Paragraph 97 of Plaintiffs' Complaint.

98.

Sheriff Hill denies the allegations against him contained in Paragraph 98 of Plaintiffs' Complaint.

AT:174504v2

99.

Sheriff Hill denies Plaintiffs were employees of Clayton County.  Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 99 of Plaintiffs' Complaint.  The laws cited in Paragraph 99 of Plaintiffs' Complaint speak for themselves.

100.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 100 of Plaintiffs' Complaint.  The laws and cases cited in Paragraph 100 of Plaintiffs' Complaint speak for themselves.

101.

Sheriff Hill denies the allegations against him contained in Paragraph 101 of Plaintiffs' Complaint.

102.

Sheriff Hill denies the allegations against him contained in Paragraph 102 of Plaintiffs' Complaint.

103.

Sheriff Hill denies he committed any unlawful act.  No further allegations are made against Sheriff Hill in Paragraph 103 of Plaintiffs' Complaint.  To the

AT:174504v2

extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

104.

Sheriff Hill denies he committed any unlawful act.  No further allegations are made against Sheriff Hill in Paragraph 104 of Plaintiffs' Complaint.  To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

105.

Sheriff Hill denies the allegations against him contained in Paragraph 105 of Plaintiffs' Complaint.

106.

Sheriff Hill denies the allegations against him contained in Paragraph 106 of Plaintiffs' Complaint.

107.

Sheriff Hill denies the allegations against him contained in Paragraph 107 of Plaintiffs' Complaint.

AT:174504v2

108.

Sheriff Hill denies the allegations against him contained in Paragraph 108 of Plaintiffs' Complaint.

109.

Sheriff Hill denies the allegations against him contained in Paragraph 109 of Plaintiffs' Complaint.

110.

Sheriff Hill denies the allegations against him contained in Paragraph 110 of Plaintiffs' Complaint.

111.

Sheriff Hill denies the allegations against him contained in Paragraph 111 of Plaintiffs' Complaint.

112.

Sheriff Hill denies the allegations against him contained in Paragraph 6 of Plaintiffs' First Amendment.

113.

Sheriff Hill denies the allegations against him contained in Paragraph 113 of Plaintiffs' Complaint.

AT:174504v2

114.

Sheriff Hill denies he committed any unlawful act. The public record cited in Paragraph 114 of Plaintiffs' Complaint speaks for itself. No further allegations are made against Sheriff Hill in Paragraph 114 of Plaintiffs' Complaint. To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

115.

Sheriff Hill denies he committed any unlawful act. The public record cited in Paragraph 115 of Plaintiffs' Complaint speaks for itself. No further allegations are made against Sheriff Hill in Paragraph 115 of Plaintiffs' Complaint. To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

116.

Sheriff Hill denies the allegations against him contained in Paragraph 116 of Plaintiffs' Complaint.

117.

Sheriff Hill denies the allegations against him contained in Paragraph 117 of Plaintiffs' Complaint.

AT:174504v2

118.

Sheriff Hill denies the allegations against him contained in Paragraph 118 of Plaintiffs' Complaint.

119.

Sheriff Hill admits that some or all of the Plaintiffs retrieved items from their offices under supervision.   Sheriff Hill denies the remaining allegations against him contained in Paragraph 119 of Plaintiffs' Complaint.

120.

Sheriff Hill denies the allegations against him contained in Paragraph 120 of Plaintiffs' Complaint.

121.

Sheriff Hill denies the allegations against him contained in Paragraph 121 of Plaintiffs' Complaint.

122.

Sheriff Hill denies the allegations against him contained in Paragraph 122 of Plaintiffs' Complaint.

AT:174504v2

123.

Sheriff Hill states that the public record cited in Paragraph 123 of Plaintiffs' Complaint speaks for itself.  Sheriff Hill denies the remaining allegations against him contained in Paragraph 123 of Plaintiffs' Complaint.

124.

Sheriff Hill states that the public record cited in Paragraph 124 of Plaintiffs' Complaint speaks for itself.  Sheriff Hill denies the remaining allegations against him contained in Paragraph 124 of Plaintiffs' Complaint.

125.

Sheriff Hill states that the public record cited in Paragraph 125 of Plaintiffs' Complaint speaks for itself.  Sheriff Hill denies the remaining allegations against him contained in Paragraph 125 of Plaintiffs' Complaint.

126.

Sheriff Hill denies the allegations against him contained in Paragraph 126 of Plaintiffs' Complaint.  Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 126 of Plaintiffs' Complaint and therefore denies the same on that basis.

AT:174504v2

- 32 -

127.

Sheriff Hill admits he held a press conference on January 11, 2005. Sheriff Hill denies the remaining allegations against him contained in Paragraph 127 of Plaintiffs' Complaint.

128.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 128 of Plaintiffs' Complaint and therefore denies the same on that basis.

129.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 129 of Plaintiffs' Complaint and therefore denies the same on that basis.

130.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 130 of Plaintiffs' Complaint and therefore denies the same on that basis.

AT:174504v2

131.

Sheriff Hill denies the allegations against him contained in Paragraph 131 of Plaintiffs' Complaint.

132.

Sheriff Hill states that the public record cited in Paragraph 132 of Plaintiffs' Complaint speaks for itself. Sheriff Hill denies the remaining allegations against him contained in Paragraph 132 of Plaintiffs' Complaint.

133.

Sheriff Hill states that Plaintiffs' counsel sent a facsimile to him at the end of the business day on January 11, 2005. The content of the facsimile cited in Paragraph 133 of Plaintiffs' Complaint speaks for itself. Sheriff Hill denies the remaining allegations against him contained in Paragraph 133 of Plaintiffs' Complaint.

134.

Sheriff Hill states that on January 11, 2005, Deputy Southerland contacted the Plaintiffs regarding their work status. Sheriff Hill denies the remaining allegations against him contained in Paragraph 134 of Plaintiffs' Complaint.

AT:174504v2

135.

No allegations are made against Sheriff Hill in Paragraph 135 of Plaintiffs' Complaint.   To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

136.

Sheriff Hill states that on January 12, 2005, he received a facsimile from Plaintiffs' Counsel.   The content of the facsimile cited in Paragraph 136 of Plaintiffs' Complaint speaks for itself.   Sheriff Hill denies the remaining allegations against him contained in Paragraph 136 of Plaintiffs' Complaint.

137.

Sheriff Hill denies the allegations against him contained in Paragraph 137 of Plaintiffs' Complaint.

138.

Sheriff Hill denies the allegations against him contained in Paragraph 138 of Plaintiffs' Complaint.

139.

Sheriff Hill denies the allegations against him contained in Paragraph 139 of Plaintiffs' Complaint.

AT:174504v2

140.

Sheriff Hill denies the allegations against him contained in Paragraph 140 of Plaintiffs' Complaint.  Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 140 of Plaintiffs' Complaint and therefore denies the same on that basis.

141.

Sheriff Hill admits there is a chain of command within the CCSO, which includes POST and non-POST certified persons.  Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 141 of Plaintiffs' Complaint.   The laws referenced in Paragraph 141 of Plaintiffs' Complaint speak for themselves.

142.

Sheriff Hill admits the CCSO employs POST-certified employees and that the CCSO employs ranks, such as Major, Captain, Lieutenant, Sergeant and Deputy Sheriff.   Sheriff Hill denies the remaining allegations contained in Paragraph 142 of Plaintiffs' Complaint.

AT:174504v2

143.

Sheriff Hill admits the CCSO employs "Correctional Officers." Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 143 of Plaintiffs' Complaint. The laws referenced in Paragraph 143 of Plaintiffs' Complaint speak for themselves.

144.

Sheriff Hill denies the allegations as pled contained in Paragraph 144 of Plaintiffs' Complaint.

145.

Sheriff Hill is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 145 of Plaintiffs' Complaint and therefore denies the same on that basis.

146.

No allegations are made against Sheriff Hill in Paragraph 146 of Plaintiffs' Complaint. To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

AT:174504v2

147.

Sheriff Hill denies the allegations against him contained in Paragraph 147 of Plaintiffs' Complaint.

148.

Sheriff Hill denies that employees of the CCSO were subject to the Clayton County Civil Service Act. Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 148 of Plaintiffs' Complaint. The laws cited in Paragraph 148 of Plaintiffs' Complaint speak for themselves. Sheriff Hill would show that such ruling from the Clayton County Superior Court is on appeal to the Georgia Court of Appeal, where Defendant Hill expects to prevail upon the merits of his position that no civil service is applicable to employees of the CCSO.

149.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 149 of Plaintiffs' Complaint. The laws and cases cited in Paragraph 149 of Plaintiffs' Complaint speak for themselves.

150.

Sheriff Hill denies the allegations against him contained in Paragraph 150 of Plaintiffs' Complaint.

AT:174504v2

151.

Sheriff Hill denies the allegations against him contained in Paragraph 151 of Plaintiffs' Complaint.

152.

Sheriff Hill denies the allegations against him contained in Paragraph 152 of Plaintiffs' Complaint.

153.

Sheriff Hill denies the allegations against him contained in Paragraph 153 of Plaintiffs' Complaint.

154.

Sheriff Hill denies the allegations against him contained in Paragraph 154 of Plaintiffs' Complaint, including each and every subpart thereof.

155.

Sheriff Hill denies the allegations against him contained in Paragraph 155 of Plaintiffs' Complaint.

156.

The public record cited in Paragraph 156 of Plaintiffs' Complaint speaks for itself. No further allegations are made against Sheriff Hill in Paragraph 156 of

AT:174504v2

- 39 -

Plaintiffs' Complaint.  To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

157.

The public record from Clayton County Superior Court cited in Paragraph 157 of Plaintiffs' Complaint speaks for itself.  No further allegations are made against Sheriff Hill in Paragraph 157 of Plaintiffs' Complaint.  To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

158.

Sheriff Hill denies the allegations against him contained in Paragraph 158 of Plaintiffs' Complaint.

159.

Sheriff Hill denies the allegations against him contained in Paragraph 159 of Plaintiffs' Complaint.

160.

Sheriff Hill denies the allegations against him contained in Paragraph 160 of Plaintiffs' Complaint.

AT:174504v2

161.

Sheriff Hill denies the allegations against him contained in Paragraph 161 of Plaintiffs' Complaint.

162.

Sheriff Hill denies the allegations against him contained in Paragraph 162 of Plaintiffs' Complaint.

163.

Sheriff Hill denies the allegations against him contained in Paragraph 163 of Plaintiffs' Complaint.

164.

Sheriff Hill denies the initial Complaint was filed on January 21, 2005. Sheriff Hill states that the public record speaks for itself.  Sheriff Hill denies the remaining allegations against him contained in Paragraph 164 of Plaintiffs' Complaint, including each and every subpart thereof.

165.

The public record cited in Paragraph 165 of Plaintiffs' Complaint speaks for itself.  Sheriff Hill denies as pled the remaining allegations, as legal conclusions,

contained in Paragraph 165 of Plaintiffs' Complaint.  The laws cited in Paragraph

165 of Plaintiffs' Complaint speak for themselves.

166.

Sheriff Hill denies the allegations against him contained in Paragraph 166 of

Plaintiffs' Complaint.   Sheriff Hill denies as pled the remaining allegations, as

legal conclusions, contained in Paragraph 166 of Plaintiffs' Complaint.  The laws

referenced in Paragraph 166 of Plaintiffs' Complaint speak for themselves.

167.

Sheriff Hill denies the allegations contained in Paragraph 167 of Plaintiffs'

Complaint.

168.

Sheriff Hill denies the allegations against him contained in Paragraph 168 of

Plaintiffs' Complaint.

169.

Sheriff Hill denies the allegations against him contained in Paragraph 169 of

Plaintiffs' Complaint.

170.

Sheriff Hill denies the allegations against him contained in Paragraph 170 of Plaintiffs' Complaint.

171.

No allegations are made against Sheriff Hill in Paragraph 171 of Plaintiffs' Complaint.  To the extent an allegation therein is deemed made against Sheriff Hill, Sheriff Hill denies such allegation.

172.

Sheriff Hill denies the allegations against him contained in Paragraph 172 of Plaintiffs' Complaint.

173.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 173 of Plaintiffs' Complaint.  The laws cited in Paragraph 173 of Plaintiffs' Complaint speak for themselves.

174.

Sheriff Hill denies that the Clayton County Civil Service Act applies to employees of the CCSO.  Sheriff Hill denies as pled the remaining allegations, as

legal conclusions, contained in Paragraph 174 of Plaintiffs' Complaint.  The laws referenced in Paragraph 174 of Plaintiffs' Complaint speak for themselves.

175.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 175 of Plaintiffs' Complaint.   The laws cited in Paragraph 175 of Plaintiffs' Complaint speak for themselves.

176.

Sheriff Hill denies the allegations against him contained in Paragraph 176 of Plaintiffs' Complaint.

177.

Sheriff Hill denies the allegations against him contained in Paragraph 177 of Plaintiffs' Complaint.

178.

Sheriff Hill states that the rules and regulations of the CCSO are contained in a document which speaks for itself.   Sheriff Hill denies the remaining allegations contained in Paragraph 178 of Plaintiffs' Complaint.

AT:174504v2

179.

Sheriff Hill states that the rules and regulations of the CCSO are contained in a document which speaks for itself.   Sheriff Hill denies the remaining allegations contained in Paragraph 179 of Plaintiffs' Complaint.

180.

Sheriff Hill states that the rules and regulations of the CCSO are contained in a document which speaks for itself.   Sheriff Hill denies the remaining allegations contained in Paragraph 180 of Plaintiffs' Complaint.

181.

Sheriff Hill states that the rules and regulations of the CCSO are contained in a document which speaks for itself.   Sheriff Hill denies the remaining allegations contained in Paragraph 181 of Plaintiffs' Complaint.

182.

Sheriff Hill states that the rules and regulations of the CCSO are contained in a document which speaks for itself.   Sheriff Hill denies the remaining allegations contained in Paragraph 182 of Plaintiffs' Complaint.

183.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 183 of Plaintiffs' Complaint. The laws cited in Paragraph 183 of Plaintiffs' Complaint speak for themselves.

184.

Sheriff Hill denies the allegations against him contained in Paragraph 184 of Plaintiffs' Complaint.

185.

Sheriff Hill denies committing any unlawful act. Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 185 of Plaintiffs' Complaint. The laws cited in Paragraph 185 of Plaintiffs' Complaint speak for themselves.

## SUBSTANTIVE ALLEGATIONS

### COUNT ONE: 42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS OF FREE SPEECH AND ASSOCIATION

186.

Sheriff Hill denies the allegations against him contained in Paragraph 186 of Plaintiffs' Complaint.

AT:174504v2

- 46 -

## COUNT TWO:  42 U.S.C. §1983 VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHT OF INTIMATE/FAMILIAL ASSOCIATION

187.

Sheriff Hill denies the allegations against him contained in Paragraph 187 of Plaintiffs' Complaint.

## COUNT THREE: 42 U.S.C. §1983 VIOLATIONS OF PLAINTIFFS' RIGHT OF FREE ASSOCIATION FOR PURPOSES OF ADVOCACY AND TO PROVIDE MUTUAL AID, SUPPORT AND COMFORT.

188.

Sheriff Hill denies the allegations against him contained in Paragraph 188 of Plaintiffs' Complaint.

## COUNT FOUR:  42 U.S.C. §1983 VIOLATION OF PLAINTIFFS' RIGHTS TO BE FREE FROM UNLAWFUL RACE DISCRIMINATION

189.

Sheriff Hill denies the allegations against him contained in Paragraph 189 of Plaintiffs' Complaint.

## COUNT FIVE:  42 U.S.C. §1981 RACE DISCRIMINATION

190.

Sheriff Hill denies the allegations against him contained in Paragraph 190 of Plaintiffs' Complaint.

AT:174504v2

## COUNT SIX:  42 U.S.C. §1981 RETALIATION

191.

Sheriff Hill denies the allegations against him contained in Paragraph 191 of Plaintiffs' Complaint.

## COUNT SEVEN:  42 U.S.C. §1983 GENDER DISCRIMINATION

192.

Sheriff Hill denies the allegations against him contained in Paragraph 192 of Plaintiffs' Complaint.

## COUNT EIGHT:  (TITLE VII—RACE AND GENDER DISCRIMINATION AND RETALIATION)

193.

Sheriff Hill denies the allegations against him contained in Paragraph 193 of Plaintiffs' Complaint.

## COUNT NINE:  (HOSTILE WORK ENVIRONMENT UNDER TITLE VII)

194.

Sheriff Hill denies the allegations against him contained in Paragraph 194 of Plaintiffs' Complaint.

AT:174504v2

## COUNT TEN:  (ADEA—AGE DISCRIMINATION AND RETALIATION)

### 195.

Sheriff Hill denies the allegations against him contained in Paragraph 195 of Plaintiffs' Complaint.

## COUNT ELEVEN:  (HOSTILE WORK ENVIRONMENT UNDER

## THE ADEA)

### 196.

Sheriff Hill denies the allegations against him contained in Paragraph 196 of Plaintiffs' Complaint.

## COUNT TWELVE: 42 U.S.C. §1983 VIOLATION OF PLAINTIFFS' RIGHT TO PROCEDURAL DUE PROCESS: PROPERTY INTEREST

### 197.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 197 of Plaintiffs' Complaint.  The laws referenced in Paragraph 197 of Plaintiffs' Complaint speak for themselves.

### 198.

Sheriff Hill denies the allegations against him contained in Paragraph 198 of Plaintiffs' Complaint.

## COUNT THIRTEEN:  42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S' RIGHT TO PROCEDURAL DUE PROCESS: LIBERTY INTEREST

199.

Sheriff Hill denies the allegations against him contained in Paragraph 199 of Plaintiffs' Complaint.

## COUNT FOURTEEN: VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL SEARCH AND SEIZURE

200.

Sheriff Hill denies the allegations against him contained in Paragraph 200 of Plaintiffs' Complaint.

## COUNT FIFTEEN:  42 U.S.C. §1983 CONSPIRACY TO VIOLATE PLAINTIFFS' FIRST, FOURTH AND FOURTEENTH AMENDMENT RIGHTS.

201.

Sheriff Hill denies the allegations against him contained in Paragraph 201 of Plaintiffs' Complaint.

AT:174504v2

## COUNT SIXTEEN: 42 U.S.C. §1985(3) CONSPIRACY TO VIOLATE PLAINTIFFS' FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNLAWFUL RACIAL DISCRIMINATION.

202.

Sheriff Hill denies the allegations against him contained in Paragraph 202 of Plaintiffs' Complaint.

## COUNT SEVENTEEN:  42 U.S.C. §1985(2) CONSPIRACY TO OBSTRUCT JUSTICE, AND TO INTIMIDATE PARTIES AND WITNESSES.

203.

Sheriff Hill denies the allegations against him contained in Paragraph 203 of Plaintiffs' Complaint.

## COUNT EIGHTEEN:  42 U.S.C. § 1983 UNLAWFUL PRIOR RESTRAINT ON SPEECH IN VIOLATION OF THE FIRST AMENDMENT

204.

Sheriff Hill denies the allegations against him contained in Paragraph 204 of Plaintiffs' Complaint.

## COUNT NINETEEN:  FEDERAL RICO:  18 U.S.C. §1961

205.

Sheriff Hill denies the allegations against him contained in Paragraph 205 of Plaintiffs' Complaint.

AT:174504v2

- 51 -

## COUNT TWENTY:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### 206.

Sheriff Hill denies the allegations against him contained in Paragraph 206 of Plaintiffs' Complaint.

## COUNT TWENTY-ONE:  DEFAMATION (LIBEL/SLANDER)

### 207.

Sheriff Hill denies the allegations against him contained in Paragraph 207 of Plaintiffs' Complaint.

## COUNT TWENTY-TWO:  FALSE ARREST AND FALSE IMPRISONMENT

### 208.

Sheriff Hill denies the allegations against him contained in Paragraph 208 of Plaintiffs' Complaint.

## COUNT TWENTY-THREE:  ASSAULT

### 209.

Sheriff Hill denies the allegations against him contained in Paragraph 209 of Plaintiffs' Complaint.

AT:174504v2

## COUNT TWENTY-FOUR:  CONVERSION

210.

Sheriff Hill denies the allegations against him contained in Paragraph 210 of Plaintiffs' Complaint.

## COUNT TWENTY-FIVE:  VIOLATION OF RIGHTS CONFERRED UNDER THE GEORGIA CONSTITUTION

211.

Sheriff Hill denies the allegations against him contained in Paragraph 211 of Plaintiffs' Complaint.

## COUNT TWENTY-SIX:  GEORGIA RICO

212.

Sheriff Hill denies the allegations against him contained in Paragraph 212 of Plaintiffs' Complaint.

## COUNT TWENTY-SEVEN:  DECLARATORY JUDGMENT

213.

Sheriff Hill admits that the rules and procedures of the CCSO apply to the employees of the CCSO.  Sheriff Hill denies as pled the remaining allegations, as legal conclusions, contained in Paragraph 213 of Plaintiffs' Complaint.  The laws referenced in Paragraph 213 of Plaintiffs' Complaint speak for themselves.

AT:174504v2

214.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 214 of Plaintiffs' Complaint.  The laws referenced in Paragraph 214 of Plaintiffs' Complaint speak for themselves.

215.

Sheriff Hill denies as pled the allegations, as legal conclusions, contained in Paragraph 215 of Plaintiffs' Complaint.  The laws referenced in Paragraph 215 of Plaintiffs' Complaint speak for themselves.

## COUNT TWENTY-EIGHT:  O.C.G.A §13-6-11

217.

Sheriff Hill denies the allegations against him contained in Paragraph 217 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

Sheriff Hill denies that Plaintiffs are entitled to the relief sought against Sheriff Hill in Plaintiffs' Complaint, including each and every enumerated paragraph thereof, or to any relief against Sheriff Hill whatsoever.

Defendant respectfully request that he be awarded attorneys' fees and costs for defending this action.

AT:174504v2

- 54 -

Any allegation contained in Plaintiffs' Complaint not herein before expressly admitted, denied, or otherwise responded to is expressly denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted to the extent that it fails to allege each and every element of each and every cause of action Plaintiffs attempt to raise.

2.      Plaintiffs' claims for damages are barred to the extent they have failed to mitigate their damages, if any.

3.      Plaintiffs' punitive damage claims are barred because Sheriff Hill did not engage in any conduct which would rise to the level required to sustain an award of punitive damages.

4.      Even assuming that Plaintiffs' allegations were sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be precluded by Sheriff Hill's good faith efforts to comply with federal law, including Title VII, 42 U.S.C. §§1981, 1983, 1985, 1988, the ADEA and all other federal laws pertaining to employment.

5.      Plaintiffs are barred from recovering a remedy to the extent that Plaintiffs engaged in misconduct, violation of policies, or other conduct that would

AT:174504v2

have resulted in their termination by, or would have precluded them from obtaining employment with the Clayton County Sheriff's Office had Sheriff Hill discovered such conduct.

6.      Plaintiffs failed to exhaust their administrative remedies and thus are barred as a matter of law.

7.      The Court lacks jurisdiction over the subject matter of this lawsuit to the extent that the allegations of the Complaint are beyond the scope of a timely filed Charge of Discrimination.

8.      Even if Plaintiffs were able to prove that Sheriff Hill's actions and decisions were motivated, in part, by unlawful discriminatory and/or retaliatory intent (and they cannot), Plaintiffs' claims would fail because Sheriff Hill would have taken the same actions and made the same decisions irrespective of its alleged unlawful intent.

9.      Sheriff Hill avers that no United States or Georgia constitutionally protected rights or Federal or state statutory protected rights which were abridged by the Sheriff Hill in any act or failure to act on the part of Sheriff Hill sufficient to give rise to any claim against Sheriff Hill in his official capacity under any color of state law.

AT:174504v2

- 56 -

10.    Sheriff Hill avers that at all times material to the allegations contained in Plaintiffs' Complaint, he was acting in his official capacity and not as an individual and therefore may not be individually liable in any form to the Plaintiffs under any theory asserted in Plaintiffs' Complaint.

11.    Sheriff Hill avers that in his official capacity, Plaintiffs failed to provide the proper notice of any claims to Sheriff Hill and therefore Sheriff Hill is not liable to Plaintiffs.

12.    The actions of Sheriff Hill at all times towards Plaintiffs were done as a result of legitimate, non-retaliatory business reasons and not as the result of any alleged exercise by Plaintiffs of any rights they may have had.

13.    Sheriff Hill is entitled to a qualified good faith immunity.

14.    To the extent Plaintiffs seek retroactive application and remedies, Sheriff Hill avers he is not a "person" under 42 U.S.C. §§ 1983, 1985, 1988 or 1981 sufficient to give rise a claim against him in his official capacity as a state agency since the Sheriff is a state agency.

15.    Sheriff Hill avers the Eleventh Amendment to the United States Constitution bars any recovery against Sheriff Hill to the extent applicable.

AT:174504v2

16.    Sheriff Hill avers a justiciable controversy exists sufficient to avoid any claim for relief under O.C.G.A. § 13-6-11 and Plaintiffs have not complied with the prerequisites for filing any claim under said statute.

17.    Defendant Hill is improperly joined as a Defendant with himself in his individual capacity and official capacity.

18.    Plaintiffs' claims for defamation must fail because the statements made regarding the Plaintiffs, if any, whether written or oral, were true.

19.    Plaintiffs' claims for defamation must fail because the statements made regarding the Plaintiffs, if any, whether written or oral, were privileged.

20.    The statements made regarding the Plaintiffs, if any, whether written or oral, were made in the good faith belief that the same were true and without malice.

21.    Plaintiffs' claims for defamation should be dismissed because Plaintiffs have not pleaded the statements or utterances which were allegedly made by Defendant which are defamatory.

22.    Plaintiffs' are public figures.

AT:174504v2

- 58 -

23.    Defendant Hill has not deprived Plaintiffs or any of them of personal liberty, nor has he employed any manner of restraint to unlawfully detain any of the Plaintiffs.

24.    Defendant Hill has never possessed any property belonging to the Plaintiffs or any of them.

25.    Even if Defendant Hill had possessed property belonging to the Plaintiffs, which Defendant Hill denies, Plaintiffs never made demand for the possession of such property.

26.    Even if Defendant Hill had possessed property belonging to the Plaintiffs, which Defendant Hill denies, and even if Plaintiffs made demand for the possession of such property, which Defendant Hill denies, Defendant Hill never refused to surrender such property.

27.    The conduct of Defendant does not rise to the level of outrageousness to support a claim for intentional infliction of emotional distress as a matter of law.

28.    Defendant denies there was any assault or intent to create any apprehension of any intent to commit any harm sufficient to give rise to any claim for assault.

AT:174504v2

29.     Defendant avers there is not civil service applicable to the appointees of the Clayton County Sheriff's Office, by virtue of O.C.G.A. § 36-1-21 and to the extent any act was enacted attempted to confer such status it was unconstitutional under the Georgia Constitution as employees of the Clayton County Sheriff's office are not employees of the county.

30.     Defendant avers Clayton County is not the "employer" of the sheriff's personnel, but rather they are subject to appoint the sheriff by virtue of the laws and constitution of the State of Georgia.

31.     Defendant avers the Georgia doctrine of employment at will is applicable to all of these plaintiffs.

32.     Defendant avers he cannot be liable for any acts or failure to act of any other person or under any theory of *respondeat superior*.

33.     Any injury which the plaintiffs may have suffered, which is denied by Defendant, was occasioned by the plaintiffs' own conduct.

34.     Plaintiffs fail to allege the requisite predicate acts to support a federal of Georgia RICO claim.

35.     Plaintiffs have failed to allege an enterprise to support a federal of Georgia RICO claim.

AT:174504v2

36.    Plaintiffs have failed to allege a pattern of racketeering activity to support a federal or Georgia RICO claim.

37.    Plaintiffs have failed to allege sufficient allegations necessary to support a federal RICO claim under § 1961 et seq.

38.    Plaintiffs have failed to allege sufficient allegations necessary to support a Georgia RICO claim under O.C.G.A. § 16-4-1 et seq.

39.    Defendant has not arrested the Plaintiffs or any of them and therefore has failed to state a claim for false arrest.

40.    Defendant Hill has not consented to be sued in any form nor has he waived his immunity from suit pursuant to the Eleventh Amendment to the United States Constitution.

41.    The actions or failure to act alleged in the Complaint do not give rise to such conduct that would constitute any severe and/or pervasive nature sufficient to give rise to a claim for hostile work environment.

42.    Hill, in his individual capacity, is immune from some or all of the claims asserted against him.

43.    Defendant Hill avers he is not the employer of anyone, but rather the CCSO is the employer.  As such, he is not liable under Title VII or 42 U.S.C. §§

AT:174504v2

1981, 1983, 1985, 1988.

44.    Defendant Hill avers the doctrine of official immunity to the extent applicable.

45.    Plaintiffs' state law claims are limited against individual Defendants by virtue of O.C.G.A. § 51-12-5.1(g), although Defendant Hill denies he is liable for any punitive damage of any amount.

46.    Defendant Hill incorporates all the affirmative defenses available under O.C.G.A. § 51-5-7 et. seq.

47.    Defendant avers the doctrine of unclean hands to the extent applicable.

48.    Defendant avers plaintiffs have adequate remedies at law and thus are not entitled to any award of injunctive relief.

Dated this 2nd day of May, 2005.

Respectfully submitted,

s/ JOHN C. STIVARIUS, JR.
John C. Stivarius, Jr.
Georgia Bar No. 682599
Brenton S. Bean
Georgia Bar No. 044351
*Attorneys for Defendant Victor Hill*

AT:174504v2

- 62 -

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road, Suite 2700
Atlanta, Georgia 30326
Tel.: (404) 923-9000; Fax: (404) 923-9099

AT:174504v2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.D. MASSENGALE, et al, )<br><br>Plaintiffs, )<br><br>v. )<br><br>VICTOR HILL, et al, )<br><br>Defendants. )<br>_____) | Civil Action<br>File No.: 1:05-CV-0189-CAM |

## <u>CERTIFICATE OF SERVICE</u>

  This is to certify that I have this day served a copy of the foregoing DEFENDANT SHERIFF VICTOR HILL'S ANSWER TO PLAINTIFFS' AMENDED AND SUBSTITUTED COMPLAINT upon the following individuals via first-class mail, postage pre-paid, addressed as follows:

Harlan S. Miller, III, Esq.
Miller, Billips & Ates, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia  30308

Jack R. Hancock, Esq.
Hancock & Palmer
519 Forest Parkway, Suite 100
Forest Park, Georgia  30297

Benton J. Mathis, Jr.
William H. Buechner, Jr.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948

AT:174504v2

This 2nd day of May, 2005.

s/ JOHN C. STIVARIUS, JR.

John C. Stivarius, Jr.

Ga. Bar No.: 682599

Brenton S. Bean

Ga. Bar No.: 044351

*Attorneys for Defendant Victor Hill*

EPSTEIN BECKER & GREEN, P.C.

945 East Paces Ferry Road

Suite 2700

Atlanta, Georgia 30326

Telephone: 404-923-9000

Facsimile: 404-923-9099