IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.D. MASSENGALE, et al, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>VICTOR HILL, et al, )<br>)<br>    Defendants. )<br>_____) | Civil Action<br>File No.: 1:05-CV-0189-CAM |

## DEFENDANT VICTOR HILL'S INITIAL DISCLOSURES

Defendant Sheriff Victor Hill ("Sheriff Hill"), by his attorneys, and pursuant to Local Rule 26.1, states as follows:

**(1)   If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**(2)   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

At this time, Sheriff Hill is aware of no parties who are necessary to this action but have not been joined.

AT:176136v1

-1-

/07

**(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

At this early stage of the litigation, the full nature and extent of Plaintiffs' claims have not been revealed. Subject to the completion of discovery, and the right to supplement these responses as appropriate, Defendant Sheriff Hill provides the following preliminary answer to this inquiry:

The Plaintiffs in this action are employees at-will of the Clayton County Sheriff's Office ("CCSO"). The Sheriff's office is an elected and constitutionally created office. The Sheriff and his office are not employees of the County. Rather, the CCSO is a distinct and separate unit at the county level and the deputy sheriffs are employees of CCSO. Accordingly, Plaintiffs are not afforded any protections assigned by the Clayton County Civil Service Act.

In an effort to effectively fulfill his obligations as Sheriff by selecting his personnel and staff, Sheriff Hill terminated the employment of these at-will employees for legitimate, non-discriminatory reasons. Sheriff Hill exercised due care and, at all times, acted in good faith and in compliance with all federal and state laws pertaining to employment, including Title VII, 42 U.S.C. §§ 1981, 1983, 1985, 1988 and the ADEA. Sheriff Hill never acted with malice or willful intent

to injure plaintiffs. Plaintiffs have continuously received employment checks without interruption.

Upon terminating the employment of these at-will employees, Sheriff Hill offered each employee the opportunity to collect all personal items. At no time did Sheriff Hill assume control of any personal items of Plaintiffs. Moreover, at no time did Sheriff Hill ever hold any of the Plaintiffs against there own free will or in any way assault or intend to create any apprehension of any intent to commit harm upon any Plaintiff.

In his capacity as Sheriff, Sheriff Hill has acted under the color of state law and is afforded the applicable sovereign immunity from these claims as set forth in the Eleventh Amendment to the United States Constitution. Moreover, Sheriff Hill is not responsible for the acts or omissions of CCSO employees performed outside of their scope of employment.

Finally, Sheriff Hill has stated a meritorious defense of this matter from its onset. At no time has Sheriff Hill, or his attorneys, conducted themselves in a stubbornly litigious manner or prolonged litigation for purposes of harassment.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

29 U.S.C. § 621

42 U.S.C. § 1981

42 U.S.C. § 1983

42 U.S.C. § 1985

42 U.S.C. § 1988

Title VII of the Civil Rights Act of 1964

18 U.S.C. § 1961 *et seq.*

O.C.G.A. § 15-16-23

O.C.G.A. § 34-7-1

O.C.G.A. § 36-1-21

O.C.G.A. § 16-4-1 *et seq.*

O.C.G.A. § 51-7-1

Ga. Const. art. 9, § 2, Par. 1(c)(1)

Ga. Const. art. 9, § 1, Par. 3

Clayton County Civil Services Act

*Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 953 F.2d 587, 593 (11th Cir. 1992)

*Board of Comm'rs of Randolph County v. Wilson*, 260 Ga. 482, 396 S.E.2d 903 (1990)

*Boswell v. Bramlett*, 274 Ga. 50, 549 S.E.2d 100 (2001)

*Chaffin v. Calhoun*, 262 Ga. 202, 415 S.E.2d 906 (1992)

*Employees Retirement Sys. v. Lewis*, 109 Ga. App. 476, 136 S.E.2d 518 (1964)

*Greech v. Clayton County, Ga.*, 335 F.3d 1326 (11th Cir. 2003)

*Gwinnett County v. Yates*, 265 Ga. 504, 458 S.E.2d 791 (1995)

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-243, 109 S.Ct. 2893, 2900-2903, 106 L.Ed.2d 195 (1989)

*Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1265 (11th Cir. 2004)

*Keener v. Kimble*, 170 Ga. App. 674, 317 S.E.2d 900 (1984)

*Land v. Delta Airlines*, 130 Ga. 231, 203 S.E.2d 316 (1973)

*Lewis v. Uselton*, 224 Ga. App. 428, 480 S.E.2d 856 (1997)

*Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)

*McMillen v. Monroe County*, 520 U.S. 781 (1997)

*Mobley v. Polk County*, 242 Ga. 798, 251 S.E.2d 538 (1979)

*Pettus v. Smith*, 174 Ga. App. 587, 330 S.E.2d 935 (1985)

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 497 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985)

*U.S. v. Gonzalez*, 921 F.2d 1530, 1545 (11th Cir. 1991)

*Warren v. Crawford*, 927 F.2d 559 (11th Cir. 1991)

*Warren v. Walton*, 231 Ga. 495, 2002 S.E. 2d 405 (1973)

*Wayne County v. Herrin*, 210 Ga. App. 747, 437 S.E.2d 793

**(5)** Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

**(6)** Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

At this time, Sheriff Hill has not identified any experts to testify at trial.

Sheriff Hill reserves the right to supplement this response.

**(7)** Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

See Attachment C.

**(8)** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not

privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Sheriff Hill asserts that Plaintiffs have suffered no damages and that Sheriff's Hill's damages consist of reasonable attorneys fees and costs associated with defending this action.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Sheriff Hill is not currently aware of any person or legal entity that is, in whole or in part, liable to Plaintiffs or any defendant in this matter, save Plaintiffs' liability to Sheriff Hill for reasonable attorneys fees and costs.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

AT:176136v1

- 7 -

The applicable insurance policy is in possession of defendant Clayton County.

Respectfully submitted, this 2nd day of May, 2005.

s/ JOHN C. STIVARIUS, JR.
John C. Stivarius, Jr.
Ga. Bar No.: 682599
Brenton S. Bean
Ga. Bar No.: 044351
*Attorneys for Defendant Victor Hill*

EPSTEIN BECKER & GREEN P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30326
Telephone: 404-923-9000
Facsimile: 404-923-9099

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.D. MASSENGALE, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action |
| ) | File No.: 1:05-CV-0189-CAM |
| VICTOR HILL, et al, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

**DEFENDANT VICTOR HILL'S INITIAL DISCLOSURES** upon the following

individuals via facsimile as follows:

Harlan S. Miller, III, Esq.
Miller, Billips & Ates, P.C.
730 Peachtree Street
Suite 750
Atlanta, Georgia 30308
FAX: (404)969-4141

Benton J. Mathis, Jr.
William H. Buechner, Jr.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
FAX: (770) 937-9960

Jack Reynolds Hancock, Esq.
Hancock & Palmer
519 Forest Parkway, Suite 100
Forest Park, Georgia 30297
FAX: (404) 361-3223

This 2nd day of May, 2005.

> s/ JOHN C. STIVARIUS, JR.
> John C. Stivarius, Jr.
> Ga. Bar No.: 682599
> Brenton S. Bean
> Ga. Bar No.: 044351
> *Attorneys for Defendant Victor Hill*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30326
Telephone: 404-923-9000
Facsimile: 404-923-9099

# ATTACHMENT A

| NAME AND ADDRESS | SUBJECTS OF DISCOVERABLE INFORMATION |
|---|---|
| 1. H.D. Massengale, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 2. William T. Glaze, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 3. Larry A. Bartlett, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 4. Robert L. Mann, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 5. Michael R. Collins, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 6. Thomas D. Ward, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 7. Greg Haralson, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 8. Stephanie L. Glenn, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 9. Belinda A. Lumpkin, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 10. Michael G. Maddox, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 11. Brian C. Crisp, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 12. Kim T. Smith, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 13. Leigh D. Cash, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 14. Garland L. Watkins, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 15. Samuel W. Smith, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 16. Charlotte I. Nielson, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 17. Angelo Daniel, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 18. Marc A. Jordan, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 19. Jimmy A. Fallins, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 20. Perry Joiner, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 21. Leontyne Daniel, his address is known to his attorney | Knowledge or information of plaintiffs' claims |

AT:176136v1

| | |
|---|---|
| 22. Paul E. Barnes, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 23. William J. Watson, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 24. Concheta S. Richards, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 25. Carlos Glenn, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 26. Victoria Eckler, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 27. Jonathan Manning, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 28. Jeffrey Mitchell, his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 29. Kelly Clair, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 30. Kimberly Mitchell, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 31. Margaret Hill, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 32. Sherrie Martin, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 33. Holly Watkins, her address is known to her attorney | Knowledge or information of plaintiffs' claims |
| 34. Stan Owen his address is known to his attorney | Knowledge or information of plaintiffs' claims |
| 35. Victor Hill,<br>c/o Epstein Becker & Green<br>945 East Paces Ferry Road, Suite 2700<br>Atlanta, GA 30326-1380 | Knowledge of facts and circumstances, claims alleged against him and his defenses. |
| 36. William T. Cassels, | Knowledge of Sheriff Hill's conduct and the conduct of others in the workplace. |
| 37. Reginald L. Lindsey | Knowledge of Sheriff Hill's conduct and the conduct of others in the workplace. |
| 38. Mark J. Harris | Knowledge of Sheriff Hill's conduct and the conduct of others in the workplace. |
| 39. Timothy Hanner | Knowledge of Sheriff Hill's conduct and the conduct of others in the workplace. |
| 40. Jon Antoine | Knowledge of Sheriff Hill's conduct and the conduct of others in the workplace. |
| 41. Eldrin Bell | Knowledge of his actions as they relate to the Plaintiffs' claims and Hill's defenses. |
| 42. Sheriff Tuggle | Knowledge of his actions as Sheriff of Clayton County before and after the election of July 2004. Knowledge of expenditures, budgeting, personnel policies, practices and procedures of CCSO during his tenure. |
| 43. Sheriff Lemacks | Knowledge of expenditures, budgeting, personnel policies, practices and procedures of CCSO during his tenure. |

AT:176136v1

- 2 -

| | |
|---|---|
| 44. Chris Austin | Performed audit of CCSO warehouse |
| 45. Reporters/Investigators from Channel 11 | Knowledge of investigation related to Southern Police Institute scandal. |
| 46. Reporters/Investigators from Channel 5 | Knowledge of investigation related to Southern Police Institute scandal. |
| 47. Reporters/Investigators from Channel 2 | Knowledge of investigation related to Southern Police Institute scandal. |
| 48. Don Comer | Knowledge of his actions before and after the election of July 2004 with respect to the CCSO. Knowledge of expenditures, budgeting, personnel policies, practices and procedures of CCSO. |

# ATTACHMENT C

The following documents, listed by subject-matter category, can be found at the offices of Epstein Becker & Green P.C., 945 East Paces Ferry Road, Suite 2700, Atlanta, Georgia 30326-1380, and subject to an agreed upon confidentiality order may be reviewed:

Portions of the following:

1. Kimberly Sue Mitchell Personnel File
2. Kelly Dean Clair Personnel File
3. Robert L. Mann Personnel File
4. Stanley R. Owen Personnel File
5. Jonathan Adam Manning Personnel File
6. Marc A. Jordan Personnel File
7. Perry L. Joiner Personnel File
8. Margaret Lillian Hill Personnel File
9. Gregory D. Haralson Personnel File
10. Stephanie L. Glenn Personnel File
11. William T. Glaze, Jr. Personnel File
12. Larry A. Bartlett Personnel File

13. Paul Edward Barnes Personnel File

14. Leigh D. Cash Personnel File

15. Michael R. Collins Personnel File

16. Angelo L. Daniel Personnel File

17. Belinda A. Lumpkin Personnel File

18. Victoria J. Eckler Personnel File

19. Jimmy A. Fallins Personnel File

20. Carlos A. Glenn Personnel File

21. Michael G. Maddox Personnel File

22. Hiram D. Massengale Personnel File

23. Kim T. Smith Personnel File

24. Leontyne McClenda Daniel Personnel File

25. Holly Delores Watkins Personnel File

26. William Joseph Watson Personnel File

27. Garland Lee Watkins Personnel File

28. Thomas Davis Ward Personnel File

29. Charlotte I. Nelson Personnel File

30. Sherrie E. Martin Personnel File

31. Jeffrey T. Mitchell, Sr. Personnel File

32. Brian C. Crisp Personnel File

33. Concheta S. Richards Personnel File

34. Samuel W. Smith Personnel File