IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H. D. MASSENGALE, et al.,

               Plaintiffs,

    v.

VICTOR HILL, et al.,

               Defendants.

CIVIL ACTION FILE NO.

1:05-CV-0189-TWT

## <u>ORDER AND WRITTEN OPINION</u>

Pending before the court are Plaintiffs' motions [Docs. 398 and 416] to amend the complaint to allege additional facts in support of their 42 U.S.C. § 1983/First Amendment Free Speech and Patronage claims and in support of their 42 U.S.C. § 1985(2) claim with regard to the previously filed federal cause of action, Case No. 1:05-CV-0083, and to allege new causes of action pursuant to 42 U.S.C. §§ 1985(2) and 1986.[1]  Defendants oppose the motions to amend the complaint.  [Docs. 407, 408, 422, 423 and 424].[2]  Although directed to file any reply to the briefs in opposition to the

---

[1]Plaintiffs do not characterize the relief sought in the most recent motion to amend [Doc. 416] as does the court; however, as will be discussed *infra*, the court's statement of the relief being sought is based upon its determination of the claims currently pending in the complaint and of the claims that Plaintiffs seek to now assert.

[2]Defendant Clayton County has responded in opposition to the motions to amend the complaint on the ground that the entity is dismissed from the cause of

motions to amend on or before December 27, 2005, Plaintiffs have not responded to the arguments made by Defendants opposing the motions to amend the complaint.

1.    Procedural History

On January 10, 2005, Plaintiffs filed a civil complaint in this district, Case No. 1:05-CV-0083, based on the circumstances surrounding the election of Defendant Victor Hill as Sheriff of Clayton County and the resulting events in the Sheriff's Office after he took office, including the attempts to fire and/or demote and/or interfere with the employment of the named Plaintiffs.  On January 14, 2005, Plaintiffs voluntarily dismissed the complaint in Case No. 1:05-CV-0083.  On January 21, 2005, Plaintiffs filed a second civil complaint in this district, the instant proceeding, based on the same circumstances and events as underlying the first, voluntarily dismissed cause of action and setting forth essentially the same causes of action.  [Doc. 1].  The complaint identified twenty-seven (27) named Plaintiffs and nine (9) named Defendants in addition to ten (10) Defendants identified as "John Does."  [Id.].

---

action.  [Docs. 406 and 430].  The court agrees, and the docket has been corrected to reflect Clayton County's termination as a defendant in this law suit as of entry of the District Court order on July 25, 2005.

On February 9, 2005, Plaintiffs filed their first amended complaint, as a matter of right pursuant to Fed. R. Civ. P. 15(a),[3] to plead additional facts in support of the claims presented.  [Doc. 14].  On February 22, 2005, Plaintiffs filed a second amendment to the complaint to add a count seeking a declaratory judgment, and on February 25, 2005, another amendment to the complaint was filed seeking to add Clayton County as a named Defendant.[4]  [Doc. 29].  On March 15, 2005, Defendants Cassells, Lindsey, Harris, Hanner, Shon Hill and Antoine ("Individual Defendants") and Defendant Victor Hill filed their answers to the amended complaint.  [Docs. 47 and 50]. On March 18 and March 29, 2005, Plaintiffs filed two (2) more motions to  amend the complaint to add causes of action under Title VII and the Age Discrimination in Employment Act ("ADEA") based upon the receipt by one or more Plaintiffs of their Right to Sue letters from the Equal Employment Opportunity Commission ("EEOC"). [Docs. 62 and 67].

On April 4, 2005, the parties entered a consent agreement, adopted by the District Court, that permitted Plaintiffs to file a comprehensive amended complaint

---

[3]Rule 15(a) provides, in pertinent part, that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ."  Fed. R. Civ. P. 15(a).

[4]The District Judge ordered that amendment filed on March 1, 2005.  [Doc. 31].

asserting their claims.  [Docs. 69 and 74].  That amended complaint was filed on April 11, 2005, naming thirty-four (34) Plaintiffs and naming as Defendants:  Victor Hill, the six (6) Individual Defendants, the Clayton County Sheriff's Office, Clayton County, Georgia, the State of Georgia and Sonny Perdue.  [Doc. 77].[5]  Answers to the amended, consolidated complaint were filed by Defendants in May and June of 2005. [Docs. 105, 106, 111, 117, 118 and 270].  Following the filing of the April 11, 2005, amended complaint, on May 16, 2005, Plaintiffs moved to amend the complaint to allege Title VII claims by two (2) named Plaintiffs alleging receipt of their EEOC Right to Sue letters.  [Doc. 115].[6]

On June 1, 2005, as supplemented on June 2, 2005, the parties filed their Joint Preliminary Report and Discovery Schedule ("JPRDS"), which set the deadline for filing amendments to the complaint thirty (30) days from the entry of the JPRDS, that is, July 2, 2005.  [Docs. 262 and 264].  A review of the docket indicates that neither the

---

[5]As of this date, Plaintiffs have voluntarily dismissed or failed to oppose the dismissal of one or more named Defendants, including Andres Marierose and Sonny Perdue, and of many of the claims asserted in the April 11, 2005, amended complaint. Additionally, the District Court has dismissed Defendant Clayton County and ordered the dismissal of other claims, over Plaintiffs' objection.

[6]A review of the docket indicates that motion to amend has not yet been ruled upon.  The court **GRANTS** the motion [Doc. 115] to amend the complaint.

4

District Court nor the Magistrate Court judge entered a Scheduling Order adopting the deadlines agreed to by the parties.[7]

On November 28, 2005, Plaintiffs filed a motion [Doc. 397] to amend the complaint, to allege additional claims pursuant to Title VII, on the grounds that the identified Plaintiffs have received their EEOC Right to Sue letters. The court granted this motion to amend as to all Defendants except Defendant Clayton County, who had been dismissed from the case by the District Court. [Doc. 411]. On the same date, Plaintiffs also filed a motion [Doc. 398] to amend the complaint to allege additional facts in support of their § 1983/First Amendment Political Speech claims, which were the subject of a report and recommendation [Doc. 392] issued on November 8, 2005, recommending that those claims be dismissed for failure to state a claim.[8] And, on December 12, 2005, Plaintiffs filed another motion [Doc. 416] to amend the complaint to allege additional facts in support of their § 1983/First Amendment Patronage claims and their claim alleging a violation of § 1985(a) as regards the previously filed federal lawsuit, both of which were the subject of reports and recommendations [Docs. 386

---

[7]By separate order entered this date, a scheduling order is filed in this case.

[8]The motions to dismiss [Docs. 334 and 335] that resulted in that report and recommendation have been referred back to the undersigned for further consideration in light of the pending motions to amend.

and 392] issued October 31, 2005, and November 8, 2005, recommending that those claims be dismissed for failure to state a claim.[9]  In the December 12, 2005, motion, Plaintiffs also sought to allege additional claims pursuant to § 1985(2) and to allege a cause of action pursuant to 42 U.S.C. § 1986.  [Doc. 416].

2.     Discussion

Plaintiffs seek to amend the complaint by alleging additional facts in support of their § 1983/First Amendment Free Speech and Patronage claims and in support of their § 1985(2) claim as regards Case No. 1:05-CV-0083 and to amend the complaint to add claims pursuant to § 1985(2) as regards a state cause of action, Civil Action No. 2005-CV-16-8, and the instant federal case, 1:05-CV-0189, and to add a claim pursuant to § 1986.  [Docs. 398 and 416].  As noted, Defendants oppose the motions to amend.

Rule 15(a) provides, in pertinent part, that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "'Courts have interpreted these provisions liberally,

---

[9]The District Court has adopted as an order of the court the report and recommendation issued on October 31, 2005.  [Doc. 419].

in line with Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding.'" <u>Breckenridge Creste Apartments, Ltd. v. Citicorp Mortgage, Inc.</u>, 826 F. Supp. 460, 463 (N.D. Ga. 1993) (quoting <u>Spartan Grain & Mill Co. v. Ayers</u>, 517 F.2d 214, 220 (5th Cir. 1975)). "District courts have only limited discretion to deny a party leave to amend the pleadings[; t]hus, the Court is constrained to allow a plaintiff leave to amend unless there is a substantial countervailing reason." <u>Grayson v. K Mart Corporation</u>, 79 F.3d 1086, 1110 (11th Cir. 1996) (citations omitted). "In determining whether to grant leave to amend, a court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." <u>Id.</u>; <u>see also</u> <u>Breckenridge</u>, 826 F. Supp. at 463. However, the Eleventh Circuit has held that in some situations Rule 16 of the Federal Rules should be considered in determining whether to allow an amendment of a pleading. <u>See Sosa v. Airprint Systems, Inc.</u>, 133 F.3d 1417 (11th Cir. 1998).

Rule 16(b) provides, in pertinent part, the following:

> [T]he district judge, or a magistrate judge when authorized by district court rule, shall, . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

7

Fed. R. Civ. P. 16(b).  When a motion explicitly seeking to modify the scheduling order is filed, the rule clearly directs a court to apply the "good cause" standard.  Also, when a motion seeking to amend the complaint, not the scheduling order, is filed, and this is done after the scheduling order's deadline, the Eleventh Circuit Court of Appeals has applied the "good cause" standard to determine whether to allow the amendment. Sosa, 133 F.3d at 1419; accord O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154-55 (1st Cir. 2004); S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, 315 F.3d 533, 535 (5th Cir. 2003); Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1275 (11th Cir. 2001); In Re Milk Products Antitrust Litigation, 195 F.3d 438 (8th Cir. 1999).

Defendants contend that the Rule 16(b) "good cause" standard, not the Rule 15(a) liberal amendment provisions, apply in this case because the amendments are sought after the agreed upon deadline, July 2, 2005, for amendments to the complaint set forth in the Joint Preliminary Report and Discovery Schedule.  [Docs. 262, 264, 408, 422, 423 and 424].  Although Plaintiffs did not respond to this argument, the court is constrained by the facts to find that the "good cause" standard of Rule 16(b) is not applicable because, as previously noted, neither the District Court nor the Magistrate Court judge entered a scheduling order adopting the proposed deadlines.  In McKinley

8

v. Kaplan, 177 F.3d 1253 (11th Cir. 1999), the Eleventh Circuit Court of Appeals rejected the district court's rationale for denying a motion to amend which was based on the parties' joint scheduling report establishing an amendment deadline. Id. at 1257. The court held:

> However, the alleged joint scheduling order apparently never was entered and therefore never became binding as necessary to trigger the operation of Rule 16(b) of the Federal Rules of Civil Procedure. The [defendant] has cited to no authority for the proposition that a proposed, but not entered, joint scheduling order is binding for the purposes of Rule 16(b), and this Court's independent research has disclosed no such authority. In the absence of a dispositive scheduling order, whether leave to amend should be granted is governed by the more liberal standard set forth in Rule 15(a).

Id. This court finds, likewise, that Plaintiffs' motions to amend should be analyzed under Rule 15(a). In resolving the motions to dismiss, the court will address Plaintiffs' requests to amend the complaint in two parts: first, determining whether leave to amend should be granted pursuant to Rule 15(a) to assert new causes of action; and second, determining whether leave to amend should be granted pursuant to Rule 15(a) to supplement the factual allegations in the complaint, as to already pled causes of actions, in an effort to state a claim upon which relief can be granted in response to Defendants' motions to dismiss.

AO 72A
(Rev.8/82)

Plaintiffs contend that to the extent they seek to amend the complaint regarding claims brought pursuant to 42 U.S.C. § 1985(2), they are merely supplementing the facts in support of already pled causes of action.  [Doc. 416 at 2].[10]  The court has determined based on an examination of the amended, consolidated complaint filed on April 11, 2005, that Plaintiffs only alleged a cause of action, pursuant to 42 U.S.C. § 1985(2), based on the first, voluntarily dismissed federal civil complaint, 1:05-CV-0083. [Doc. 386 at 28-31].  Count Seventeen of the complaint alleged that Defendants were involved in a conspiracy to fire, demote, and otherwise mistreat the Plaintiffs for the purpose of obstructing justice by harassing and intimidating parties and witnesses, in violation of 42 U.S.C. § 1985(2).  The Plaintiffs alleged that the conspiracy intimidated and harassed parties and witnesses in Civil Action File No. 1:05-CV-83 and 2005-CV-16-8, the state cause of action.[11]  Contrary to Plaintiffs' assertion made in their

_____

[10]The court notes that excepting a few brief and conclusory statements regarding the proposed amendment of the complaint to "supplement" their § 1985(2) claims, Plaintiffs present no argument or authority in support of this aspect of the motion to amend, and as previously noted, Plaintiffs failed to offer any response to Defendants' arguments opposing amending the complaint as regards the § 1985(2) claims.

[11]The fact that Plaintiffs also seek to revise the wording of Count Seventeen of the complaint, not to just allege additional facts in support of Count Seventeen as already pled, reinforces the court's conclusion that as currently pled, there was no cause of action asserted based on the instant federal case nor on the state court case on the theory set forth in the proposed amended complaint.

10

opposition to the motion to dismiss, the section 1985(2) claim is not predicated on the present action (1:05-CV-189) because this action was not pled as part of Count Seventeen, nor do the specific factual allegations of obstruction of justice refer to this action.  [Doc. 77 at ¶¶ 152-53, 155, 185, 203].  Defendants make this point again in opposing the motions to amend the complaint, and Plaintiffs offer no response to their arguments.  Additionally, Plaintiffs conceded that there was no actionable claim pled involving the state case for "retaliatory conduct intended to punish the Plaintiffs for their involvement or participation in State Court litigation."  [Doc. 308 at 18-19].  Nor do they present a factually supported argument, either in that earlier response or in making the motion to amend, that a cause of action was originally pled as to the state case for denial of equal protection of law.  And as the court noted, no facts were pled in the consolidated, amended complaint which would state a cause of action based on the state court case pursuant to § 1985(2).  [Docs. 308 and 386 at 30 n. 13].  Therefore, in addition to seeking to assert a new cause of action pursuant to 42 U.S.C. § 1986, Plaintiffs are attempting to assert two (2) new causes of action pursuant to § 1985(2), pertaining to the instant lawsuit and to the state case.  For the reasons set forth *infra*, the motion [Doc. 416] to amend to assert new causes of action pursuant to § 1985(2) and pursuant to § 1986 are **DENIED**.

11

First, the court finds that Plaintiffs have unduly delayed in seeking these amendments of the complaint, which are based on facts known to Plaintiffs when the agreed upon consolidated, amended complaint was filed in April 2005, and which come over four (4) months after the agreed upon deadline set between the parties for amending the complaint and several more months after Plaintiffs became aware of the facts offered in support of the claims.  Plaintiffs identify no reason for the delay in making these amendments alleging new causes of action.  The court also agrees with Defendants, and as a review of the procedural history of the case as set forth *supra* demonstrates, that Plaintiffs have had ample opportunities to amend the complaint to fully and completely state the claims they are pursuing in this case.  The court further finds that allowing the amendment alleging new causes of action will unduly prejudice Defendants because, based on the discovery schedule set by the court, written discovery has been completed and the parties will commence depositions within thirty (30) days.  Unless the court alters, yet again, the discovery schedule - which will further delay these proceedings, Defendants will not be able to propound written discovery requests on the new causes of action and receive responses prior to depositions being conducted.  As noted, Plaintiffs offer no reasons for the undue delay in making these requests to amend the complaint nor do they respond to Defendants' opposition.  The

court concludes that these reasons justify denying the motion to amend the complaint to add new causes of action pursuant to §§ 1985(2) and 1986.  See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

Plaintiffs also seek to amend the complaint to allege additional facts in support of their § 1985(2) claim pertaining to the first, voluntarily dismissed federal cause of action, 1:05-CV-0083.  [Doc. 416].  That claim has been dismissed by the District Court, adopting this court's report and recommendation, for failure to state a claim upon which relief can be granted.  [Doc. 419].  Finally, Plaintiffs seek to amend the complaint to allege additional facts in support of their § 1983/First Amendment Political Speech and Patronage claims.  [Docs. 398 and 416].  The court has recommended that those claims be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  [Doc. 392].  Defendants oppose these amendments.

In Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), the Eleventh Circuit Court of Appeals stated:

> We are reluctant to approve rule 12(b)(6) dismissals in light of the well-established rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."
> . . . Our strict adherence to this rule has led us to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.

(citations omitted); see also Barnett v. Bailey, 956 F.2d 1036, 1043 (11th Cir. 1992) (same).  However, the right to amend the complaint to attempt to state a claim upon which relief may be granted is not absolute.  A court may deny the amendment, as is true in any other case under Rule 15(a), for the reasons stated by the Supreme Court in Foman.  See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); see also Spanish Broadcasting System of Florida v. Clear Channel Communications, Inc., 376 F.3d 1065, 1078 (11th Cir. 2004).  Therefore, this court "need not . . . allow an amendment[, even to avoid Rule 16(b)(6) dismissal,] (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Bryant, 252 F.3d at 1163.

With respect to the request to amend the complaint to state additional facts in support of the § 1985(2) claim, the court finds that the amendment should be denied because it would be futile to amend the complaint as requested by Plaintiffs.  In Hall v. United Insurance Company of America, 367 F.3d 1255 (11th Cir. 2004), the Eleventh Circuit Court of Appeals upheld a district court's denial of a proposed amendment, filed in an attempt to state a claim upon which relief can be granted, because the proposed amendment would be futile.  The court stated, "'This court has found that

14

denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'"   Id. at 1263 (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)).  Defendants argue, and this court agrees, that even with the additional facts set forth in the proposed amended complaint, Plaintiffs have failed to state a cause of action pursuant to § 1985(2) regarding the first, voluntarily dismissed federal case.[12]  [Docs. 422 and 424].

Section 1985(2), in relevant part, prohibits conspiracy by two (2) or more persons "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of having so attended or testified. . . ."  42 U.S.C. 1985(2).  Thus, this portion of section 1985(2) prohibits two (2) types of conspiracies to obstruct justice in a federal court:  those for the purpose of deterring attendance or testimony in court; and those for the purpose of retaliating against a witness for attending or testifying in court.  For either, the Plaintiffs must prove a violation of a right actually to attend or testify in a federal court.  Kimble v. D.J. McDuffy, Inc., 648 F.2d 340, 347-48

---

[12]As this court has noted, Plaintiffs presented no argument in their motion to amend that supports a conclusion to the contrary, and they failed to respond to Defendants' arguments that the proposed amendment to the complaint is futile.

(5th Cir. 1981) (en banc).  In order to state a claim under the first part, a plaintiff must establish: (1) a conspiracy between two or more persons; (2) to deter a party or witness by force, intimidation, or threat from attending federal court or testifying freely in a pending matter; which (3) causes injury to the plaintiff.  Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1271 (11th Cir. 2002), vacated on other grounds, 314 F.3d 541 (11th Cir. 2002); Chahal v. Paine Webber, Inc., 725 F.2d 20, 23 (2d Cir. 1984).   Under part two (2), rather than establishing deterrence from testifying or attending, the plaintiff must show that a party or witness was injured as a result of attending or testifying in court.

Because section 1985(2) requires that a witness be deterred from testifying in a *pending* federal proceeding, any actions that occurred before January 10, 2005, or after January 14, 2005, the time period that 1:05-CV-0083 was pending, cannot support the Plaintiffs' claim.  See Northrup v. Conseco Fin. Corp., 141 F. Supp. 2d 1372, 1375-76 (M.D. Ga. 2001) (section 1985(2) claim dismissed because no federal proceeding was pending when alleged efforts to deter plaintiff from testifying occurred); Rochon v. Dillon, 713 F. Supp. 1167, 1174 (N.D. Ill. 1989) (plaintiff failed to state section 1985(2) claim because all complained-of incidents occurred before federal action was

16

instituted).  This problem with Plaintiffs' cause of action has not been cured by the proposed amendment to the complaint.

As the court stated, and the District Court obviously agreed, even if all of the alleged events occurred during the short period in which the action was pending,[13] the Plaintiffs fail to allege a section 1985(2) deterrence or retaliation claim.  [Doc. 386 at 30-34].  The Plaintiffs assert that the actions were taken to intimidate, injure, and harass the parties and witnesses.  However, proof of merely intimidating and harassing such individuals, while inappropriate, falls short of forming the basis of a section 1985(2) claim.  For purposes of section 1985(2), the concept of deterrence includes the notion that the alleged threat or act of intimidation was related in some way to the Plaintiffs' planned testimony.  <u>Wagner</u>, 289 F.3d at 1272.  "A person deters by warning the other person that harm will befall that person if he acts in a certain way."  <u>Id.</u>  The Plaintiffs still do not allege that any indication was given that actions were taken against them because of any planned testimony.  Nor do they allege that they were told that the mistreatment would cease if they did not testify or that future mistreatment would result

---

[13]From the proposed amended complaint, it appears only the temporary demotions occurred in that brief time frame.  [Doc. 416].  Defendants make a sound argument that, as the District Court has found in adopting the report and recommendation, those "demotions" did not constitute an adverse employment action and, accordingly, do not establish an injury for purposes of § 1985(2).  [Doc. 424].

17

if they testified.  [Doc. 416].  The complaint, even if amended, would still fail to allege that any actions were taken for the purpose of deterring a party or witness from "attending" or "testifying" in the federal proceeding.  Nor could they.  No proceedings, evidentiary or otherwise, were even contemplated.  For the very same reasons, Plaintiffs simply cannot articulate a retaliatory cause of action.

For these reasons, the court **DENIES** Plaintiffs' motion [Doc. 416] to amend the complaint to allege additional facts in support of their § 1985(2) claim based on the first federal case, 1:05-CV-0083.

Finally, Plaintiffs seek to amend the complaint to allege additional facts in support of their § 1983/First Amendment Political Speech and Patronage claims. [Docs. 398 and 416].  In contrast to the other amendments being sought, Plaintiffs presented legal arguments and authority in support of the amendments of these claims, although they still failed to address Defendants' opposition to amendment of these claims.  When these proposed factual amendments are considered in light of Rule 15(a)'s liberal amendment policy and the Eleventh Circuit Court of Appeals' preference for allowing a party "at least one chance to amend a complaint before the district court dismisses the action with prejudice[,]" Bryant, 252 F.3d at 1162, the court finds that

18

the amendments to these claims should be allowed subject to Defendants renewing their motions to dismiss on the claims.

Although Plaintiffs delayed in proposing these amendments, in fact, delaying until faced with dismissal of the claims, the court does not find that the delay occurred due to bad faith by the Plaintiffs or was based on dilatory motive, and the delay will not unduly prejudice Defendants.  See Bryant, 252 F.3d at 1163.  The causes of action based on § 1983/First Amendment were alleged in the consolidated, amended complaint and have always been part of these proceedings.  Defendants, accordingly, were on notice that Plaintiffs contended that Defendants' conduct violated their First Amendment rights, and Defendants could have conducted (and the court assumes did conduct) written discovery on these claims.  Defendants additionally can further inquire into the claims, as amended, during the upcoming depositions.[14]

Most importantly, given the complexity of these claims, of the factual allegations, and of the legal theories involved, the court is not prepared to find that the proposed amendments are futile based on the record before the court.  The court concludes that allowing Defendants to renew their motions to dismiss (should they elect to do so, in

---

[14]The court may also, to the extent established as necessary, provide additional discovery relief to Defendants.

lieu of reserving the arguments for summary judgment) on the § 1983/First Amendment claims, as amended, and allowing Plaintiffs to fully respond to those arguments is the best means by which to test whether Plaintiffs have stated claims for First Amendment violations.

For these reasons, the court **GRANTS** Plaintiffs' motions [Docs. 398 and 416] to amend their § 1983/First Amendment Political Speech and Patronage claims.

3.      Conclusion

For the foregoing reasons and cited authority, the court **GRANTS** Plaintiffs' motion [Doc. 115] to amend the complaint as to the currently named Defendants, **GRANTS**, Plaintiffs' motion [Doc. 398] to amend the complaint as to the currently named Defendants, and **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion [Doc.416] to amend the complaint as to the currently named Defendants.

20

It is further **ORDERED** that the pending motions [Docs. 334 and 335] to dismiss are **DENIED** as **MOOT** with leave for Defendants to renew the motions within thirty (30) days of entry of this order.

**SO ORDERED** this 10th day of January, 2006.

_____

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

21