IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.D. MASSENGALE; et. al., | : | |
| | : | CIVIL ACTION FILE |
| Plaintiffs, | : | NO. 1:05-CV-0189-TWT |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| VICTOR HILL, et al, | : | |
| | : | |
| Defendants. | : | |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF MAJOR MICHAEL MADDOX PURSUANT TO 28 U.S.C §1746

1.

My name is Michael G. Maddox. I am employed as a Major within the Clayton Sheriff's Office. I am also a Plaintiff in the above-referenced Civil Action.

2.

I offer this Declaration in support of the pending Motions For Show Cause Order (directing Defendant Hill to show cause why he should not be held in contempt of Court), and for the purpose of providing information to the Court and the public concerning: Sheriff Hill's repeated coercive statements of indifference to and

contempt for the authority of the Court and the Clayton County Board of Commissioners.

3.

In addition to the promotions of Mark Harris and Jon Antoine to the rank of Captain which are the subject of the most recent motion for Show Cause Order, Defendant Hill has previously promoted another person----Correctional Officer Montsho----to the rank of Lieutenant. Specifically, on or about September 20, 2005, Correctional Officer Montsho was promoted to the rank of Lieutenant, as announced throughout the Sheriff's Office. No selection process was conducted in regards to filling this position.

4.

On January 18, 2006, I was called in for a meeting in the Sheriff's Office. Also present were Chief Deputy Cassells and Major Larry Bartlett. Sheriff Hill stated to Major Bartlett and myself that both of us work for him, and that "no judge tells him what to do." Sheriff Hill also stated that we were not to meet with any of the Judges without his advance approval, and that he "doesn't care what any judge, court order or Commissioners say, in fact I pay as much attention to those judges and I do that dog in my neighbors yard." Before leaving the Sheriff's Office, he stated one more time that "no one could tell him what to do and that includes the judges."

5.

Previously, on September 19, 2005, I was present at another meeting presided over by Sheriff Victor Hill. The other persons in attendance at this meeting included Chief Deputy Cassells; Cpt. Tommy Glaze; Lt. Deeann Cash; Lt. K.T. Smith; Capt. Hall; and Chaplain Reynolds.

6.

During the course of the meeting, Sheriff Hill threatened to fire all of the assembled jail command staff, with the exception of myself.

7.

During the course of the meeting, Sheriff Hill made the following statement:

> "You all know by now that I'm not afraid of any lawsuit. I don't care what any Judge, Court, Commissioner or Attorney says about what I do. I don't give a damn. I am going to run this department the way I want to."

8.

On January 23, 2006, I was present during a Superior Officers' meeting with Sheriff Hill and a number of other persons (Chief Deputy Cassells; Major Bartlett; Captain S.W. Smith; and Lieutenants K.T. Smith; Deanne Cash, and Charlotte Nelson; Robert Sowell; Chaplain Reynolds, Lawrence Ethridge and Mark Harrs).

9.

During the January 23, 2006 meeting, Sheriff Hill made a number of highly disturbing statements. These statements included the following:

(A) if the Clayton County Board of Commissioners created a Marshal's Service, he (the Sheriff) would post and deploy the Sheriff's Office "SWAT TEAM" and the "COBRA UNIT" to prevent members of the Marshal's Service from entering the Courthouse if they (members of the Marshal's Service) were equipped with weapons;

(B) he was in charge of security at the Courthouse, and "no one was going to take that away from him";

(C) if any Sheriff's Office Superior Officers were summoned to meet with Superior or State Court Judges, or members of the Board of Commissioners, that they (the Superior Officers) were to refuse to do so absent his advance approval;

(D) if we (the Superior Officers) were threatened with sanctions (including contempt sanctions of the Court for refusing any such meeting), we were to "call their bluff", and that the Sheriff's Office would then "appeal" any such sanctions;

(E) he (the Sheriff) did not care what the Judges or the Board of Commissioners did or tried to do, and that he cared about the Judges and the Board of Commissioners "about as much as [he] cares about [his] neighbor's dog.";

(F) he was tired of people "threatening him" about his office and how to run it, and that this year, he would "call all the Bluffs....";

(G) he intended to conduct an Internal Affairs investigation to determine who had told the Superior and State Court Judges about a recent security breach in which a weapon made it through the security checkpoint in the Courthouse facility, and that whoever disclosed that information to the

Judges would be fired.

10.

Sheriff Hill's comments during the January 23 meeting were clearly intended to intimidate and coerce Superior Officers in the Sheriff's Office, by way of threatening them with the loss of their job should they communicate with elected County and State Officials, and by reiterating that Sheriff Hill had no regard for the pronouncements of the Court or the Clayton County Board of Commissioners.

11.

During the meeting, Sheriff Hill also stated that he was tired of hearing rumors "about the Governor", and went on to say that "he saw the Governor last week and he waved at him", and that he said he "didn't care what was filed in the courts because this was the year of calling bluffs."

12.

The Sheriff's statements concerning deploying the "SWAT TEAM" and "COBRA UNIT" to forcibly turn away members of any new Marshal's Service were particular concern to me and were particularly disturbing, since these comments directly raised the possibility of a highly dangerous and volatile situation in which armed Sheriff's Deputies and Marshal's Service Officers confronted one another with

conflicting orders in the public entryway to the Courthouse.

14.

Due in part to the Sheriff's statements concerning "firing" the person who had advised the Judges of the recent security breach (and due to other threatening and coercive actions of Sheriff Hill since taking office) I did not raise my objections at that time.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this____day of February, 2006.

_____
Michael G. Maddox,
Major, Clayton County Sheriff's Office