IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H.D. MASSENGALE; et. al., :
: CIVIL ACTION FILE
Plaintiffs, : NO. 1:05-CV-0189-TWT
:
: **JURY TRIAL DEMANDED**
:
vs. :
:
VICTOR HILL, et al, :
:
Defendants. :

**SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFFS' THIRD MOTION FOR ORDER REQUIRING
DEFENDANT HILL TO SHOW CAUSE WHY HE SHOULD
NOT BE HELD IN CONTEMPT OF COURT**

**I. Introduction**

Plaintiffs have submitted unambiguous written documentation that Sheriff Hill violated the April 12, 2005 Order by unilaterally promoting two of the co-Defendants (Harris and Antoine) to the rank of Captain. Sheriff Hill opposes Plaintiffs' Show Cause motion based on two assertions: (1) no promotions have in fact occurred; and (2) he mistakenly (but innocently) believed that the papers he signed promoting Harris and Antoine would initiate a "recruitment process" rather than effect the final selection. Plaintiffs submit this Supplemental Brief in order

provide additional evidence revealing that neither of these "explanations" is worthy of credence.

## II  Argument and Citations Of Authority

### A  Sheriff Hill's Claim Not To Have Promoted Defendants Harris And Antoine Is Belied By Additional Written Documentation.

Sheriff Hill argues that neither Antoine nor Harris has been promoted. The objective evidence, however, is to the contrary. Plaintiffs have previously submitted to the Court the Personnel Forms effecting the promotions—both of which are signed by Sheriff Victor Hill.

Additional newly discovered evidence further undermines Sheriff Hill's claim that no promotions have occurred. Just days ago, the CCSO issued "Personnel Order No. 2006-04", dated February 20, 2006. The document purports to be approved by Chief Deputy Cassells. The subject is "Update of Radio Numbers". It contains a list of superior officers in the Sheriff's Office, along with the specified radio "call number." It includes the following:

>   Major M. Harris
>   Captain J. Antoine
>   Lieut. P. Hanner[1]

---

[1] "P. Hanner", of course, is another Defendant in this case, for whom Sheriff Hill has received no authorization to promote to the "Lieutenant" rank.

-2-

A true and accurate copy of Personnel Order 2006-04 is attached hereto as Exhibit "1".

Personnel Order 2006-04----identifying Defendants Harris and Antoine as "Major" and "Captain" respectively----was issued *after* Plaintiffs initiated the instant Motion For Show Cause. In crystal clear fashion, it explicitly identifies Defendant Harris as "Major", and identifies Defendant Antoine as a "Captain". In light of this document, Plaintiffs are at a loss as to how Sheriff Hill can claim that Harris and Antoine have not in fact been promoted. One might reasonably ask, *why*, if they have not been promoted, are they identified by Chief Deputy Cassells as Major and Captain?

Apart from the damning documentary evidence, there is likewise testimonial evidence confirming that Sheriff Hill has in fact promoted Defendants Harris and Antoine. In this regard two non-party witnesses—Lieutenants Shon Southerland and Ronald Gardiner----were deposed in this case on February 16, 2006. Both of these Lieutenants confirmed----under oath---- testified that Defendants Harris and Antoine had been promoted.

Given there facts, Defendant Hill's claim that no one has been promoted is clearly in dispute. Only a full evidentiary hearing on this point can effectively resolve that conflict in the evidence.

**B**    **Sheriff Hill's Claim That He Mistakenly Understood That The Promotions Of Harris and Antoine Amounted To Only The Initiation Of A "Recruitment Process" To Fill Vacant Captain Positions Is Belied By Additional Written Documentation.**

Sheriff Hill argues that he mistakenly (but innocently) believed that his signing of the documents promoting Defendants Harris and Antoine would initiate a "recruitment process"----rather than actually *fill* the vacant positions. Plaintiffs have previously submitted written documentation directly refuting this claim. Indeed, the documents signed by Sheriff Hill refute any such claim on their face. Additional written evidence has now come to Plaintiffs' attention which directly undermines Sheriff Hill's claimed ignorance of the difference between initiating a "recruitment/selection process, and the act of signing off on a promotion of a particular person to fill a particular vacancy.

Prior recruitment/selection processes undertaken in the Sheriff's Office make clear that Sheriff Hill knows how to go about initiating a "recruitment process", and therefore knows the difference between such a process and the act of ultimately filling the vacancy. Attached hereto as Exhibits "2", "3", "4" and "5" and "6" official "Sheriff's Office Notices" (Nos. 2005-06; 2005-07; 2005-09; 2005-10; and 2005-11, issued respectively on June 15, 2005; June 24, 2005; July 19, 2005; July 29, 2005, and August 15, 2005). Each "Notice" purports to be authorized by Chief Deputy

Cassells. And, importantly, each "Notice" advises Sheriff's Office personnel of vacant positions for which they may apply and be considered. They pertain to the following positions respectively:

| | |
|---|---|
| Notice No. 2005-006: | "Clerk Positions" |
| Notice No. 2005-007: | "SWAT" Positions |
| Notice No. 2005-009 | "Panther Unit" Positions |
| Notice No. 2005-10 | "Youth Education & Safety Section" Positions |
| Notice No. 2005-11 | "Classification Clerk Positions" |

Each one of these "Notices" is directed to all Sheriff's Office personnel, announces a vacancy, describes the position in question, and states a date by which interested persons should apply. These documents make clear that Sheriff Hill does in fact know how to initiate a "recruitment process. They also plainly foreclose any legitimate contention that Sheriff Hill does not comprehend the difference between a "recruitment process" and the ultimate act of selecting a specific person to fill a vacancy.

Sheriff Hill's claimed ignorance as to the difference between initiating a recruitment/selection and filling a vacant position is conclusively and fatally undermined by the recruitment/selection process he himself put in place to fill vacant

*"Deputy"* positions—the positions the Court allowed him to fill. Specifically, on August 1, 2005, the CCSO issued "General Order No. 2005-09". It purports to be authorized by Chief Deputy Cassells.[2] The Order is directed to "all Sheriff's Office personnel." The subject of the Order is "Correctional Officers and Deputies Hiring Board." The document specifies the individuals who will serve on the "Correctional Officers Board" and the "Deputies Board."[3] Not too surprising, the names of Defendants Harris and Antoine are included on both hiring "Boards".

Subsequently, on December 2, 2005, the CCSO issued "Sheriff's Office Notice 2005-21". It too purports to be authorized by Chief Deputy Cassells. The subject of the Order is the "2006 Assessment Center For Deputy Sheriff Trainee."[4] The document specified that:

> An Assessment Center for Deputy Sheriff I (Trainee) (D/S I) will be conducted in an attempt to identify Correctional Officers to be considered eligible for possible promotion to Deputy Sheriff Trainee.

The document specifies when persons interested in "Deputy" positions must submit

---

[2] A true and accurate copy of "General Order 2005-09" is attached hereto as Exhibit "7".

[3] Sheriff Hill created these "Hiring Boards" for the positions of "Correctional Officer" and "Deputy" long before he ever approached this Court for permission to recruit for or fill any vacant positions. That request was not submitted to the Court until December 12, 2005 [Doc. 420]

[4] A true an accurate copy of "Sheriff's Office Notice 2005-21" is attached hereto as Exhibit "8". It too predates Sheriff Hill's having sought or received permission to recruit for/fill any vacant "Deputy" positions. [Docs. 420 and 437]

resumes (December 16, 2005). In a subsequent Notice ("No. 2005-25), dated December 23, 2005 (again authorized by Chief Deputy Cassells), the names of nineteen (19) candidates "found eligible to participate" in the process were specifically identified, and a timetable was established for the next step: Civil Service testing. In fact, the document specifies that the Civil Service examination for the Deputy position would occur on January 6, 2006.[5]

After the Civil Service testing took place, on January 11, 2006, the CCSO issued yet another "Sheriff's Office Notice" (No. 2006-001).[6] This "Notice" specified the names of those persons who "ha[d] been declared eligible to proceed with the next phase" and included a timetable for the next step in the process. Finally, on February 3, 2006, the CCSO issued another "General Order", again listing names of candidate still eligible (the list has by now dwindled to 7 names), and further specifies the date of the next exercise in the selection process.[7]

In sum, when it comes to low level positions (Clerks, Correctional Officers, and Deputies), Sheriff Hill knows full well what a "recruitment/selection process" is.

---

[5] A true and accurate copy of "Sheriff's Office Notice No. 2005-25" is attached hereto as Exhibit "9".

[6] A true and accurate copy of "Sheriff's Office Notice 2006-001" is attached hereto as Exhibit "10".

[7] A true and accurate copy of "General Order No. 2006-09" is attached hereto as Exhibit "11".

He has fully demonstrated that he knows how to give notice of a vacancy, and how to set a timetable for applications and other events in the process. In fact, he has taken those very acts with regard to "Deputy" positions. Sheriff Hill clearly knows that this is an entirely different animal than signing off on the Harris and Antoine *promotions* to Captain.

### III   Conclusion

Sheriff Hill's claim that he has not promoted Defendants Harris and Antoine is directly contradicted by the objective documentary evidence, which reveals that the promotions are in fact a *fait accompli*. It is further undermined by deposition testimony of 2 non-Plaintiff Lieutenants. Further, Sheriff Hill's claimed "innocent mistake—"that he doesn't know the difference between initiating a "recruitment process" and the final act of promoting a specific person into a vacant position—is utterly unbelievable. Sheriff Hill plainly knows how to initiate a "recruitment process"----at least for low ranking clerks and entry level deputies. It is done by giving notice of a vacancy, describing the vacancy, and inviting applications from interested candidates. It is NOT done by signing personnel forms promoting Co-Defendants to vacant positions. Sheriff Hill should plainly be required to Show Cause why he should not be held in contempt of Court.

Respectfully submitted this 23rd day of February, 2006.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709

MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street
Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.D. MASSENGALE; et. al., : | |
| : | CIVIL ACTION FILE |
| Plaintiffs, : | NO. 1:05-CV-0189-CAM |
| : | |
| vs. : | |
| : | |
| VICTOR HILL, et al, : | **JURY TRIAL DEMANDED** |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2006, I electronically filed **Supplemental Brief in Support of Plaintiffs' Third Motion for Order Requiring Defendant hill to Show Cause Why he Should Not be Held in Contempt of Court**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John Campbell Stivarius Jr.
Epstein Becker & Green P.C.
Resurgens Plaza
945 E. Paces Ferry Rd., N.E., Suite 2700
Atlanta, GA 30326-1380

Benton J. Mathis Jr.                     Jack R. Hancock
Freeman Mathis & Gary, LLP               Hancock & Palmer
100 Galleria Pkwy, Suite 1600            519 Forest Parkway, Suite 100
Atlanta, GA 30339                        Forest Park, GA 30050


/s/ Harlan S. Miller
Georgia Bar No. 506709

MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street, Suite 750
Atlanta, Ga. 30308