IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

FILED
CLAYTON CO., GA
2006 MAR 31  PM 4:04

LINDA T. MILLER
CLERK SUPERIOR COURT

GARLAND WATKINS; LEONTYNE  :
DANIEL; THOMAS D. WARD; PERRY:
JOINER;  MICHAEL G. MADDOX;   :
LARRY A. BARTLETT; WILLIAM T. :
GLAZE; ANGELO DANIEL; GREGORY
HARALSON; CHARLOTTE NELSON; :
LEIGH D. CASH; and BRIAN CRISP, :
                                                    :
            Petitioners,              :
                                                    :
                                                    :
v.                                                 :
                                                    :
VICTOR HILL, Individually and in   :
his Official Capacity As Sheriff of  :
Clayton County, Ga.                     :
                                                    :
            Respondent.             :

CIVIL ACTION FILE
NO. *06CV-376-7*

## PETITION FOR CITATION OF CONTEMPT

NOW COME the above-named Petitioners and hereby submit their Petition for

Citation of Contempt on the following grounds:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant Orders entered by the Court

on January 4, 2005; January 14, 2005, and a prior Citation of Contempt against the

Respondent entered on February 8, 2005, in the case of <u>Clayton County Board of</u>

<u>Commissioners v. Victor Hill</u>,   Civil Action File No. 2005-CV-16-8 (Superior Court

of Clayton County). Said Orders are attached hereto as Exhibits "1", "2." and "3".

2.

Venue in this Court is proper because only this Court is authorized to consider

and determine whether Respondent is in Contempt of the Court's prior Orders.

**PARTIES**

3.

Each of the Petitioners is an employee in the Clayton County Sheriff's Office

("CCSO"), holding the following ranks:

| | |
|---|---|
| Petitioner Bartlett | Major |
| Petitioner Maddox | Major |
| Petitioner Glaze | Captain |
| Petitioner A. Daniel | Captain |
| Petitioner Haralson | Captain |
| Petitioner Watkins | Lieutenant |
| Petitioner Ward | Lieutenant |
| Petitioner Joiner | Lieutenant |
| Petitioner Nelson | Lieutenant |
| Petitioner Cash | Lieutenant |
| Petitioner Crisp | Sergeant |

4.

The Respondent, Victor Hill, is an elected Officer of Clayton County, Ga.,

holding the position of Sheriff of Clayton County.

-2-

## FACTUAL ALLEGATIONS

### 5.

On January 4, 2005 this Court entered an Order requiring Respondent Hill to "reinstate" the Petitioners to positions in the Sheriffs's Office from which he summarily fired them on January 3, 2005. See, Exhibit "1".

### 6.

The Order specifically identifies each of the Petitioners as persons to be reinstated.

### 7.

On January 14, 2005, this Court approved and entered a Consent Order likewise requiring that Respondent Hill reinstate the Petitioners, and further requiring "maintenance of the status quo." See, Exhibit "2".

### 8.

Because Respondent Hill willfully and deliberately failed and refused to comply with the Court's Orders of January 4, 2005 and January 14, 2005, the Court held Respondent Hill in Contempt of Court during a hearing held on February 3, 2005, memorialized by an Order entered on February 8, 2005. See, Exhibit "3".

### 9.

Pursuant to the terms of the February 8, 2005 Order, in order to purge himself

of Contempt, Respondent Hill was required to reinstate the Petitioners, "including the same rank, title, status, duties, privileges and authorities which the employees possessed prior to January 3, 2005." Id.

10.

Respondent Hill has willfully and deliberately failed and refused to comply with the February 8, 2005 Order of this Court in the manner described herein.

11.

In general terms, Respondent Hill has deliberately circumvented the Orders of this Court via the installation of a covert "chain of command" comprised of individuals to whom Respondent Hill has "unofficially" transferred the duties, powers, and authority previously invested in the Petitioners.

12.

The persons comprising Respondent Hill's covert "chain of command" include (but are not limited to) the following: Mark Harris, Jon Antoine; Timothy Hanner; Reginald Lindsay; and Lawrence Ethridge.

13.

As concerns Petitioner Garland Watkins, Respondent Hill has divested him of all of his duties and responsibilities, and has replaced him in his function as Commander of Internal Affairs, with Jon Antoine, who, although he officially holds

-4-

the title of "Investigator",  has been "unofficially" promoted to the rank of Captain

by Respondent Hill.  Petitioner Watkins has been reduced to a job of no substance,

and has been confined to office to twiddle his thumbs eight hours per day.

14.

Additionally,  in regards to Petitioner Watkins, and contrary to the Orders of

this Court, Respondent Hill has rescinded various "privileges of employment"

previously conferred on Watkins, to wit: his use of a "take home" County automobile,

and his use  of a take-home County cellular phone, in blatant and willful violation of

this Court's Orders.

15.

The use of a  take-home County automobile and cellular phone are critical to

Petitioner Watkins' ability to effectively and efficiently carry out the duties and

responsibilities to which he was assigned prior to January 3, 2005.

16.

As concerns Petitioner Leontyne Daniel, Respondent Hill has likewise divested

her of all of her former duties and responsibilities,  including but not limited to

personnel, training, grants, and various community outreach programs, having

transferred those functions to others, all in violation of this Court's Orders.

-5-

17.

Instead of performing her duties and functions as they existed prior to January 3, 2005 as required by the Orders of this Court, Respondent Hill has now assigned Petitioner Daniel the sole and exclusive function of standing guard in the Atrium of the Courthouse, a duty which does not befit her rank, position, training or experience.

18.

Additionally, in regards to Petitioner Leontyne Daniel, and contrary to the Orders of this Court, Respondent Hill has rescinded a critical and necessary "privilege of employment", to wit: her use of a "take home" County cellular phone.

19.

The use of a take home cellular phone is critical to Petitioner Daniel's ability to effectively carry out her duties and responsibilities as they existed prior to January 1, 2005.

20.

As concerns Petitioner Thomas D. Ward, Respondent Hill has likewise divested him of all of his former duties and responsibilities, including but not limited to Homeland Security, maintenance of the Departmental Wed Site, and various other functions, having transferred those functions to others, all in violation of this Court's Orders.

21.

Instead of performing his duties and functions as they existed prior to January 3, 2005 as required by the Orders of this Court, Respondent Hill has now assigned Petitioner Ward the primary function of standing guard in the Atrium of the Courthouse, a duty which does not befit his rank, position, training or experience.

22.

Additionally, in regards to Petitioner Ward, and contrary to the Orders of this Court, Respondent Hill has rescinded a critical and necessary "privilege of employment", to wit: his use of a "take home" County cellular phone.

23.

The use of a take-home cellular phone is critical to Petitioner Wards' ability to effectively carry out his duties and responsibilities as they existed prior to January 1, 2005.

24.

As concerns Petitioner Perry Joiner, Respondent Hill has divested him of virtually of his duties and responsibilities, and has replaced him in his function with other persons of the Respondent's choosing.

25.

Petitioner Joiner has been reduced to a job of no substance. Additionally, with

Respondent Hill's knowledge and approval, Petitioner Joiner's Badge has been confiscated, and he has been told that he does not hold the rank of Lieutenant, despite the fact that he has held that rank for years.

26.

Additionally, in regards to Petitioner Joiner, and contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Joiner, to wit: his use of a "take home" County automobile, and his use of a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

27.

The use of a take-home County automobile and cellular phone are critical to Petitioner Joiner's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

28.

As concerns Petitioner Michael Maddox, Respondent Hill has transferred many of the duties and responsibilities previously performed by him to others, including Mark Harris.

29.

Additionally, in regards to Petitioner Maddox, and contrary to the Orders of

-8-

this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Maddox, to wit: his use of a "take home" County automobile. Respondent Hill has likewise threatened to rescind another "privilege"---a take-home County cellular phone, in blatant and willful violation of this Court's Orders.\

30.

The use of a take-home County automobile and cellular phone are critical to Petitioner Maddox's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

31.

As concerns Petitioner Larry Bartlett, Respondent Hill has transferred many of the duties and responsibilities previously performed by him to others, including Mark Harris.

32.

Additionally, in regards to Petitioner Bartlett, and contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Bartlett, to wit: his use of a "take home" County automobile. Respondent Hill has likewise threatened to rescind another "privilege"---a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

33.

The use of a take-home County automobile and cellular phone are critical to Petitioner Bartlett's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

34.

As concerns both Petitioners Maddox and Bartlett, in direct violation of this Court's Orders, Respondent Hill has divested Petitioners Maddox and Bartlett of the authority to execute Division Orders, thereby directly inhibiting their ability to supervise the personnel under their direction. Respondent Hill has likewise transferred numerous of the personnel previously assigned to Petitioners Bartlett and Maddox to other positions within the Sheriff's Office, thereby deliberating making it impossible to effectively carry out the functions for which they are responsible.

35.

As concerns Petitioner William T. Glaze, contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Glaze, to wit: his use of a "take home" County automobile, and his use of a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

-10-

36.

The use of a take-home County automobile and cellular phone are critical to Petitioner Glaze's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

37.

As concerns Petitioner Angelo Daniel, contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on A. Daniel, to wit: his use of a "take home" County automobile, and his use of a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

38.

The use of a take-home County automobile and cellular phone are critical to Petitioner A. Daniel's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

39.

As concerns Petitioner Gregory D. Haralson, contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Harlason, to wit: his use of a "take home" County automobile, and his use of a take-home County cellular phone, in blatant and willful violation of this

Court's Orders.

40.

The use of a take-home County automobile and cellular phone are critical to Petitioner Haralson's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

41.

As concerns Petitioner Charlotte Nelson, contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Nelson, to wit: her use of a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

42.

The use of a take-home County cellular phone is critical to Petitioner Nelson's ability to effectively and efficiently carry out the duties and responsibilities to which she was assigned prior to January 3, 2005.

44.

As concerns Petitioner Leigh D. Cash, contrary to the Orders of this Court, Respondent Hill has repeatedly and materially changed the nature her duties and responsibilities.

-12-

45.

Also as concerns Petitioner Leigh D. Cash, contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Cash, to wit: his use of a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

46.

The use of a take-home County cellular phone is critical to Petitioner Cash's ability to effectively and efficiently carry out the duties and responsibilities to which she was assigned prior to January 3, 2005.

47.

As concerns Petitioner Brian Crisp, contrary to the Orders of this Court, Respondent Hill has rescinded various "privileges of employment" previously conferred on Crisp, to wit: his use of a "take home" County automobile, and his use of a take-home County cellular phone, in blatant and willful violation of this Court's Orders.

49.

The use of a take-home County automobile and cellular phone are critical to Petitioner Crisp's ability to effectively and efficiently carry out the duties and responsibilities to which he was assigned prior to January 3, 2005.

50.

Respondent Hill's actions described above were taken in bad faith and deliberate and willful disobedience of the Orders of this Court.

**WHEREFORE, Plaintiffs pray:**

(1)  That the Court set this matter down for hearing at the earliest possible moment, directing Respondent Hill to show cause why he should not be held in Contempt of Court;

(2)  That the Court enter an Order holding Respondent Hill in willful and deliberate contempt of Court, and impose appropriate sanctions;

(3)  That the Court enter an Order barring Defendant Hill from committing additional acts in defiance of this Court's Orders;

(4)  That the Court award Respondents their reasonable costs and attorney's fees incurred in prosecuting this action;

(5)  Such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of January, 2006.

_____
Harlan S. Miller
Georgia Bar No. 506709

MILLER, BILLIPS & ATES, P.C.
730 Peachtree Street
Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141

# Exhibit 1

IN THE SUPERIOR COURT OF CLAYTON COUNTY

STATE OF GEORGIA

FILED

2005 JAN -4  AM 8: 30

LINDA T. MILLER
CLERK SUPERIOR COURT

CLAYTON COUNTY BOARD OF
COMMISSIONERS,

    Petitioner.

VICTOR HILL,

    Respondent.

Civil Action No.  2005 CV 16 - 8

## ORDER

This cause is before the undersigned judge upon the application of the petition for a restraining order. It appears from the verified complaint that employees of the Sheriff were terminated by the Sheriff without cause, and in violation of the provisions of the Clayton County Civil Service System.  It further appears that the termination of these employees will cause irreparable harm by inhibiting the proper operation of the jail and other necessary operations of the Sheriff's office.

IT IS THEREFORE ORDERED that the Respondent be ordered to reinstate all of the employees who were terminated without cause on January 3, 2005, including, but not limited to the following: Garland L. Watkins, Michael G. Maddox, Leigh D. Cash, Perry Joiner, Larry A. Bartlett, Kim T. Smith, Thomas D. Ward, Leotyne Daniel, Angelo Daniel, William T. Glaze, Jr., Samuel W. Smith, Sr., Gary Haralson, H.D. Massengale, Charlotte I. Nelson, Michael R. Collins, Brian C. Crisp, Stephanie Glenn, Victoria Eckler, Marc A. Jordan, Belinda A. Lumpkin, Jimmy A. Fallins, Conchata S. Richards, William J. Watson, Jane Does and John Does;

PLAINTIFF'S
EXHIBIT

Blumberg No. 5110

1

IT IS FURTHER ORDERED that the Respondent be and is hereby restrained from firing deputies and other employees without a showing of cause, pursuant to the Clayton County Civil Service Act and accompanying Rules and Regulations.

IT IS FURTHER ORDERED that a copy of this Temporary Restraining Order be served upon the Respondent in the manner now provided for service of process.

The undersigned judge is executing this order as presiding judge in order to maintain the *status quo* pending the final resolution of this matter. The case will be assigned to a visiting judge for further proceedings.

This restraining order shall expire within thirty (30) days unless extended by further order of court or by consent.

Entered at _8:14 AM_ o' clock this _7_ day of January, 2005.


Stephen E. Boswell, Chief Judge
SUPERIOR COURT OF CLAYTON COUNTY

PRESENTED BY:
Jack R. Hancock
Georgia Bar No. 322450
519 Forest Parkway, Suite 100
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

(2)

# Exhibit 2

IN THE SUPERIOR COURT OF CLAYTON COUNTY

FILED
CLAYTON CO., GA

STATE OF GEORGIA

2005 JAN 14  AM 9: 23

LINDA T. MILLER
CLERK SUPERIOR COURT

CLAYTON COUNTY BOARD OF
COMMISSIONERS,

    Petitioner.

VICTOR HILL,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2005 CV 16 8

## CONSENT ORDER

The above and foregoing matter is presently before the Court on Plaintiff's Petition for a Temporary Restraining Order and a Writ of Mandamus and the parties having notified the Court that in an effort to demonstrate unity and mutual understanding they have consented to the entry of the following order resolving the issues presented by the Petition for an Injunction and Writ of Mandamus; IT IS THEREFORE ORDERED that the Respondent shall reinstate the following employees who were terminated on January 3, 2005, namely: Garland L. Watkins, Michael G. Maddox, Leigh D. Cash, Perry Joiner, Larry A. Bartlett, Kim T. Smith, Thomas D. Ward, Leotyne Daniel, Angelo Daniel, William T. Glaze, Jr., Samuel W. Smith, Sr., Gary Haralson, H.D. Massengale, Charlotte I. Nelson, Michael R. Collins, Brian C. Crisp, Stephanie Glenn, Victoria Eckler, Marc A. Jordan, Belinda A. Lumpkin, Jimmy A. Fallins, Conchata S. Richards, William J. Watson, Paul E. Barnes, Carlos Glenn, Jonathan Manning and Robert Mann, unless any of said employees have voluntarily terminated their employment by

PLAINTIFF'S
EXHIBIT
2
Blumberg No. 5113

filed copy to Sr judge

resignation.  Said employees shall be reinstated at the same pay that they received on January 2, 2005;

IT IS FURTHER ORDERED that the Respondent shall adhere to all the terms and conditions of the Order of Judge Stephen E. Boswell dated January 4, 2005, including but not limited to the maintenance of the status quo, until such time as a Court of competent jurisdiction shall determine that the deputies and employees of the Respondent are not covered by the Clayton County Civil Service Act.

So ordered this 14 day of January, 2005.

Judge Ben Miller, Senior Judge
SUPERIOR COURT OF CLAYTON COUNTY

FILED
CLAYTON CO. GA
LINDA T. MILLER
CLERK SUPERIOR COURT
2005 JAN 14  AM 9: 23

PRESENTED BY:
Jack R. Hancock
Georgia Bar No. 322450
519 Forest Parkway, Suite 100
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Consented to:

Jack R. Hancock
Georgia State Bar No. 322450
Attorney for Petitioner

Rolf A. Jones, Esq.
Georgia State Bar No. 403260
Kaine & Jones
108 Courthouse Way
Jonesboro, Ga. 30236
Attorney for Respondent

I certify that this
is a true copy of
the original document.

LINDA T. MILLER
Clerk Superior Court
Clayton County, Georgia

By _____
Deputy Clerk

LINDA T. MILLER, CLERK
SUPERIOR COURT
CLAYTON COUNTY, GA

(2)

# Exhibit 3

IN THE SUPERIOR COURT OF CLAYTON COUNTY

STATE OF GEORGIA

FILED
CLAYTON CO., GA

2005 FEB -9 AM 8: 19

LINDA T. MILLER
CLERK SUPERIOR COURT

| | | |
|---|---|---|
| CLAYTON COUNTY BOARD OF COMMISSIONERS, | ) ) ) | |
| Petitioner. | ) ) | |
| | ) | Civil Action No. 2005 CV 16 8 |
| VICTOR HILL, | ) ) | |
| Respondent. | ) ) ) | |

## ORDER OF CONTEMPT

The above-referenced case is before the Court on Petitioner's Motion for Contempt. Having reviewed the record, it is apparent that this Court has twice ordered that the Sheriff, Respondent Victor Hill, reinstate the employees who were terminated on January 3, 2005. By entering into the consent order which was adopted by the Court on January 14, 2005, the Sheriff willingly and knowingly consented to "reinstate" the employees. The plain and ordinary definition of "reinstate" is to restore a person to a prior position of employment.

The Court, having heard evidence and considered argument of counsel in open court on February 3, 2005, FINDS that Petitioner has proven, by a preponderance of the evidence, that the Sheriff has failed to abide by the plain language of this Court's prior orders in that he has not reinstated the deputies and employees to their prior positions of employment. Rather, the Sheriff has merely rehired the deputies and employees, while simultaneously demoting them to inferior positions. As a result, this Court FINDS that Sheriff Victor Hill is in willful contempt of this Court's Orders dated January 4, 2005 and January 14, 2005.

The Sheriff may purge himself of this contempt by reinstating the employees who have not already resigned or retired to their former positions, including the same rank, title, status, duties, privileges, and authorities which the employees possessed prior to January 3, 2005. With regard to



PLAINTIFF'S
EXHIBIT
4

the employees who were sworn deputies before January 3, 2005, the Sheriff shall swear in those persons as deputies, as they were before January 3, 2005. The Court ORDERS the Sheriff to purge himself of the contempt no later than 12:00 noon on the 10th day following the date of the entry of this Order. For every day which the Sheriff fails to do so after 12:00 noon on said date, the Sheriff shall be fined at a rate of $1,000.00 per day until he complies and purges himself of this contempt. Said fine shall be imposed against Sheriff Victor Hill in his individual capacity and not in his official capacity. The Court ORDERS that said fines shall not be paid from County funds.

The Sheriff is further ORDERED to comply with the civil service rules of Clayton County until such time as a court of competent jurisdiction determines that said deputies are not entitled to protection under the Clayton County Civil Service System.

SO ORDERED, this 7th day of _____ Feb _____, 2005.

_____
Judge Ben Miller
Senior Judge, Superior Court of Clayton County

Presented by:

_____
Jack R. Hancock
Georgia Bar No. 322450

Hancock & Palmer, LLC
519 Forest Parkway, Suite 100
Forest Park, Georgia 30297
(404) 366-1000

FILED
CLAYTON CO., GA
2005 FEB -8 AM 8: 19
LINDA T. MILLER
CLERK SUPERIOR COURT