Source: Legal > States Legal - U.S. > Georgia > Cases > GA State Cases, Combined [i]
Terms: hill v watkins  (Edit Search | Suggest Terms for My Search)

2006 Ga. LEXIS 160, *

# HILL v. WATKINS et al.

S05A2107

SUPREME COURT OF GEORGIA

2006 Ga. LEXIS 160

February 27, 2006, Decided

**NOTICE:** [*1] NOT FINAL UNTIL EXPIRATION OF THE REHEARING PERIOD. THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BY THE COURT.

**DISPOSITION:** Judgment affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellee employees brought an action against appellant sheriff, alleging that they had been wrongfully discharged from their employment by the sheriff in violation of the Clayton County Civil Service System Act, 1994 Ga. Laws 4399, and seeking a declaratory judgment and injunctive relief. The trial court (Georgia) granted summary judgment in favor of the employees. The sheriff appealed.

**OVERVIEW:** The sheriff argued that the employees were not entitled to the protections of the Clayton County Civil Service System Act, 1994 Ga. Laws 4399. The trial court agreed with the employees that they were covered by that act. The question was whether there was proper authorization under the Georgia Constitution for the specific inclusion of sheriff's office employees in the 1994 Civil Service Act. The appellate court ruled that 1994 Ga. Laws 4399 was authorized by a 1963 local constitutional amendment, which was continued in effect by legislation enacted in 1986. After the adoption of the 1983 Constitution, the 1963 constitutional amendment, 1963 Ga. Laws 681, was specifically continued in effect by 1986 Ga. Laws 5573. Thus, the general assembly specifically authorized Clayton County, Georgia, via an unambiguous 1963 local constitutional amendment, 1963 Ga. Laws 681, as extended in 1986, to enact a civil service system which included any person whose wages or salary was paid by the county.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** elected, civil service system, constitutional amendment, merit system, coverage, salary, county employees, wages, Civil Service Act, personnel, elected official, repealed, deputy clerk, good cause, authorization, inclusion, authorize, covering, regular, payroll, deputy, payor, clerk, toil, specifically authorized, declaratory judgment, discharged employee, injunctive relief, summary judgment, unambiguous

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Governments > Local Governments > Employees & Officials

HN1 ± In order to place employees under a county civil service system, specific authorizing

legislation must be passed pursuant to a constitutional amendment, or the procedure set out in O.C.G.A. § 36-1-21 must be followed. O.C.G.A. § 36-1-21(d)(1)(A).  More Like This Headnote

Governments > Local Governments > Employees & Officials

HN2 1994 Ga. Laws 4399 was authorized by a 1963 local constitutional amendment, which was continued in effect by legislation enacted in 1986.  More Like This Headnote

Governments > Local Governments > Employees & Officials

HN3 See 1994 Ga. Laws 4400, § 2(b).

Governments > Local Governments > Employees & Officials

HN4 1994 Ga. Laws 4400, § 2(c) expressly excludes from coverage "elected officials."  More Like This Headnote

Governments > Legislation > Interpretation

HN5 All statutes relating to the same subject matter are to be construed together, and harmonized wherever possible, so as to give effect to legislative intent.  More Like This Headnote

Governments > Local Governments > Employees & Officials

HN6 Under 1994 Ga. Laws 4400, § 2, an elected sheriff is not subject to the civil service system, but those occupying positions in his office are. 1994 Ga. Laws 4404, § 9 further provides that no employee who is covered under the civil service system may be dismissed from employment except for good cause and in accordance with civil service system rules and regulations.  More Like This Headnote

Governments > Local Governments > Employees & Officials

HN7 After the adoption of the 1983 Constitution, the 1963 constitutional amendment, 1963 Ga. Laws 681, was specifically continued in effect by 1986 Ga. Laws 5573. 1994 Ga. Laws 4400, § 2.  More Like This Headnote

Governments > Local Governments > Employees & Officials

HN8 The general assembly specifically authorized Clayton County, Georgia, via an unambiguous 1963 local constitutional amendment, 1963 Ga. Laws 681, as extended in 1986, to enact a civil service system which includes any person whose wages or salary is paid by the county.  More Like This Headnote

◆ Hide Headnotes / Syllabus

**HEADNOTES:**
Georgia Advance Headnotes

GA(1) **(1) Governments. Local Governments. Employees & Officials.** General Assembly specifically authorized Clayton County, via an unambiguous 1963 local constitutional amendment, as extended in 1986, to enact a civil service system which includes any person

whose wages or salary is paid by the county. A 1994 Act properly included "all positions within the . . . office[] . . . [of] sheriff" within the coverage of the Clayton County civil service system, as those employees are paid by the county, and affirmance was warranted for a trial court grant of summary judgment in favor of plaintiff, a discharged employee of the Clayton County Sheriff's Office, in an action for declaratory judgment and injunctive relief.

**JUDGES:** THOMPSON, Justice. All the Justices concur, except Benham, J., who dissents.

**OPINIONBY:** THOMPSON

**OPINION:** Thompson, Justice.

Shortly after assuming the office of Sheriff of Clayton County in January 2005, appellant Victor Hill sent notices summarily terminating the employment of 27 employees of the Clayton County Sheriff's Office, and advising them that they are not entitled to the protections of the Clayton County Civil Service System Act, Ga. L. 1994, p. 4399 ("the 1994 Act"). Two discharged employees, appellees Holly Watkins and Sherrie Martin (hereafter "Watkins"), brought a complaint for declaratory judgment and injunctive relief, asserting that they are subject to the 1994 Act, which affords them due process and prohibits termination without just cause. The trial court agreed with Watkins that employees of the Clayton County Sheriff's Office are covered by the 1994 Act, and it granted summary judgment in her favor. Hill appeals, asserting that the trial court's ruling was erroneous in several respects. Finding no error, we affirm.

1. $^{HN1}$In order [*2] to place employees under a county civil service system, specific authorizing legislation must be passed pursuant to a constitutional amendment, or the procedure set out in OCGA § 36-1-21 must be followed. *Gwinnett County v. Yates*, 265 Ga. 504 (1) (458 SE2d 791) (1995). See OCGA § 36-1-21 (d) (1) (A) (pursuant to a local constitutional amendment, the General Assembly may provide by law for any civil service or merit system for any county). It is uncontroverted that the statutory method was not utilized in this case. Thus, the question before the Court is whether there was proper authorization under the Georgia Constitution for the specific inclusion of sheriff's office employees in the 1994 Civil Service Act.

In summary, $^{HN2}$the 1994 Act was authorized by a 1963 local constitutional amendment, which was continued in effect by legislation enacted in 1986. The history is as follows:

The current 1994 Clayton County Civil Service System Act was established by Ga. L. 1994, p. 4400, § 2, to create "a civil service system of personnel administration, to be known as the Clayton County Civil Service System." The 1994 Act expressly [*3] repealed an earlier version of the Clayton County Civil Service System Act, Ga. L. 1963, p. 2747, as amended. n1 Ga. L. 1994, p. 4406, § 15. As relevant to our analysis, the 1994 Act states: $^{HN3}$"Except as provided in this Act, all positions within the following offices are subject to and covered by the civil service system: . . . sheriffs." Id. at p. 4400, § 2 (b). $^{HN4}$The next section expressly excludes from coverage, "elected officials." Id. at p. 4401, § (2) (c). Viewing these provisions in pari materia as we must, see *Swims v. Fulton County*, 267 Ga. 94, 96 (475 SE2d 597) (1996) $^{HN5}$("all statutes relating to the same subject matter are to be construed together, and harmonized wherever possible, so as to give effect to legislative intent"), it is clear that $^{HN6}$the elected sheriff is not subject to the civil service system, but those occupying positions in his office are. The Act further provides that no employee who is covered under the civil service system may be dismissed from employment "except for good cause and in accordance with civil service system rules and regulations." Id. at 4404, § 9.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Both parties devote much of their argument to addressing the constitutionality of the 1963 Civil Service Act. But because the 1963 Act was expressly repealed, the outcome of this case is controlled by the current 1994 Act.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*4]**

The legal authority for the 1994 Act was a local amendment to Art. VII, Sec. IV, Para. I of the Georgia Constitution, proposed by 1963 House Resolution 50 (Ga. L. 1963, p. 681), and ratified at the general election in 1964. The 1963 local constitutional amendment provided as follows: "The General Assembly shall have the authority, however, to enact laws creating a Civil Service System [for Clayton County] for all those persons, other than officials elected by the people, *whose wages or salaries are paid in whole or in part out of the funds of Clayton County*." n2 (Emphasis supplied). Ga. L. 1963, p. 681-682, § 1. $^{HN7}$After the adoption of the 1983 Constitution, the 1963 constitutional amendment was specifically "continued in effect by an Act approved March 28, 1986 (Ga. L. 1986, p. 5573)." Ga. L. 1994, p. 4400, § 2.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 It is without dispute that Watkins' salary is paid from county funds.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Virtually identical constitutional language was considered in *Shead v. Scholes*, 239 Ga. 804 (238 SE2d 859) (1977), **[*5]** where a 1963 constitutional amendment authorized the creation of a civil service system in Cobb County for "any or all persons, other than elected officials, whose wages or salaries are paid in whole or in part out of the funds of Cobb County." Id. at 807. Because this Court determined that the constitutional amendment extended coverage to more than just those individuals who were designated as county employees, the Court held that employees of a pretrial services agency, which was not part of county government, but was created by judicial decree and funded by the county, may come under the jurisdiction of the civil service system. *Shead, supra* at 808.

The dissent fails to either cite or distinguish *Shead*; instead it places great emphasis on *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791) (1995). In that case, the clerk of the superior court of Gwinnett County, an elected official, discharged a deputy clerk. The issue was whether the language of a local constitutional amendment which authorized Gwinnett County to provide by law for a "[m]erit [s]ystem for *any or all present and future employees of Gwinnett County* other than elected **[*6]** officials" (emphasis supplied), was broad enough to bring the discharged employee within the coverage of the county merit system. Id. at 505. Recognizing a distinction between county employees and employees of an elected official of the county, we determined that the Gwinnett act, which explicitly authorized inclusion of only county employees, was insufficient to include the deputy clerk within the county merit system. *Yates, supra* (1) (a). Thus, we hold that *Shead*, not *Yates*, is controlling authority.

$^{GA(1)}$**(1)** Here, $^{HN8}$the General Assembly specifically authorized Clayton County, via an unambiguous 1963 local constitutional amendment, as extended in 1986, to enact a civil service system which includes any person whose wages or salary is paid by the county. See *Yates, supra* at 512, Benham, P. J, dissenting (opining that "one is an employee of [the county] if one is on a regular payroll maintained by [the county] and [the county] is the payor of the wages or salary one receives as compensation for one's toil.") Pursuant to the 1963 and 1986 constitutional authorization, the 1994 Act properly included "all positions


within the . . . office[] **[*7]** . . . [of] sheriff." Ga. L. 1994, p. 4400, § (2) (b), within the coverage of the Clayton County civil service system as those employees are paid by the county. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Our holding today is in no way intended to diminish the autonomy granted to the sheriff to appoint or discharge employees, see OCGA § 15-16-23; Wayne County v. Herrin, 210 Ga. App. 747 (437 SE2d 793) (1993), or to maintain the independence of his elected position.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

2. Hill asserts that a certain resolution adopted by the Clayton Board of Commissioners in 1965 to implement the 1963 Civil Service Act violated the Home Rule provision of the Georgia Constitution, Art. IX, Sec. II, Para. I (c) (1) (legislative power granted to counties shall not extend to an action affecting any elective county office or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority). Under the 1963 Civil Service Act, any department of Clayton County could be brought under the civil **[*8]** service system by a vote of more than 50 percent of its employees. The resolution in question shows that the Clayton County Sheriff's Office voted for coverage. As noted previously, the 1963 Act was expressly repealed by the 1994 Act. Thus, we find that the resolution in question has no applicability here. Even assuming that it does, we agree with the trial court's finding that the resolution represents a reasonable exercise of the discretion conferred by the constitutional amendment. See generally Schrenko v. DeKalb County School District, 276 Ga. 786 (2) (582 SE2d 109) (2003). We find no violation of Art. IX, Sec. II, Para. I (c) (1).

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

**DISSENTBY:** BENHAM

**DISSENT:** BENHAM, Justice, dissenting.

I respectfully disagree with the majority's conclusion that employees of the Clayton County sheriff are subject to dismissal only for good cause. I believe the employees of the sheriff are not county employees and thus are not covered by the Clayton County Civil Service Act, Ga. L. 1994, p. 4399, which covers all *county* employees except elected officials.

Section 2(c) of Clayton County's Civil Service Act **[*9]** states: "All employees of Clayton County may be placed under the civil service system except elected officials...." That language is similar to the language used by the General Assembly to authorize a merit service plan for employees of Gwinnett County ("any or all present and future employees of Gwinnett County other than elected officials"). Gwinnett County v. Yates, 265 Ga. 504 (1a) (458 SE2d 791) (1995). In *Gwinnett County v. Yates*, this Court determined the employees of the county's elected officials were not covered by the civil service system covering county employees other than elected officials because "the General Assembly observed a distinction between employees of a county and employees of the elected officials of the county." Today, the majority, construing nearly identical language, ignores that distinction and concludes the employees of a county's elected official are covered by the county merit system. Consistency is critical to appellate jurisprudence and should not be so easily disregarded.

The majority makes much of Section 2(b) of the 1994 legislation amending the Clayton County merit system, noting that it provided that all positions within **[*10]** the sheriff's office were subject to and covered by the civil service system. In light of Section 2(b)'s

introductory phrase: "Except as provided in this Act...," I submit that the provisions of section 2c ("All employees of Clayton County may be placed under the civil service system except elected officials"), when construed as the same phrase was construed in *Gwinnett County v. Yates*, does not permit reliance on section 2b.

The majority attempts to distinguish the case at bar from *Gwinnett County v. Yates* by focusing on the language of the constitutional amendment that defines the scope of legislation authorizing the enactment of a merit system for Clayton County ("a Civil Service System for all those persons, other than officials elected by the people, whose wages or salaries are paid in whole or in part our of the funds of Clayton County"). I submit that this definitional phrase is nothing more than a synonym for "employee" - one who is on a regular payroll maintained by the county and the county is the payor of the wages or salary one receives as compensation for one's toil. Because the constitutional amendment uses a phrase that defines "employee" to set the parameters **[*11]** of the coverage of the Clayton County merit system, it should be construed to authorize the same coverage that use of the term "employee" would give - and this Court determined in *Gwinnett County v. Yates* that such coverage would not include the employees of elected officials.

To maintain the independence so essential to the performance of the duties of elective office, the authority of elected officials to run their offices without interference must be jealously guarded. This independence is especially vital for sheriffs because of the wide-ranging authority of their positions and broad discretion necessarily applied not only by the sheriff, but by the sheriff's deputies, for whose misconduct the sheriff is liable. OCGA § 15-16-24. Thus, of the four elected constitutional county officers (the other three are the clerk of the superior court, the judge of the probate court, and the tax official, 1983 Ga. Const., Art. IX, Sec. I, Par. III (a)), the sheriff has the greatest need for personal control of employees. Since the county cannot be held vicariously liable for the negligence of a sheriff's deputies (*Lowe v. Jones County*, 231 Ga. App. 372 (2) (499 SE2d 348) (1998)), **[*12]** the sheriff must be permitted autonomy in personnel decisions. Even in a case in which it was ruled that a sheriff's employees were covered by a county merit system, the Court of Appeals correctly noted that it did "not lightly limit the ability of sheriffs to employ persons loyal to him ...." *Wayne County v. Herrin*, 210 Ga. App. 747, 753 (437 SE2d 793) (1993). To maintain a system that permits elected constitutional county officers to exercise the full range of the discretion invested in them by the people, the courts must remain cognizant of the essential principle that "employees of constitutionally elected officers of a county are considered employees of the elected officer and not employees of the county ...." *Boswell v. Bramlett*, 274 Ga. 50 (2) (549 SE2d 100) (2001). Applying that principle to the present case causes me to conclude that a merit system covering county employees does not cover employees of the sheriff. The majority's contrary conclusion violates that principle and compels me to dissent.

Source: Legal > States Legal - U.S. > Georgia > Cases > **GA State Cases, Combined** [i]
Terms: **hill v watkins**  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, March 9, 2006 - 1:58 PM EST

 About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H. D. Massengale, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-00189-TWT-JFK |
| ) | |
| Victor Hill, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANT CLAYTON COUNTY SHERIFF'S OFFICE'S PETITION TO TAKE PERSONNEL ACTION**

COMES NOW, Defendant Clayton County Sheriff's Office ("CCSO"), by and through its counsel of record, in accordance with the Court's Order dated April 12, 2005 [75], and herein petitions the Court for an Order permitting it to take the following personnel action. In furtherance of said Petition, Defendant CCSO shows the Court as follows:

1.  <u>Hire Five Deputy Sheriffs</u>. The CCSO has openings for five (5) entry-level Deputy Sheriffs and desires to recruit for and fill those openings immediately. These openings are for positions classified by rank as "Deputy Sheriff II." The CCSO respectfully requests an order of the Court permitting it to fill these positions.

AT:362269v2

Respectfully submitted this 10th day of March, 2006.

/s/ Brenton S. Bean
BRENTON S. BEAN
GA Bar No.: 044351
JOHN C. STIVARIUS, JR.
GA. Bar No.: 682599
*Attorneys for Clayton County
Sheriff's Office*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30327
(404)923-9000
(404) 923-9099 (fax)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.D. MASSENGALE, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action |
| ) | File No.: 1:05-CV-0189-TWT-JFK |
| VICTOR HILL, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this 10th day of March, 2006 served a copy of the foregoing **DEFENDANT CLAYTON COUNTY SHERIFF'S OFFICE'S PETITION TO TAKE PERSONNEL ACTION** to the Clerk of the Court, using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants as follows:

| | |
|---|---|
| Harlan S. Miller, III, Esq. | Benton J. Mathis, Jr. |
| Miller, Billips & Ates, P.C. | William H. Buechner, Jr. |
| 730 Peachtree Street, Suite 750 | Freeman Mathis & Gary, LLP |
| Atlanta, Georgia 30308 | 100 Galleria Parkway, Suite 1600 |
| Email: hmiller@mbalawfirm.com | Atlanta, Georgia 30339-5948 |
| Phone: (404) 969-4101 | Email: bmathis@fmglaw.com |
| Fax: (404) 969-4141 | Email: bbuechner@fmglaw.com |
| | Phone: (770) 818-1400 |
| | Fax: (770) 937-9960 |

AT:362269v2

- 3 -

Jack Reynolds Hancock, Esq.
Hancock & Palmer
519 Forest Parkway, Suite 100
Forest Park, Georgia  30297
Email:
jrhancock@hancocklawfirm.com
Phone:  (404) 366-1000
Fax:      (404) 361-3223


        /s/  Brenton S. Bean
John C. Stivarius, Jr.
Ga. Bar No.: 682599
Brenton S. Bean
Ga. Bar No.: 044351
*Attorneys for Defendant*
*Clayton County Sheriff's Office*


EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30326
Telephone: 404-923-9000
Facsimile: 404-923-9099