IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H. D. Massengale, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-00189-TWT-JFK |
| ) | |
| Victor Hill, et al, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CLAYTON COUNTY SHERIFF'S OFFICE'S PETITION TO TAKE PERSONNEL ACTION

COMES NOW, Defendant Clayton County Sheriff's Office ("CCSO"), by and through its counsel of record, in accordance with the Court's Order dated April 12, 2005 [75], and herein petitions the Court for an Order permitting it to take the following personnel action. In furtherance of said Petition, Defendant CCSO shows the Court as follows:

1. <u>"Transfer" 25 Plaintiffs.</u>   Sheriff Hill[1] recently received correspondence dated March 10, 2006, from the Plaintiff's attorney, Mr. Harlan Miller, demanding that all the Plaintiffs who are currently employed by the CCSO

---

[1] It should be noted that counsel for the Defendant had previously instructed Plaintiff's counsel that Sheriff Hill should not be contacted directly by Plaintiffs' counsel in accordance with the Rules of Professional Responsibility, but such contact was made nevertheless.

AT:371985v1

be "transferred." There are twenty-five (25) Plaintiffs who presently are employed by the CCSO. The CCSO is not a department of the Clayton County government. See Ga. Consti. Art. 9, Sec. 2, Par. 1(c) ; Manders v. Lee, 338 F. 3d. 1304(11th Cir. 2003). The Sheriff's office is separate, autonomous and independent; its powers and duties are derived from the Constitution and not from the county, and State has exclusive authority over the control and duties of the Sheriff's Office. Chaffin v. Calhoun, 262 Ga. 202(1992). Deputy Sheriffs are employees of the Sheriff and not the County. Keener v. Kimble, 170 Ga. App. 674 (1984); Pettus v., Smith, 174 Ga. App. 587 (1985).  [The Georgia Supreme Court recently held in Hill v. Watkins, S05A2107, Feb. 27, 2006, page 6, fn 3, " Our holding today is in no way intended to diminish the autonomy granted to the sheriff to appoint or discharge employees, see O.C.G.A. § 15-16-23; Wayne County v. Herrin, 210 Ga. App. 747 (437 S.E.2d 793) (1993), or to maintain independence of his elected position."]

As such, no such "transfer" *per se* can occur. However, it appears the intent of such a demand by Plaintiffs is to be moved somehow to another vacant position within the Clayton County government pursuant to the Civil Service Act. Indeed, Mr. Miller's letter reads that they seek positions within the Clayton County Police Department. As such, the only mechanism available to accomplish this "demand" by the Plaintiffs is for this Court to allow Sheriff Hill to separate from employment

the twenty-five (25) Plaintiffs cited herein with the CCSO and allow them to seek vacant positions within the Clayton County government. The ensuing vacancies within the CCSO would then be filled in accordance with the applicable Civil Service Act rules. According to the Clayton County Civil Service Act, Rules 7.202(h) and possibly 7.203 appear applicable to how a "transfer" may occur as demanded by the plaintiffs. This would necessarily require a separation from employment status within the CCSO and a reappointment to the new position for which a plaintiff would be reappointed. Hill has attached these two sections of the Clayton County Civil Service Act for the Court's review as Exhibit A hereto.

In furtherance of Mr. Miller's demand, the CCSO seeks an Order from the Court permitting it to initiate separations and then transfers of the following CCSO employees: Paul Barnes; Larry Bartlett; Leigh Cash; Kelly Clair; Brian Crisp; Angelo Daniel; Leontyne Daniel; William Glaze; Stephanie Glenn; Gregory Haralson; Margaret Hill Cruz; Perry Joiner; Marc Jordan; Michael Maddox; Robert Mann; Hiram Massengale; Jeffrey Mitchell; Kimberly Mitchell; Charlotte Nelson; Stanley Owen; K. T. Smith; S. W. Smith; Thomas D. Ward; Garland Watkins; and, William Watson. The separations and transfers are to be made in accordance with the applicable provisions of the Clayton County Civil Service Act and are being made at the demand of the Plaintiffs themselves through their counsel of record,

Harlan Miller. Further, Sheriff Hill respectfully requests of this Court the authority to fill those positions left vacant by the separations and transfers of any Plaintiff in accordance with this Order under the rules of the Clayton County Civil Service Act.

Respectfully submitted this 23rd day of March, 2006.

/s/ Brenton S. Bean
BRENTON S. BEAN
GA Bar No.: 044351
JOHN C. STIVARIUS, JR.
GA. Bar No.: 682599
*Attorneys for Clayton County Sheriff's Office*

EPSTEIN BECKER & GREEN, P.C.
945 East Paces Ferry Road
Suite 2700
Atlanta, Georgia 30327
(404)923-9000
(404) 923-9099 (fax)