Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H. D. Massengale, et al, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:05-CV-00189-TWT |
| | * | |
| Victor Hill, et al, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## DECLARATION OF SHERIFF VICTOR K. HILL IN SUPPORT OF CCSO PETITIONS TO MOVE OFFICE LOCATION AND TRANSFER DEPUTY

COMES NOW Victor K. Hill, Declarant, and herein states under oath as follows:

1. I am Victor K. Hill, I reside in the State of Georgia, I am over the age of majority, and I am suffering from no legal disabilities. This declaration is based upon my personal knowledge.

2. I am the Sheriff at the Clayton County Sheriff's Office ("CCSO"), a position for which I was elected on November 2, 2004. I took office on January 3, 2005.

3. Currently, the CCSO has personnel for various divisions and units scattered throughout various areas of our building. This arrangement creates

communication problems between the employees and supervisors of such units and hinders my goal of running a more efficient Sheriff's Office. Additionally, I currently lack space in my Executive Suite (area that houses my office, and the office of the Chief and Legal Advisor) to accommodate my Public Information Officer and Constituent Services Coordinator, two staff members in positions of trust to which I need access on a frequent and direct basis. I have thus decided to shuffle offices and personnel around the CCSO in order to bring various units together and open space in my Executive Suite in order to improve communications and efficiency throughout the CCSO.

4. One of the proposed changes will affect Plaintiff Lt. Garland Watkins, Special Investigations Section ("SIS") Commander. As the Court is aware, the previous administration rid the CCSO of an Internal Affairs Unit. In its place, it created SIS, which worked at the discretion of the Sheriff. The SIS structure for investigations was designed so that "line supervisors" investigated their own units when complaints arose. They would then prepare reports and submit them to the SIS Commander, and only employee, Lt. Watkins. Lt. Watkins's office was and still is located in the Executive Suite.

5. This SIS structure concerned me due to the vast potential for bias and, at least the appearance of improprieties in conducting investigations and reaching

truthful, neutral conclusions. Hence, I determined that the CCSO needed an independent Internal Affairs department to formally conduct background checks on applicants and to investigate inmate complaints and other allegations of misconduct by or against CCSO employees. In order to further my goal of ensuring the independence of this unit, and as part of my reorganization plan, I will relocate *all* Internal Affairs employees, including IA Commander Jon Antoine *outside* the Executive Suite and will place them together in an area of the CCSO to be determined.

6. As Lt. Watkins stated during his examination at the May 31, 2006 Contempt Hearing, his SIS duties and responsibilities resemble those of Internal Affairs employees. Lt. Watkins is, however, struggling with new investigative procedures I have implemented at the CCSO to ensure fairness and improve efficiency (*e.g.* immediately following up on inmate claims of sexual assault by officers and indexing documents in investigation files). Hence, Lt. Watkins could benefit from being in close proximity to the Internal Affairs unit so he can learn the new procedures and prepare for the inevitable transition from SIS to IA when he finally closes the SIS files on which he has been working for the last year. Additionally, I have no need whatsoever to have Lt. Watkins located in the

Executive Suite; in fact, his presence in the Executive Suite defeats my goal of establishing that investigators of internal matters are impartial and independent.

7. As part of the reorganization plan, I also need to move Plaintiff Stephanie Glenn from the Executive Suite into the finance and accounting area. When I took office and asked Ms. Glenn what her title and duties were, she said that she was the Finance Administrator and that her duties were to fill out purchase orders. As such, Ms. Glenn needs to be situated with the rest of the finance and accounting staff. Ms. Glenn's duties do not require her to have frequent or even regular contact with me and thus her presence in the Executive Suite is unnecessary.

8. Recently, a Deputy from the CCSO's SORT Unit (Sexual Offenders Registry Tracking Unit) retired. It is imperative that the Deputy be replaced as soon as possible. Given Deputy Minh Doan's excellent performance in the Warrants Division and his work with HART (Hispanic and Asian Relations Team), a community outreach program to reach out to the county's growing Hispanic and Asian population, I would like to transfer him from the Warrants Division to the SORT Unit.

I declare under penalty of perjury that the foregoing is true and correct.

This the ____ day of June, 2006.

                                             _/s/ Victor Hill_
                                             Sheriff Victor K. Hill