IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.D. MASSENGALE; et. al., | : | |
| | : | CIVIL ACTION FILE |
| Plaintiffs, | : | NO.  1:05-CV-0189-TWT |
| | : | |
| vs. | : | |
| | : | |
| VICTOR HILL, et al, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**ATTACHMENT "A"**

\_\_\_\_\_The parties herein stipulate and consent to the following terms:

**1.**

The Plaintiffs (individually and separately) and Clayton County have executed settlement agreements releasing all defendants in their individual and official capacities in the above referenced action;

2.

The Court reserves and shall retain jurisdiction of this action in order to ensure compliance with the Settlement Agreements referenced above and the terms specified herein;

3.

Plaintiffs consent to the dismissal with prejudice of all Civil Service Board

hearings, grievances and/or administrative processes against the Clayton County Sheriff's Office and/or Sheriff Victor Hill involving the alleged failure to provide cell phones, take-home automobiles and other vehicles similar to those events giving rise to the suit styled *Bartlett et al v. Clayton County et al*, Civil Action File No. 1:06-CV-0211-TWT (Northern District of Georgia);

4.

Plaintiffs consent to the dismissal with prejudice of all Civil Service Board hearings, grievances and/or administrative processes against the Clayton County Sheriff's Office and/or Sheriff Victor Hill involving the alleged failure to properly pay the alleged plaintiffs, promote, transfer, assign, rescind the job offer(s), discriminate, retaliate, similar to those events as well as claims for take-home cellular phones, giving rise to the suit styled *Daniel et al v. Victor Hill et al*, Civil Action File No. 1:06-CV-0223-TWT (Northern District of Georgia);

5.

Plaintiffs, to the extent applicable, agree to dismiss or otherwise cause to be withdrawn any outstanding EEOC claims against the Clayton County Sheriff's Office, Sheriff Victor Hill and/or Clayton County as a result of any alleged claims arising out of the events giving rise to any claim for retaliation, gender, sex, race or claims giving rise to any suit mentioned herein;

6.

Within five (5) days of the entry of the Stipulated Order Of Dismissal With Prejudice of this action, Plaintiff Garland Watkins shall dismiss with prejudice the complaint filed in the Superior Court of Clayton County, State of Georgia, styled *Garland Watkins v. Victor Hill, et al*, Civil Action File No., 2006-CV-01047-7;

7.

Within five (5) days of the entry of the Stipulated Order of Dismissal With Prejudice of this action, Plaintiffs, to the extent applicable, shall dismiss with prejudice any and all remaining claims in the complaint and action filed in the Superior Court of Clayton county, styled *Holly Watkins, et al. v. Victor Hill, et al*, Civil Action No: 05-CV-236-5;

8.

Within five (5) days of the entry of the Stipulated Order of Dismissal With Prejudice of this action, Plaintiffs shall dismiss with prejudice any and all remaining claims in the complaint and action filed in the Superior Court of Clayton County, styled *Garland Watkins et al. v. Victor Hill, et al*, Civil Action No: 06-CV-276-7;

9.

Within five (5) days of the entry of the Stipulated Order of Dismissal With Prejudice of this action, the applicable Plaintiffs shall dismiss with prejudice the

matter styled *Bartlett et al v. Clayton County et al*, Civil Action File No. 1:06-CV-0211-TWT.

10.

Within five (5) days of the entry of the Stipulated Order of Dismissal With Prejudice of this action, the applicable Plaintiffs shall dismiss with prejudice the matter styled *Daniel et al v. Victor Hill et al*, Civil Action File No. 1:06-CV-0223-TWT.

11.

Within five (5) days of the entry of the Stipulated Order of Dismissal With Prejudice of this action, Clayton County, the Clayton County Board of Commissioners and any remaining plaintiffs, whether as Interveners or additional party plaintiffs, shall dismiss with Prejudice the action pending in the Superior Court of Clayton County styled *Clayton County et al v. Victor Hill*, Civil Action file No. 2005-CV-16-8. Further, the parties agree to take all steps necessary to see that any injunction or status quo orders issued in said case are extinguished as soon as possible and are no longer valid and are considered null and void thereafter.

12.

The Parties hereto expressly agree that any and all injunctions issued against Sheriff Victor Hill and the Clayton County Sheriff's Office arising out of the events

giving rise to the above-referenced litigation shall be removed and withdrawn by consent of these parties, regardless of the forum in which they were entered. Each party shall cooperate fully and as rapidly as possible to see that such orders are removed, withdrawn and eliminated and each party expressly agrees that this Order and Stipulation may be used as evidence of such in any proceeding to evidence such consent.

13.

The Parties expressly authorize this Court to vacate the Consent Order dated April 12, 2005 [ Doc. 75] and the same is hereby considered null and void as of the date of the entry of the Stipulated Order Of Dismissal of this action.

14.

It is expressly agreed and understood that the Fulton County jail contract to be executed between Sheriff Victor Hill and Clayton County shall be in effect for a minimum of a two year period unless otherwise shortened by agreement of the parties to the contract at which time the opt-out period as contemplated in Article V of the contract shall go into effect. Further, the net proceeds from such contract shall be equally split between the Clayton County Sheriff's Office and Clayton County during the duration of the contract. Such proceeds shall be distributed in accordance with the applicable laws of the State of Georgia.

Clayton County shall make available to the CCSO within ninety (90) days of entry of this Stipulation the final accounting of the amount Clayton County is expending toward the full settlement of all Plaintiffs' claims above the interpleader funds. Further, the Clayton County Financial Office shall prove the CCSO each fiscal quarter an accounting of the net proceeds received from the Fulton County jail contract.

15.

It is expressly agreed that Sheriff Victor Hill shall promote the following persons to the following positions in accordance with a negotiated settlement between all the parties and upon approval by the United States District Court, Northern District of Georgia, Atlanta Division, the Hon. Thomas W. Thrash, Jr.:

| | |
|---|---|
| Mark Harris: | Chief Deputy |
| Jon Antoine: | Major |
| Lawrence Ethridge: | Major |
| Samuel Smith: | Major |
| Chris Pigors: | Captain |
| Joseph S. Southerland: | Captain |
| Winn Rice: | Captain |
| Ronald Gardiner: | Captain |
| Robert Sowell: | Captain |
| Steven Gavel: | Captain |

16.

Defendant Cassells preserves whatever rights he may have under the Clayton

County Civil Service Act and state and/or federal law to contest his termination in the event he is terminated or to contest the appointment of Mr. Harris to the position of Chief. All parties except Defendant Cassells consent to the appointment of Mark Harris to the position of Chief Deputy.

17.

$4,490,000 of the funds previously paid into the Registry of the Court ("the interpleader fund") shall immediately be paid over to Plaintiffs' Counsel as provided in the attached Order.

18.

Clayton County shall, not later than July 27, 2007, pay to Plaintiffs' Counsel the amount of money (over and above the $4,490,000 to be paid from the interpleader fund) necessary to give effect to the Settlement Agreements executed by the Plaintiffs and the County).

19.

Any remaining defense costs and fees not previously paid shall be paid out of the funds remaining in the interpleader fund. Counsel for the defendants shall submit to the Special Master their final statement for fees within 10 calendar days of entry of the Stipulated Order Of Dismissal With Prejudice seeking approval for payment in accordance with LR 67. In the event there are insufficient funds

remaining in the interpleader fund to pay the amounts approved by the Special Master, the County shall make final payment of all outstanding defense costs and fees, as approved by the special master, within 30 days after said approval.

20.

Any funds remaining in the interpleader fund after payment of the defense costs/fees referenced above shall be paid over to the County.

**CONSENTED TO BY:**

| | |
|---|---|
| */s/ Harlan S. Miller* | */s/ John C. Stivarius, Jr.* |
| HARLAN S. MILLER, III | JOHN C. STIVARIUS, JR. |
| GA. Bar No.: 506709 | GA. Bar No.: 682599 |
| Attorney for Plaintiffs | Attorney for Victor Hill |
| MILLER & BILLIPS, P.C. | EPSTEIN BECKER & GREEN, P.C. |
| 730 Peachtree Street | 945 East Paces Ferry Road |
| Suite 750 | Suite 2700 |
| Atlanta. Georgia 30308 | Atlanta, Georgia 30327 |
| (404) 969-4101 | (404)923-9000 |
| (404) 969-4141 (fax) | (404) 923-9099 (fax) |
| Counsel for Plaintiffs | Counsel for Victor Hill and the Clayton County Sheriff's Office |

*(Signatures continue on next page)*

| | |
|---|---|
| */s/ Benton J. Mathis, Jr.* | */s/ Jack R. Hancock* |
| BENTON J. MATHIS, JR. | JACK R. HANCOCK |
| GA. Bar No.: 477019 | GA. Bar No.: 322450 |
| Attorney for Individual Defendants | Attorney for Clayton County |
| FREEMAN, MATHIS | HANCOCK & PALMER, LLC |
| & GARY, LLP | 519 Forest Parkway, Suite 100 |
| 100 Galleria Parkway, Suite 1600 | Forest Park, Georgia  32097 |
| Atlanta. Georgia 30339 | (404) 366-1000 |
| (770) 818-1400 | (404) 361-3223 (fax) |
| (770) 937-9960 (fax) | Counsel For Clayton County |
| Counsel For Defendants Cassells, | |
| Harris, S. Hill, Antoine, and Lindsay | |